```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MCCUTCHEON, et al.,            :

                Plaintiffs,    :

        v.                     :
                                       MEMORANDUM AND ORDER
COLGATE-PALMOLIVE CO, et al.,  :
                                       16-CV-4170 (LGS) (KNF)
                               :
                Defendants.
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**PLAINTIFFS' MOTION FOR SANCTIONS (DOCKET ENTRY NO. 152)**

Before the Court is the plaintiffs' motion, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, for an order sanctioning the defendants "for refusing to produce legal documents that this Court and Judge Schofield ordered Defendants to produce responsive to Plaintiffs' RFP [Request for Production] Nos. 3-6 and RFP No. 2 as voluntarily limited by Plaintiffs. *See* Dkt. 112 at 9-11 (order granting Plaintiffs' motion to compel); Dkt. 113 at 10-14 (order denying Defendants' motion for protection as to those requests); Dkt. 126 (Judge Schofield's order denying Defendants' objections to Dkt. 112); Dkt. 127 (hearing transcript before Judge Schofield during which she affirms Magistrate [Judge] Fox's October 19 order (Dkt. 112))." The plaintiffs request an order directing the defendants, "immediately," to: (1) "comply with the Court's October 19 discovery orders and Judge Schofield's December orders in affirmance"; (2) "produce documents responsive to Plaintiffs' RFP Nos. 3-6 (and any accompany [sic] privilege logs) on a rolling basis"; (3) "report to Plaintiffs and the Court within 48 hours of the issuance of a ruling in Plaintiffs' favor as to all steps Defendants are taking and will take to ensure speedy compliance and the date certain by which they anticipate their

1

document productions and logging will be complete, broken down by producing entity (*i.e.*, Defendants, Willis Towers Watson, Morgan, Lewis & Bockius LLP, and other third-parties where applicable);" and (4) "pay reasonable expenses including attorney's fees, caused by Defendants' failure to obey this Court's October 19 orders." The defendants oppose the motion.

The plaintiffs contend that the Court's and Judge Schofield's orders directed the defendants to respond fully to the plaintiffs' RFP Nos. 3-6, "without exception." However, the defendants "have not turned over a single 2011-December 2013 internal RAA [2005 Residual Annuity Amendment]-related document responsive to RFP Nos. 3-6," although they "told Plaintiffs that they have identified in Colgate's files over 1,000 RAA-related documents that they are refusing to produce or log." The plaintiffs assert that the orders are clear and unambiguous, directing production of all documents concerning the RAA, without limitations. Moreover, the defendants failed to raise "their except-for-*Colgate I* argument when they had the clear opportunity and every incentive to raise it"; rather, "they took the opposition position" before Judge Schofield "that Plaintiffs were seeking the production of all RAA-related documents 'without limitation.'" Thus, the "waiver and law of the case principles" preclude the defendants from "questioning the plaintiffs' entitlement to full compliance with RFP Nos. 3-6."
In support of their motion, the plaintiffs submitted a declaration by their attorney, Eli Gottesdiener ("Gottesdiener"), who stated, inter alia: (i) "Defendants appear based on counsel's review to have not produced any documents that were generated in the January 1, 2011 to November 30, 2013 timeframe [sic]"; (ii) "Plaintiffs and Defendants have been in the process of conferring in order to achieve Defendants' compliance with RFP No. 2"; and (iii) "Defendants' March 16, 2018 production responsive to RFP Nos. 3-6 in the possession of their former actuary,

Buck Consultant (now known as Conduent Business Services, LLC), included documents that had not previously been shared with any Defendants."

The defendants contend that they "complied with the orders when they produced the RAA-related documents Plaintiffs sought in their motion to compel," because the defendants "have or will shortly produce all documents regarding the RAA that Plaintiffs actually sought in the Motion to Compel, *i.e.*, documents regarding the administration, interpretation, and implementation of the RAA from any time period, including any responsive, non-privileged documents form the time period of *Colgate I*." The defendants assert that they "excluded from their production . . . documents generated as part of the *Colgate I* litigation," because "*Colgate I* documents" are: (a) "privileged and attorney work product"; and (b) "irrelevant to Counts I and II and are therefore not responsive." Furthermore, "reviewing producing and logging for privilege *Colgate I* materials far outweighs the needs of this action." According to the defendants, the law of the case doctrine does not apply because "the Orders did not rule that Defendants must produce documents generated as part of *Colgate I*." The defendants assert that the Court "should sanction Plaintiffs for filing this motion in bad faith."[1] In support of their opposition to the plaintiffs' motion, the defendants submitted a declaration by their attorney Brandon J. Brigham ("Brigham"), in which he stated, inter alia, that: (a) "[s]ince the time the Court issued the Orders, Defendants have devoted 400 hours to collecting, reviewing, and producing documents responsive to Plaintiffs' Request Nos. 2-6"; and (b) "Defendants have produced documents within [the 2011 to 2013] timeframe [sic] regarding the administration of the RAA."

