UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                   :
REBECCA MCCUTCHEON, et al.,             :
                              Plaintiffs,    :
                                                  :          16 Civ. 4170 (LGS)
                  -against-                       :
                                                  :               **ORDER**
COLGATE-PALMOLIVE CO., et al.,          :
                                                  :
                                    Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on July 10, 2020, the Court issued an Opinion and Order (the "Opinion") granting in part and denying in part Defendants' motion for summary judgment (Dkt. No. 265). All capitalized terms in this Order are defined in the Opinion.

        WHEREAS, on July 16, 2020, the Court issued an order stating that this action was trial ready and requesting a letter from the parties regarding their preference for settlement referral (Dkt. No. 266).

        WHEREAS, on July 21, 2020, Plaintiffs filed a letter motion, requesting a pre-motion conference and seeking leave to file a motion that, in part, would obviate the need for a trial (Dkt. No. 267).

        WHEREAS, on July 27, 2020, Defendants filed a response which, in part, notes that Defendants raised reformation as a defense in their Answer (*see* Dkt. No. 49 at 123/125) and in their summary judgment motion (*see* Dkt. No. 236 at 33/42) and that the Court did not rule on this defense in the Opinion (Dkt. No. 273).

        WHEREAS both parties addressed the issue of reformation in submissions on Defendants' motion for summary judgment.

WHEREAS the omission of discussion of reformation in the Opinion was inadvertent, and it is hereby

**ORDERED** that Defendants' reformation defense is rejected as a matter of law. Defendants seek to reform the Plan to "reflect the drafters' intent" and say what they argued in their summary judgment motion, which the Court rejected as contrary to the plain meaning of the Plan: if the value of a Participant's Appendix C § 2(b)(i) annuity benefit (which is the Grandfathered Benefit) was greater than the value of the annuitized form of her PRA lump sum payment, the Participant would receive an RAA Annuity in the amount of the difference (*see* Dkt. No. 236 at 33-34/42). This argument is rejected because, so reformed, the Plan would be in violation of IRC § 417(e), which requires any lump sum payment to be no less than the actuarial equivalent of the Participant's accrued benefit expressed as a single life annuity payable at normal retirement age. I.R.C. § 417(e); *accord Esden v. Bank of Bos.*, 229 F.3d 154, 164 (2d Cir. 2000). As explained in the Opinion, the discount rate to determine the present value of the accrued benefit (annuity) is prescribed by IRC § 417(e), which at the relevant time was the PBGC rate. *See* Dkt. No. 265 at 22/32. If reformed as Defendants request, this discount rate would be the 20+1% rate, which at the relevant time was higher than the PBGC rate and therefore, if applied, would be in violation of IRC § 417(e).

Defendants' expert argues that § 417(e) does not apply. This argument is unpersuasive because he relies on an IRS notice that was issued after the calculations in question were performed. *See* I.R.S. Notice 2017-44. Also, the IRS notice by its terms (and as explained by Plaintiffs' expert) does not appear to apply to the benefit here. *See* Dkt. No. 262 at 17/38.

Dated: July 29, 2020
      New York, NY

2

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**