UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
REBECCA M. MCCUTCHEON, et al.,               :
                                             :              16 Civ. 4170 (LGS)
                               Plaintiffs,   :
           v.                                :
                                             :              **ORDER AND**
                                             :              **REVISED FINAL JUDGMENT**
                                             :
COLGATE-PALMOLIVE CO., et al.,               :
                                             :
                               Defendants.   :
------------------------------------------------------------ x

LORNA G. SCHOFIELD, District Court:

     Upon consideration of Plaintiffs' and the Class's motion for entry of a revised final

judgment as to Count II, Errors 1 and 3 of the Complaint, Defendants' opposition thereto and the

entire record herein, for the reasons set forth in the Opinion and Order filed contemporaneously

herewith, Plaintiffs' motion is **GRANTED**.

     Accordingly, the Court directs Defendants to calculate or recalculate, as the case may be,

all Residual Annuities for each member of the Class and pay the corrected Residual Annuity as

follows.  These calculations are copied verbatim from Plaintiffs' Proposed Order and Revised

Final Judgement, Dkt. 295-1, and were undisputed except for the two issues resolved in the

Court's concurrent opinion.

1) The Accrued Benefit as defined in Section 1.2 is equal to "a monthly annuity for the life
   of the Member" "commencing at Normal Retirement Age or any later date, which is the
   Actuarial Equivalent of the Member's Account as of the end of the month coinciding
   with or immediately following, as the case may be, the determination date."

   a. Age 65 as used here means "Normal Retirement Age or any later date"
   b. Original Payment Date means the first of the month in which the original lump
      sum was paid.
   c. Per section 1.3 (and based upon the effective date of the 2003 Plan, as discussed
      above) "For purposes of converting a Member's Account into a single life annuity
      payable for the life of the Member starting at Normal Retirement Date" the
      actuarial equivalence is determined using the mortality table in Appendix F with
      the 20+1% rate, for Class members with an Original Payment Date prior to March

       1, 2002, and the Applicable Interest Rate and the Applicable Mortality Table, for Class members with an Original Payment Date on or after March 1, 2002.

d. The Projection Rate is the 20+1% rate if the Original Payment Date is prior to March 1, 2002 or the Applicable Interest Rate, if the Original Payment Date is on or after March 1, 2002.

e. The Class member's Age on Original Payment is calculated as the age in completed years and months as of the Original Payment Date (*see* the Spreadsheet attached to Plaintiffs' Expert Report (Dkt. 263), "Calculations" Worksheet ("Plaintiffs' Calculations") Columns R and S).

f. The Period to age 65 is 65 minus the Age on Original Payment (*see* Plaintiffs' Calculations Column AL).

g. The Personal Retirement Account ("PRA") is the account as defined in Article 3 of the Plan Document (note that it does not include any employee contributions).

h. Age 65 Conversion Factor is the factor to convert the account into an annuity using the interest rate and mortality table that would apply to the participant, per c. above, at age 65.

i. The Accrued Benefit as defined in Section 1.2 = PRA X (1 + Projection Rate) ^ Period to age 65 / Age 65 Conversion Factor.

2) The Appendix C 2.(b)(ii) Benefit is the sum of the Accrued Benefit as defined in Section 1.2 plus any employee contributions made pursuant to Appendix C 2., converted into an age 65 annuity in the same manner as how the PRA is converted into the Accrued Benefit as defined in Section 1.2 (*i.e.*, the same calculations as in 1., but replacing the PRA with the employee contributions).

3) The Offset Amount is equal to the present value of the settlement payment from Colgate I, as of the Original Payment Date, as previously determined by Defendants (*see* Plaintiffs' Calculations Column Q).

4) The Appendix C 2.(b)(i) Benefit is the benefit determined under Appendix C 2.(b)(i), 3.(b)(i), or Appendix D (as applicable) using the same method as Defendants previously used to determine that benefit.

5) The Appendix Benefit (which is referred to in the first paragraph of the RAA as the entitlement under "Appendices B, C or D" and in the second paragraph of the RAA as "the age 65 single life annuity benefit otherwise payable to the Member under Appendices B, C or D, as applicable") is equal to the greater of the Appendix C 2(b)(i) Benefit or the Appendix C 2(b)(ii) Benefit.

6) A participant is only entitled to a Residual Annuity if the Appendix Benefit exceeds the Accrued Benefit as defined in Section 1.2 (*see* RAA, first paragraph).

7) 417(e) Rates means

a. For Class members with an Original Payment Date prior to January 1, 2000, the PBGC interest rates in effect on the Original Payment Date and the same mortality as in 1) c. above

b. For Class members with an Original Payment Date after December 31, 1999 and prior to March 1, 2002, the PBGC interest rate in effect on the Original Payment

Date and the 83 GAM mortality table (blended 50% male, 50% female) as found in Rev. Rul. 95-6

    c. For Class members with an Original Payment Date on or after March 1, 2002, the same Applicable Interest Rate and Applicable Mortality as in 1) c. above.

8) The 417(e) Discount Factor is the interest only (*i.e.*, with no mortality) discount from age 65 to the Age on Original Payment using the 417(e) Rates.

9) Age 65 417(e) Conversion Factor is the factor to convert an age 65 lump sum into an age 65 annuity using the 417(e) Rates that would apply to the participant.

10) Current Age Conversion Factor is the factor to convert a lump sum at the participant's Age on the Original Payment into an immediate annuity at the participant's Age on Original Payment using the 417(e) Rates.

11) The Age 65 AE of LS, referred to in the RAA as "the age 65 single life annuity Actuarial Equivalent amount of the Member's lump sum payment" = (the original lump sum paid + Offset Amount) / 417(e) Discount Factor / Age 65 417(e) Conversion Factor.

12) The Age 65 Residual Annuity = Appendix Benefit – Age 65 AE of LS.

13) Unadjusted Residual Annuity = Age 65 Residual Annuity X Age 65 417(e) Conversion Factor X 417(e) Discount Factor / Current Age Conversion Factor.

14) Residual Annuity is the Unadjusted Residual Annuity, adjusted for participants who were married on the Original Payment Date for payment as a Qualified Joint and 50% Survivor annuity in the same method as previously used by Defendants in 2014.

15) Initial Residual Annuity Correction = Residual Annuity – the Residual Annuity as calculated by Defendants in 2014, prior to any Cost of Living Adjustments.

16) Correction Date is the first day of the month at which the payments of the corrections commence. Note that the Correction Date may be different for different Class members due to issues such as locating the class member, or arranging how payment will be made.

17) Each Class member (or Class member's beneficiary or estate) will receive a Lump Sum Back Payment Correction, on that participant's Correction Date as a single lump sum payment equal to the sum of

    a. The sum of the Initial Residual Annuity Correction for each month from the Original Payment Date to the earlier of the month preceding the Correction Date or the month of the participant's death, with each payment increased with interest (compounded monthly) from the first day of the month for which the payment is attributable to the Correction date at 5% interest, *i.e.* in the same manner as Defendants determined the amount of back payments in 2014.

    b. For a participant who was married on the original payment date and who died prior to the Correction Date, the sum of 50% of the Initial Residual Annuity Correction for each month from the month following the participants death to the earlier of the month preceding the Correction Date or the month of the spouse's

death, with each payment increased with interest (compounded monthly) from the first day of the month for which the payment is attributable to the Correction date at 5% interest, *i.e.* in the same manner as Defendants determined the amount of back payments in 2014.

c. The sum of the same calculations in a. and b., except the Initial Residual Annuity Correction is replaced by the excess of the Second Residual Annuity Correction over the Initial Residual Annuity Correction, and the Original Payment Date is replaced with August 1, 1996 (note that if the Original Payment Date is after August 1996 then this amount is zero, because the participant would not be entitled to an August 1996 cost of living increase).

d. The sum of the same calculations in a. and b., except the Initial Residual Annuity Correction is replaced by the excess of the Third Residual Annuity Correction over the Second Residual Annuity Correction, and the Original Payment Date is replaced with September 1, 2006.

18) Each Class member will receive an annuity (except as provided in c. below) Commencing on the Correction Date, paid as follows:

a. If the participant is alive on the Correction Date, then a Residual Annuity equal to the Third Residual Annuity Correction will be paid to the participant at the beginning of each month, until the beginning of the month preceding the participants death (with 50% of that amount continuing to the participants spouse (if any, and if still alive) as of the Original Payment Date until the beginning of the month preceding the spouse's death).

b. If the participant is dead, but the participant's spouse (if any) as of the Original Payment Date is still alive, then a Residual Annuity equal to 50% of the Third Residual Annuity Correction will be paid to the participant's spouse at the beginning of each month, until the beginning of the month preceding the participant's spouse's death.

c. If both the participant and the participant's spouse (if any) are dead, then no monthly residual annuity will be payable.

19) Solely for purposes of determining the value of the total corrections, that value will equal the sum of

a. The Lump Sum Back Payment Correction, for all Class members plus

b. The value of future Residual Annuity payments, for all Class members valued using 5% interest and the static mortality table for annuitants as published by the IRS to be used for purposes of IRC Section 430.

c. For purposes of this calculation only, the Correction Date will be treated as the date as of which final judgment has been entered, all appeals exhausted and all matters resolved other than the actual payment of benefits and attorney's fees.

20) The above calculations will be performed not only for the participants included in the 2014 calculations provided to Plaintiffs by Defendants, but also for all participants who were participants in the Plan on January 1, 1989, who received a lump sum payment prior to entry of the final judgment and were not included in the 2014 calculations (note that even participants who were paid a Residual Annuity prior to 2014 (*i.e.*, were originally

4

paid a lump sum after 2005) would receive a correction under Count II Error 3).

*     *     *

As in the Court's prior orders (Dkt. Nos. 284 and 286), the relief herein is stayed until appellate remedies have been exhausted.  The obligation to file motions for attorneys' fees and expenses and to notify the Class is likewise stayed until that time and further order of the Court.

Dated: March 28, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**