---

[1] The defendants failed to comply with Local Civil Rules 7.1(b) of this court, requiring that "an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1)" of this court.

The plaintiffs assert, in their reply, that "[t]he sole question before the Court in this briefing is: were Defendants required to produce or log all . . . [RAA]-related documents generated between 2011 and December 2013," and the answer is that the orders directed the defendants, clearly and unambiguously, "to comply with Plaintiffs' RFP Nos. 3-6 without any limitations."

## LEGAL STANDARD

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to the orders [issued pursuant to Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(b)(2)(C).

An order is clear and unambiguous when it "leaves no uncertainty in the minds of those to whom [the order] is addressed." Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 142-43 (2d Cir. 2014) (citation omitted). "[T]he severity of sanction must be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007).

4

## APPLICATION OF LEGAL STANDARD

Although the plaintiffs in their notice of motion indicate that they seek an order imposing sanctions for the defendants' refusal to comply with the orders directing the defendants to respond fully to "RFP Nos. 3-6 and RFP No. 2 as voluntarily limited by Plaintiffs," their memorandum of law and the content of their proposed order concern "RFP Nos. 3-6," not "RFP No. 2 as voluntarily limited by Plaintiffs."

### *Whether the Orders Were Clear and Unambiguous*

The Court's October 9, 2017 order, Docket Entry No. 112, granted the plaintiffs' motion to compel and directed the defendants to "respond to the plaintiffs' RFP Nos. 2-6 on or before November 2, 2017." The defendants did not object that the Court's order, Docket Entry 112, was unclear and ambiguous. See Docket Entry Nos. 117, 118. On December 14, 2017, the defendants' objections to the Court's October 9, 2017 order, Docket Entry No. 112, were rejected and a detailed explanation was provided for the rejection by the assigned district judge, who affirmed the October 9, 2017 order granting the plaintiffs' motion to compel. See Docket Entry No. 127. The Court finds that the October 9, 2017 order, Docket Entry No. 112, and the order affirming it, Docket Entry No. 127, were clear and unambiguous.

### *Whether the Defendants Complied with the Orders, Docket Entry Nos. 112 and 127*

Gottesdiener stated in his declaration that, "based on Plaintiffs' counsel's review," the defendants "have not produced any documents that were generated in the January 1, 2011 to November 30, 2013 timeframe [sic]." Gottesdiener did not identify what documents he reviewed when he stated that, "based on Plaintiffs' counsel's review," the defendants "have not produced any documents that were generated in the January 1, 2011 to November 30, 2013 timeframe [sic]." If the defendants refused to produce documents they were directed to produce by the

5

orders, Docket Entry Nos. 112 and 117, as the plaintiffs contend in their notice of motion, no documents would exist (that were produced as a result of the orders, Docket Entry Nos. 112 and 117) to be reviewed by Gottesdiener. If, however, the defendants produced some, but not all the documents they were directed to produce by the orders, Docket Entry Nos. 112 and 117, documents would exist (that were produced as a result of the orders, Docket Entry Nos. 112 and 117) for Gottesdiener to review, supporting his statement that, "based on Plaintiffs' counsel's review," the defendants "have not produced any documents that were generated in the January 1, 2011 to November 30, 2013 timeframe [sic]." Brigham stated in his declaration that Gottesdiener's statement that "Defendants have not produced any documents from the 2011 to 2013 time period" is "incorrect" because "Defendants have produced documents within that timeframe [sic] regarding the administration of the RAA." However, Brigham did not identify in his declaration any production date(s) in support of his statements that the defendants produced documents responsive to the plaintiffs' RFP Nos. 2-6. Gottesdiener also stated in his declaration: "Defendants' March 16, 2018 production of documents responsive to RFP Nos. 3-6 in the possession of their former actuary, Buck Consultants (now known as Conduent Business Services, LLC), included documents that had not previously been shared with any Defendants." It appears from Gottesdiener's declaration that the defendants produced some documents responsive to RFP Nos. 3-6, albeit untimely. Gottesdiener's declaration is unclear and insufficient to establish that the defendants refused to produce documents they were directed to produce by the orders, Docket Entry Nos. 112 and 127. No evidence in the motion record supports the plaintiffs' assertion that the defendants failed to comply with the orders, Docket Entry Nos. 112 and 127. The Court finds that the plaintiffs did not establish that the defendants failed to comply with the orders, Docket Entry Nos. 112 and 127.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for sanctions, Docket Entry No. 152, is denied.

Dated: New York, New York  
      July 6, 2018

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE