*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# Notice of Motion for Preliminary Approval of Class Action Settlement and for Approval of Notice to the Class

# EXHIBIT 1

# Class Action Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **REBECCA M. McCUTCHEON and PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## CLASS ACTION SETTLEMENT AGREEMENT

Subject to approval by the United States District Court for the Southern District of New York, this Class Action Settlement Agreement ("Agreement") is entered into by and between (i) the Class Representative in the above-captioned Lawsuit for herself and on behalf of the Class as defined in **Section 1** below, and (ii) Defendants Colgate-Palmolive Co. ("Colgate"), Colgate-Palmolive Co. Employees' Ret. Income Plan (the "Plan"), the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), Laura Flavin, and Daniel Marsili (collectively, "Defendants").

## RECITALS

1. In July of 1989, the Plan was converted from a traditional defined benefit plan, which provided a benefit expressed as an annuity based on a percentage of final average pay, to a cash balance plan, which provided Plan participants with a benefit expressed as a hypothetical account, called the Personal Retirement Account ("PRA"). Plan participants could elect to receive their PRA benefit as a lump sum payment or a lifetime monthly

annuity. Some participants (still employed by Colgate at that point) had accrued benefits under the pre-1989 Plan formula (referred to as the "grandfathered formula" and benefits accrued under such formula, "grandfathered benefits"). For those who had accrued grandfathered benefits, Colgate provided them with a choice to receive a lump sum of the new cash balance benefits or an annuity of the greater of the grandfathered benefits or the new cash balance benefits.

2. In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which was intended to provide an additional benefit, in the form of an annuity, for certain Plan participants who elected to receive their benefits in the form of a lump sum after July 1, 1989 and did not receive the full value of the benefit determined under the Plan.

3. In 2007, three separate lawsuits, later consolidated and referred to as "Colgate I," were filed against certain Defendants alleging that Colgate miscalculated the pension benefits of several thousand Plan participants from July 1, 1989 when the cash balance plan was established. When Colgate I was settled in 2014, Plaintiffs released all claims except those related to the calculation of annuities under the RAA.

4. On June 3, 2016, Plaintiffs McCutcheon and Caufield brought this Litigation, which focuses on the calculation of annuity benefits under the RAA. This case has been actively litigated during the nine years since it was filed, including a motion for class certification, two motions for summary judgment, two appeals to the Second Circuit, and a petition for certiorari to the United States Supreme Court.

5. On April 4, 2025, the Second Circuit issued its second decision in this matter, *see McCutcheon v. Colgate-Palmolive Co.*, 2025 WL 1009539 (2d Cir. Apr. 4, 2025), which affirmed the District Court's April 26, 2024 order and final judgment, Dkt. No. 319, ordering Defendants to recalculate residual annuities for each Class Member according to a 20-step

process (the "April 26, 2024 Judgment"). Following the Second Circuit's decision, the Parties agreed to hold a mediation to determine whether they could resolve the remaining issues in the Litigation and avoid a further petition for certiorari to the Supreme Court and other potential delays.

6. On June 2, 2025, the Parties held a 13-hour in-person mediation with Marc Isserles of JAMS in which they agreed to settle the Litigation. The Parties continue to believe in the merits of their respective positions and were prepared to continue vigorously litigating their positions. However, they enter into this Agreement in order to avoid the risk, expense and delays of continued litigation concerning the Plan while getting the benefits contemplated by this Agreement, including a full and final resolution of any and all claims, known or unknown, that have been, could have been or might be asserted by Class Representative or Class Members against Defendants and the other Released Parties that are in any way related to, or arise out of, the Plan.

NOW THEREFORE, in consideration of the promises, covenants and releases contained in this Agreement, as well as the good and valuable consideration provided for in this Agreement, the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows:

## TERMS OF SETTLEMENT

### 1.    DEFINITIONS

As used in this Agreement, capitalized words, terms and phrases not otherwise defined in this Agreement have the meaning provided below.

      **A.**    "April 26, 2024 Judgment Benefit" is the benefit that Plaintiffs contend would result under Step 19 of the April 26, 2024 Judgment, determined reflecting only deaths prior to July 1, 2025, valued as of August 1, 2025.

**B.**     "April 26, 2024 Judgment Participant Annuity Benefit" is the monthly annuity benefit that Plaintiffs contend would result under Step 18a. of the April 26, 2024 Judgment, determined as if the Participant Class Member is alive.

**C.**     "April 26, 2024 Judgment Spouse Annuity Benefit" is the monthly annuity benefit Plaintiffs contend would result under Step 18b. of the April 26, 2024 Judgment, determined as if the Spouse Class Member is alive.

**D.**     "April 26, 2024 Judgment Value of Back Payments" is the value Plaintiffs contend would result under Step 19a. of the April 26, 2024 Judgment, reflecting back payments (sometimes referred to as missed payments) up to and including July 1, 2025, with interest to August 1, 2025.

**E.**     "April 26, 2024 Judgment Value of Future Annuity Payments" is the value Plaintiffs contend would result under Step 19b. of the April 26, 2024 Judgment, as of August 1, 2025, of any future April 26, 2024 Judgment Participant Annuity Benefit and any future April 26, 2024 Judgment Spouse Annuity Benefit.

**F.**     "April 26, 2024 Judgment Value of Participant Back Payments" is the portion of the April 26, 2024 Judgment Value of Back Payments that Plaintiffs contend are due to missed payments while the Participant Class Member was alive.

**G.**     "April 26, 2024 Judgment Value of Participant Future Annuity Payments" is what Plaintiffs contend are the value, as of August 1, 2025, of any expected future April 26, 2024 Judgment Participant Annuity Benefit payments.

**H.**     "April 26, 2024 Judgment Value of Spouse Back Payments" is what Plaintiffs contend are the portion of the April 26, 2024 Judgment Value of Back Payments that are due to missed payments to the Spouse Class Member, after the Participant Class Member's death, and while the Spouse Class Member is alive.

**I.**    "April 26, 2024 Judgment Value of Spouse Future Annuity Payments" is what Plaintiffs contend are the value, as of August 1, 2025, of any expected future April 26, 2024 Judgment Spouse Annuity Benefit payments.

**J.**    "Adjustment Factor" is a factor used to convert each benefit in Section 1.A through 1.I into the associated Estimated Benefit or Final Benefit (as applicable), subject to the Minimum Settlement Benefit as set forth in **Section 4.B.3**.

**K.**    "Agreement" means this Class Action Settlement Agreement entered into between Defendants and Class Representative, for herself and on behalf of Class Members.

**L.**    "Aggregate Participant Monthly Amount" means, for a Participant Class Member who is alive on August 1, 2025, the monthly annuity amount  specified on the Estimate and Payment Spreadsheets as the "Aggregate Participant Monthly Annuity Amount—Participant Alive," which is the total monthly annuity due to the Participant Class Member on and after August 1, 2025 (with the last payment on the beginning of the month in which the Participant Class Member dies) and is based on the sum of the monthly annuity amount the Participant Class Member is currently receiving under the Plan plus the amount of additional monthly annuity due to the Participant Class Member under this Agreement.

**M.**    "Aggregate Spouse Monthly Amount" means, for a Spouse Class Member who is alive on the later of August 1, 2025, and the date of death of the associated Participant Class Member, the monthly annuity amount specified on the Estimate and Payment Spreadsheets as the "Aggregate Surviving Spouse Monthly Annuity Amount – Participant Deceased, Spouse Alive," or "Future Aggregate Surviving Spouse Monthly Annuity Amount Starting FOM Following Participant Death-Participant Alive, Spouse

5

Alive" (as applicable) which is the total monthly annuity payable due to the Spouse Class Member on and after August 1, 2025 (or, if later, following the death of the associated Participant Class Member, and with the last payment on the beginning of the month in which the Spouse Class Member dies) and is based on the sum of the monthly annuity amount the Spouse Class Member is currently receiving under the Plan (or, if the associated Participant Class Member is alive on July 1, 2025, the portion of the associated Class Member's current monthly payment that would be paid to the Spouse Class Member following the Participant Class Member's death) plus the amount of additional monthly annuity due to the Spouse Class Member under this Agreement.

      **N.**     "Approval Date" has the meaning provided in **Section 12.C**.

      **O.**     "Class" means a non-opt-out class consisting only of the individuals (both the Participant and the Spouse, if any) identified on Attachment A to this Agreement, which reflect the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the following class definition previously certified by the Court (ECF No. 75):

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

      **P.**     "Class Counsel" means the following attorney, whom the Court appointed as Class Counsel under Fed. R. Civ. P. 23(g) pursuant to an order in the Litigation dated July 27, 2017:

> Eli Gottesdiener
> Gottesdiener Law Firm, PLLC
> 498 7th Street
> Brooklyn, NY 11215

**Q.**   "Class Counsel's Fees" means the attorneys' fees, costs, and expenses in connection with this Litigation that Class Counsel seeks and will submit for consideration and approval by the Court pursuant to Fed. R. Civ. P. 23(h). Class Counsel's Fees approved by the Court shall be paid to Class Counsel as provided in Section 11.A. Class Counsel's Fees will count toward the Total Settlement Amount as set forth in Section 2. Class Counsel's Fees consist of two components: (1) attorneys' fees; and (2) litigation costs and expenses. The attorneys' fees component of Class Counsel's Fees shall not exceed 29% of the Total Settlement Amount. The litigation costs and expenses component of Class Counsel's Fees shall not exceed $2.9 million. Settlement Administration Costs are not part of the costs or expenses of Class Counsel Fees. Defendants shall take no position as to Class Counsel's motion for attorneys' fees, costs, and expenses, or as to the request for a Class Representative Service Award or reimbursement of Settlement Administration Costs. Class Counsel and Ms. McCutcheon shall not argue or imply that the fact that Defendants take no position on their requests should be taken as tacit consent or agreement as to their reasonableness.

**R.**   "Class Members" collectively, or "Class Member" in the singular, mean the members of the Class, including both the Participant Class Members and the Spouse Class Members, as identified in Attachment A.

**S.**   "Class Notice" means, collectively, the Mailed Notice and Publication Notice provided to Class Members under the procedures provided in **Section 7**.

**T.**   "Class Representative" means Rebecca McCutcheon who was appointed the sole representative of the Class in the Court's July 27, 2017 Class Certification Order. ECF No. 75.

**U.** "Class Representative's Service Award" means the monetary amount awarded by the Court to the Class Representative in recognition of her assistance in the prosecution of this Lawsuit, for which Class Counsel will seek an amount not exceeding $10,000.00. No service award shall be paid with respect to any other Class Member. Class Representative's Service Award will count toward the Total Settlement Amount, and Defendants otherwise will have no liability or responsibility for such award.

**V.** "Code" means the Internal Revenue Code of 1986, as amended, and the regulations thereunder.

**W.** "Colgate I" means the action filed on October 24, 2007 and consolidated with two other cases, in the United States District Court for the Southern District of New York captioned *In re Colgate-Palmolive Co. ERISA Litigation*, Master File No. 07-cv-9515.

**X.** "Confidential Data" has the meaning provided in **Section 22**.

**Y.** "Court" means the United States District Court for the Southern District of New York.

**Z.** "Data" has the meaning provided in **Section 4.D.**

**AA.** "Defendants" means Colgate-Palmolive Co., the Plan, the Committee, Laura Flavin, and Daniel Marsili.

**BB.** "Defendants' Counsel" means:

Robert S. Newman
Nicholas O. Pastan
Covington & Burling LLP
850 Tenth St. NW
Washington, D.C. 20001

**CC.** "<u>Effective Date</u>" means the date on which the Agreement becomes effective, which shall be the first date after all of the following events and conditions have been met or have occurred:

1. Class Representatives, Class Counsel, Defendants, and Defendants' Counsel have all executed this Agreement;

2. The Court has entered the Preliminary Approval Order in the form attached as **Exhibit 1**, or the Court has entered an alternate form of an order preliminarily approving the Settlement that the Parties have agreed in writing will constitute the Preliminary Approval Order;

3. The Court has entered the Final Order and Judgment approving this Agreement and dismissing this action with prejudice in the form attached as **Exhibit 2** or the Court has entered an alternate form of a final order and judgment that the Parties have agreed in writing will constitute the Final Order and Judgment;

4. The time for any motions for reconsideration, motions for rehearing, appeals and/or petitions for certiorari in the Litigation has expired without the filing of any such motions, appeals and/or petitions for review, or, if a motion for reconsideration, motion for rehearing, appeal and/or petition for certiorari is filed, the date upon which all proceedings based on such motions, appeals and/or petitions for certiorari have been finally terminated in such a manner as to permit no further judicial action and with the Final Order and Judgment having been affirmed in the form entered by the Court provided that affirmance on appeal of a final order and judgment that is other than in the form entered by the Court shall constitute an affirmance of the Final Order and Judgment, even if the order on appeal modifies Class Counsel's Fees, the Class Representative's Service Award and/or Settlement Administration Costs, as long as such

modification does not impose any obligations on Defendants to pay any sums in excess of the Total Settlement Amount.

DD.     "Enrolled Actuary" means the actuary described in **Section 4.A**.

EE.     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, and the regulations thereunder.

FF.     "Estimate Spreadsheet" has the meaning provided in **Section 5** and is attached as **Attachment A**.  The Estimate Spreadsheet is an Excel spreadsheet with the following columns:

1.     a personal identification number assigned to the Participant Class Member;

2.     the Participant Class Member's social security number;

3.     the Participant Class Member's name;

4.     the Participant Class Member's form of payment (*i.e.*, SLA (for straight life annuity) if the Participant Class Member has no Spouse, and QJSA (for Qualified Joint and Survivor Annuity) if the Participant Class Member has a Spouse)

5.     Spouse Class Member's social security number (for the Spouse of the listed Participant Class Member);

6.     the Spouse Class Member's name;

7.     the April 26, 2024 Judgment Benefit;

8.     the April 26, 2024 Judgment Participant Annuity Benefit;

9.     the April 26, 2024 Judgment Spouse Annuity Benefit;

10.     the April 26, 2024 Judgment Value of Back Payments;

11.     the April 26, 2024 Judgment Value of Future Annuity Payments;

12.     the April 26, 2024 Judgment Value of Participant Back Payments;

         13.     the April 26, 2024 Judgment Value of Participant Future Annuity Payments;

         14.     Aggregate Participant Monthly Annuity Amount—Participant Alive;

         15.     Aggregate Surviving Spouse Monthly Annuity Amount – Participant Deceased, Spouse Alive;

         16.     Future Aggregate Surviving Spouse Monthly Annuity Amount Starting FOM Following Participant Death-Participant Alive, Spouse Alive;

         17.     the April 26, 2024 Judgment Value of Spouse Back Payments;

         18.     the April 26, 2024 Judgment Value of Spouse Future Annuity Payments;

         19.     Each of the benefits in FF.7. through FF.13., FF.17 and FF18, converted into an Estimated Benefit in the manner described in **Section 4.B.;** and

         20.     the Class Member's last known address.

    **GG.**    "Estimated Benefit" means the benefit as determined under **Section 4.B.,** based upon the Data and based upon (1) Class Counsel's Fees; (2) the Class Representative's Service Award; and (3) the Settlement Administration Costs being the maximum allowable charges under the Agreement.

    **HH.**    "Fairness Hearing" means the hearing at which the Court will consider whether to give final approval to the Settlement, consider an award of Class Counsel's Fees, a Class Representative's Service Award and Settlement Administration Costs, enter the Final Order and Judgment, and make such other final rulings as are contemplated by this Agreement.  The Parties will seek to set the Fairness Hearing for a date promptly after the filing of the motion for a Preliminary Approval Order, but in no event shall the Fairness Hearing be set less than 90 days after the last date on which the notice under the Class Action Fairness Act ("CAFA") is provided as described in **Section 44**.

**II.**     "Final Benefit" means the actual benefit to be paid to a Class Member as determined under **Section 4.C**.

**JJ.**     "Final Benefit Recipient" means the Class Member (or, in the event the Class Member is deceased, the Class Member's Successor), to whom a Final Benefit is payable.

**KK.**     "Final Order and Judgment" means the final order and judgment by which the Court, at or after the Fairness Hearing, approves this Agreement, dismisses all of the claims of Class Members with prejudice, enters a final judgment in accordance with this Agreement, and makes such other final rulings as are contemplated by this Agreement. The Final Order and Judgment shall be in the form attached as **Exhibit 2.** Notwithstanding the foregoing, the entry of a final order and judgment that is other than in the form attached as **Exhibit 2** shall constitute entry of a Final Order and Judgment if the Parties so agree in writing. In addition, the entry of a final order and judgment that is other than in the form attached as **Exhibit 2** shall constitute entry of a Final Order and Judgment even if the Court denies or modifies a request for Class Counsel's Fees, Class Representative's Service Award and/or Settlement Administration Costs, as long as such modification does not impose any obligations on Defendants to pay any sum in excess of the Total Settlement Amount or any other obligations on Defendants not set forth in this Agreement.

**LL.**     "Litigation" means the above-captioned litigation filed in the United States District Court for the Southern District of New York, Case No. 16-cv-4170 (LGS).

**MM.**     "Mailed Notice" means the Court-approved notice which will be mailed to all Class Members informing them of this Agreement in the form attached as **Exhibit 3A-**

**F**.  Defendants' Counsel and Class Counsel shall cooperate with the Notice Administrator to ensure the best practicable Mailed Notice is mailed in a timely and accurate manner.

**NN.**    "Minimum Settlement Benefit" means a minimum total value of $1,000 to be used in the manner described under **Section 4.B.3**.

**OO.**    "Notice Administrator" means the person or entity whom the Court shall appoint in the Preliminary Approval Order to be responsible for providing Mailed Notice to Class Members and publishing the Publication Notice.  The Class Representative, by and through Class Counsel, shall be responsible for selecting the Notice Administrator to propose to the Court for approval, subject to approval of Defendants, which shall not be unreasonably withheld.

**PP.**    "Notice Costs" means collectively all costs associated with the Mailed Notice and the Publication Notice, including all costs incurred by the Notice Administrator to identify all potential Class Member Successors and current mailing addresses and other contact information for any Class Member or potential Class Member Successor and to collect information from forms received in response to notices as set forth in this Agreement.  Notice Costs constitute part of Settlement Administration Costs.

**QQ.**    "Participants" collectively, or "Participant" in the singular, mean an individual who is or was a Plan participant.

**RR.**    "Parties" means, collectively, (1) Defendants and (2) Class Representative, by and through her attorney, on behalf of herself and all Class Members. Individually, each of the Parties is a "Party."

**SS.**    "Payment Commencement Date" means, with respect to a Class Member, the date on which the Final Benefit payable to the Class Member actually begins to be paid.

**TT.** "Payment Spreadsheet" means the update to the Estimate Spreadsheet prepared by the Enrolled Actuary that reflects the Final Benefits of each Final Benefit Recipient pursuant to the Plan of Allocation's methodology described in **Section 4**, with any changes that are required as a result of either the mutual agreement of Plaintiffs and Colgate pursuant to **Section 12** or the dispute resolution procedures of **Section 13**.

**UU.** "Plan" means the Colgate-Palmolive Company Employees' Retirement Income Plan, as has been or may be amended from time to time, and any successor thereto.

**VV.** "Plan Amendment" has the meaning provided in **Section 17**.

**WW.** "Plan of Allocation" means the procedures set forth in **Section 4** that will be used to determine the Estimated Benefits and Final Benefits for each Class Member or Final Benefit Recipient on the Estimate Spreadsheet and the Payment Spreadsheet.

**XX.** "Potential Successor" is a person who may reasonably be a Successor. Once the actual Successor(s) is identified, references to Potential Successors herein shall be construed as references to actual Successors, *i.e.,* "Successors."

**YY.** "Preliminary Approval Order" means an order in the form attached as **Exhibit 1**, or an alternate form of an order preliminarily approving the Settlement that the Parties have agreed in writing will constitute the Preliminary Approval Order.

**ZZ.** "Publication Notice" means the Court-approved notice for publication to Class Members in the form attached as **Exhibit 4**.

**AAA.** "Residual Annuity Amendment" means the 2005 amendment to section 6.4(a)(1) of the Plan, effective as of July 1, 1989, and any amendments thereto.

**BBB.** "Released Claims" is defined in **Sections 3.C** through **3.**G.

**CCC.** "Released Parties" is defined in **Section 3.A**.

DDD.  "Releasors" is defined in **Section 3.B**.

EEE.  "Second Circuit" means the United States Court of Appeals for the Second Circuit.

FFF.  "Settlement" means the settlement embodied in this Agreement.

GGG.  "Settlement Administration Costs" means the costs and fees incurred by Class Counsel on behalf of the Class Representative and Class Members in connection with carrying out the terms of this Agreement, including, but not limited to, the Notice Costs and the costs of hiring and paying the Enrolled Actuary to implement the Plan of Allocation and perform all calculations regarding Estimated Benefits and Final Benefits. All Settlement Administration Costs will count toward the Total Settlement Amount. Settlement Administration Costs shall not exceed $150,000.  In the event Settlement Administration Costs exceed $150,000 the excess amounts will be the responsibility of Class Counsel.

HHH.  "Settlement Benefits Fund" means the Total Settlement Amount less (1) the amount of Class Counsel's Fees approved by the Court; (2) the Class Representative's Service Award approved by the Court; and (3) the total amount of the Settlement Administration Costs approved by the Court.

III.    "Spouse" means the Participant Class Member's spouse, as defined under the terms of the Plan, and determined as of the annuity starting date as of which the Participant Class Member's lump sum distribution from the Plan was previously paid, provided that such spouse is identified on Attachment A.

JJJ.   "Successor" means, with respect to a payment, the open estate of the deceased Participant Class Member or deceased Spouse Class Member.  If an estate is not open, and the Final Benefit owed to a deceased Class Member is less than $25,000, the

Plan may, in its sole discretion, designate as a "Successor" the individual or individuals determined by the Plan, in its sole discretion, who are responsible for the affairs of the deceased Class Member, or are otherwise due the payment in accordance with the relevant state's applicable small estates procedures. Any determination by the Plan of the Successor in the case of an estate that is not open shall be final and binding, and the Plan's payment in accordance with that determination shall fully discharge the Defendants' obligation to pay such Final Benefit. The plan administrator for the Plan is entitled to rely on representations made and information provided to it in making such determinations, including any information provided by a Class Member or Potential Successor. Note that the Participant Class Member and the Spouse Class Member may have different Successors.

**KKK.** "Successor Information Form" means the form attached hereto as **Exhibit 6**. The Successor Information Form must be properly completed and submitted, together with all required documentation, to the Plan in the manner indicated in the Successor Information Form.

**LLL.** "Total Settlement Amount" has the meaning provided in **Section 2**.

## 2.     TOTAL SETTLEMENT AMOUNT

**A.**     The Total Settlement Amount is Three Hundred Thirty-Two Million Dollars ($332,000,000). This is the total value of the amounts to be paid in settlement. Class Counsel's Fees, Settlement Administration Costs, Class Representative's Service Award and the Settlement Benefits Fund will constitute the Total Settlement Amount. Pursuant to this Agreement, there shall be no obligation for Defendants to pay anything to Class Counsel, the Class Representative, Class Members or the Notice Administrator in excess of the Total Settlement Amount. The Total Settlement Amount is in

consideration for the dismissal with prejudice of the Litigation and the full and final release of Released Claims by Class Representative, Class Members, and other Releasors as set forth in **Section 3** below and in full and complete satisfaction of all of Class Representative's, Class Members' and the other Releasors' Released Claims against the Defendants and any of the other Released Parties.  The Plan is independently responsible for its own administration costs (to the extent not otherwise expressly provided in this Agreement), which shall not increase or be deducted from the Total Settlement Amount.

B.      The Parties intend and agree that the Plan's payment of Final Benefits shall constitute payment of Plan benefits.  The Parties intend and agree that all payments made from the Total Settlement Amount, if any, other than Final Benefits, shall constitute payment of reasonable administrative expenses of the Plan and that the Plan shall pay such expenses, except to the extent that Colgate, in its sole discretion, decides to pay such Plan expenses. No Final Benefit under this Agreement shall be due to any Class Member (or Successor of such a Class Member) who is not a Final Benefit Recipient on the Payment Spreadsheet or, in the circumstance described in the second sentence of **Section 12.A**, a Successor of a Final Benefit Recipient on the Payment Spreadsheet.

3.      **RELEASE**

A.      "Released Parties" means Defendants Colgate, the Plan, the Plan Sponsor, the Committee, Laura Flavin, and Daniel Marsili, and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, owners, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or persons acting or purporting to act on their behalf.

17

**B.**     "Releasors" means Class Representative, all Class Members, all Successors and anyone acting on their behalf or interest, together with their respective successors, assigns, beneficiaries, alternate payees, dependents, heirs, administrators, executors, estates, personal trustees, custodians, personal agents, advisors and representatives of any kind.

**C.**     Upon the Effective Date, all Releasors each covenant not to sue and fully and forever releases and discharges with prejudice the Released Parties from any and all past, present and future claims, causes of action, demands, liability, obligations, remedies, and/or rights whatsoever that were asserted or could have been asserted in this Litigation, whether actual or potential, known or unknown, concealed or hidden, accrued or not, vested or not, liquidated or otherwise, whether contractual, statutory, or based in common law or in equity or arising under any Federal, State, local, or foreign law, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment ("Released Claims"). The Released Claims include, but are not limited to:

1.     any and all claims that were asserted or could have been asserted in this Litigation;

2.     any and all claims relating in any way to the sufficiency or accuracy of lump sum payments, annuity payments, or other Plan distributions, and any and all claims relating in any way to, or arising out of, lump sum, annuity payments, or other Plan distributions;

3.     any and all claims relating in any way to, or arising out of, the Residual Annuity Amendment, including, but not limited to, its interpretation, administration, or implementation;

4.      any and all "whipsaw" claims, any and all claims pursuant to, or arising out of, section 204 of ERISA, any and all claims regarding benefit accruals or benefit accrual rates;

5.      any and all claims that the Plan, by its terms, implementation, administration or amendment, violates or violated ERISA, the Code or any other source of law;

6.      any and all claims relating in any way to, or arising out of, the amendment of the Plan to become a cash balance plan and/or the administration, interpretation or application of the Plan as a result of that amendment, including, but not limited to, how lump sum payments, annuity payments, or other Plan distributions were calculated or paid;

7.      any and all claims relating in any way to or arising out of disclosures or communications relating in any way to the Plan that Class Members or the other Releasors did or did not receive, and any and all claims relating in any way to or arising out of any summary plan descriptions issued by or on behalf of the Plan;

8.      any and all claims that any fiduciary of the Plan breached his, her or its fiduciary obligations in any way, including but not limited to, in connection with how lump sum payments were calculated, communicated, paid or administered, or how annuity payments were calculated, communicated, paid, or administered;

9.      any and all claims in connection with, or in any way arising out of, the terms of this Agreement or its implementation;

10.      any and all claims arising out of or relating in any way to the prosecution or defense of this Litigation, including, but not limited to, any claims that this

Agreement or any aspect of its structure, terms or implementation violates any applicable law or rights of any Class Representative, Class Members, Successors or other Releasors;

11.    any and all claims arising out of, or relating in any way to, the Settlement of this Litigation, including, but not limited to, any claims regarding (i) the preparation, design, adoption or implementation of the Plan of Allocation; (ii) the determination of who is a Class Member or Final Benefit Recipient; (iii) the preparation of the Estimate Spreadsheet or the Payment Spreadsheet; (iv) the preparation, structuring and/or implementation of the methodology for calculating Estimated Benefits and Final Benefits and for paying benefits pursuant to this Agreement; (v) the calculation of Estimated Benefits and Final Benefits, the payment of Final Benefits, and/or action taken to implement or comply with the terms of this Agreement or any orders of the Court regarding this Agreement; (vi) the form, content, or method of delivery of any Mailed Notice, Publication Notice, benefit notices, claim forms and consents and/or other disclosures distributed in connection with this Agreement; and (vii) the tax withholding or tax reporting in connection with any payments made pursuant to this Agreement;

12.    any and all claims for recovery of attorneys' fees, costs or expenses of any kind;

13.    any and all claims relating to the litigation or Settlement of Colgate I, including the implementation of the settlement agreement in Colgate I, including (i) the identification and preparation of data for such settlement; (ii) determination of class members; (iii) calculation of settlement benefits under the settlement agreement; (iv) payment of settlement benefits under the settlement agreement, and (v) any actions taken to comply with the terms of the settlement agreement.

**D.**     The Released Claims include, but are not limited to, claims arising out of law or equity under federal, state, local or foreign law. The Released Claims also include, but are not limited to, known or unknown claims, foreseen or unforeseen claims, actual or contingent claims, and liquidated or unliquidated claims. The Released Claims also include, but are not limited to, claims arising out of a statute, ordinance, regulation, constitutional provision, common law, contract, the terms of the Plan, including all amendments, or any other source. The Released Claims also include, but are not limited to, claims that have been or could have been brought in court or before any administrative agency or in any other forum whatsoever including, but not limited to, any forum provided for by the administrative claims procedures under the Plan. The Released Claims also include, but are not limited to, claims for damages or other remedies, including, but not limited to, additional benefits from the Plan, interest, equitable relief, injunctive relief, or compensatory, punitive or exemplary damages.

**E.**     The Releasors agree that, to the extent that the Plan Sponsor amends or modifies the Plan in any way after the date that Class Representative, Class Counsel, the Plan, and Defendants' Counsel execute this Agreement (other than with respect to the Plan Amendment), such an amendment or modification shall have no effect on the Released Claims or in any way limit or modify the scope of the release set forth in this Agreement.

**F.**     Releasors acknowledge that the Released Claims include suspected and unsuspected claims and they are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, including, but not limited to, those with respect to the allegations and subject matters in this Litigation, or that concern or

relate in any way to the Plan, including, but not limited to, the sufficiency or accuracy of payments from the Plan.  It is the intention of Releasors to fully, finally, and forever settle all Released Claims which exist, hereafter may exist, or might have existed, whether or not previously or currently asserted in this Litigation and whether or not arising from new facts or facts found hereafter to be other than, or different from, the facts now believed to be true, , and that this release contemplates the extinguishment of any such claim or claims.  The Releasors expressly waive any right to assert hereafter that any claims were excluded from this Agreement through ignorance, oversight, error or otherwise.

      **G.**     The Class Representative and Class Counsel expressly acknowledge and attest that they are not aware of any legal or equitable claims that can be brought against the Released Parties related to the Plan or otherwise.

      **H.**     Releasors expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which limit the effect of a release to those claims or matters actually known or suspected to exist at the time of executing the release.  Released Claims include any rights under Section 1542 of the Civil Code of the State of California, and any federal law, any law of any state or territory of the United States, or any principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542, which reads as follows:

      **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

      Releasors expressly waive all rights under Section 1542 of the Civil Code of the State of California or any similar, comparable or equivalent laws.  Releasors acknowledge that they may have Released Claims that are covered by the terms of this

Agreement that they have not yet discovered. Releasors acknowledge that they intend to release any and all such unknown or unsuspected Released Claims. To the extent that California or other law may be applicable and enforceable, Releasors hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Releasors, and Releasors agree and acknowledge that this provision is a material term of this Agreement and release. By including this paragraph in this Agreement, the Parties do not admit or agree that California or any other state law referred to in this paragraph applies to this Agreement, which is governed by the laws of the State of New York as specified in **Section 42**.

      **I.**      Each Released Party who is not Colgate, the Plan, the Plan Sponsor, the Committee, Laura Flavin, or Daniel Marsili is an intended beneficiary of this Agreement and is entitled to enforce the release contained in this Agreement.

      **J.**      Releasors are precluded and estopped from bringing in the future any Released Claims, and they expressly agree that they, acting either individually or in combination with others, will not threaten, initiate, maintain, prosecute, sue or assert any Released Claims in any action or proceeding of any kind against any Released Party.

      **K.**      Releasors further agree that no third parties shall bring any Released Claims on behalf of any Releasor against any Released Party. Should any third party do so, Releasors shall take all necessary action to secure the prompt dismissal with prejudice of any such claim.

      **L.**      This release may be raised as a complete defense to, and will preclude, any claims, actions and/or proceedings that are encompassed by this release. The Parties

intend that the terms of the release provided by this Agreement are to be broadly construed in favor of the Released Parties and in favor of the complete resolution of all Released Claims.

**M.**     Upon the Effective Date, the Parties agree that the Releasors and all other persons and entities claiming by, through, or on behalf of them will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any judicial, arbitral, or regulatory action against the Released Parties with respect to any of the Released Claims.

**N.**     Upon or after the Effective Date, if any Releasor commences, files, initiates, or institutes any new action or other proceeding for any of the Released Claims against any of the Released Parties in any federal or state court, arbitration tribunal, or administrative or other forum, such action or other proceeding shall be dismissed with prejudice and at the cost (including, but not limited to, attorneys' fees, costs and expenses) of the Releasor bringing the action or proceeding.  Furthermore, if any Released Party brings any legal action before any court or arbitration, regulatory agency, or other tribunal to enforce its rights under this Agreement, such Released Party shall be entitled to recover any and all related costs (including, but not limited to, attorneys' fees, costs and expenses) from any Releasor who violates or breaches its obligation under this **Section 3**.

**O.**     The provisions of this release shall be incorporated into the Final Order and Judgment.

**P.**     This release extends to all Releasors, including, but not limited to, those Class Members whose Mailed Notice was returned as undeliverable for any reason and

for whom the Notice Administrator cannot locate a forwarding address using the procedures for the Mailed Notice described in this Agreement.

**Q.**    This release is in addition to, and without limitation of, the preclusive effect of the Final Order and Judgment.

**R.**    Except as otherwise provided herein, nothing in this release shall preclude any action to enforce the terms of this Agreement.

## 4.    PLAN OF ALLOCATION

**A.    Overview**.    The Estimated Benefit and Final Benefit for each Class Member or Final Benefit Recipient in the Estimate Spreadsheet and Payment Spreadsheet shall be calculated pursuant to this Agreement's Plan of Allocation by an enrolled actuary engaged by Class Counsel (the "Enrolled Actuary"), which Plan of Allocation is to be implemented uniformly, consistently and reasonably by Class Counsel, the Class Representative, and the Enrolled Actuary.    The Enrolled Actuary shall rely upon the Data.

**B.    Calculation of Estimated Benefits.**    The calculation of each Class Member's Estimated Benefit is set forth in the Estimate Spreadsheet.    The Estimated Benefits were calculated using the following steps:

1.    Determine for each Participant Class Member (and the associated Spouse Class Member, if applicable) the April 26, 2024 Judgment Benefit.

2.    Assume the Settlement Benefits Fund is based upon the maximum charges under Section 1.Q, 1.U and 1.GGG.

3.    Determine an Adjustment Factor such that the aggregate total of the April 26, 2024 Judgment Benefit times the Adjustment Factor, with that product

25

increased to be not less than the Minimum Settlement Benefit for each Class Member is equal to the Settlement Benefits Fund.

        4.        Calculate the Estimated Benefits to be paid as follows:

        a)        The estimated April 26, 2024 Judgment Value of Participant Back Payments is the amount equal to the greater of A) the April 26, 2024 Judgment Value of Participant Back Payments times the Adjustment Factor or B) the i) Minimum Settlement Benefit reduced by ii) the value of any amounts under Section 1.G. through 1.I. multiplied by the Adjustment Factor. This estimated amount (when finalized) will be paid to the Participant Class Member if the Participant Class Member is alive, or to the Participant Class Member's Successor, if the Participant Class Member is not alive.

        b)        The estimated additional missed April 26, 2024 Judgment Participant Annuity Benefit payments is the amount equal to the April 26, 2024 Judgment Participant Annuity Benefit multiplied by the Adjustment Factor, times the number of months, starting with August 1, 2025 and ending with the month before the month of the Payment Commencement Date, in which the Participant Class Member is alive on the first day of the month. This estimated amount (when finalized) will be paid to the Participant Class Member if the Participant Class Member is alive, or to the Participant Class Member's Successor, if the Participant Class Member is not alive.

        c)        The estimated monthly annuity payments made to the Participant Class Member will be in an amount equal to the Aggregate Participant Monthly Amount representing the sum of the estimated April 26, 2024 Judgment Participant Annuity Benefit multiplied by the Adjustment Factor plus the amount designated as the current monthly amount being paid from the Plan. This estimated amount (when finalized) will be paid to the Participant Class Member on the first day of each month in which the Participant Class Member is alive on the first day of the month beginning on the Payment Commencement Date.

        d)        The estimated April 26, 2024 Judgment Value of Spouse Back Payments is the amount equal to the April 26, 2024 Judgment Value of Spouse Back Payments times the Adjustment Factor. This estimated amount (when finalized), if any, will be paid to the Spouse Class Member

if the Spouse Class Member is alive, or to the Spouse Class Member's Successor, if the Spouse Class Member is not alive.

e)      The estimated additional missed April 26, 2024 Judgment Spouse Annuity Benefit payments is the amount equal to the April 26, 2024 Judgment Spouse Annuity Benefit multiplied by the Adjustment Factor, times the number of months, starting with August 1, 2025 and ending with the month before the Payment Commencement Date, in which the Participant Class Member is not alive on the first day of the month but the Spouse Class Member is alive on the first day of the month. This estimated amount (when finalized) will be paid to the Spouse Class Member if the Spouse Class Member is alive, or to the Spouse Class Member's Successor, if the Spouse Class Member is not alive.

f)      The estimated monthly annuity payments made to the Spouse Class Member will be in an amount equal to the Aggregate Spouse Monthly Amount representing the sum of the April 26, 2024 Judgment Spouse Annuity Benefit multiplied by the Adjustment Factor plus the current monthly amount designated as being paid from the Plan (or, if the associated Participant Class Member is alive on the Participant Class Member's Payment Commencement Date, the portion of the amount designated as the associated Class Member's current monthly payment that would be paid to the Spouse Class Member following the Participant Class Member's death).  This estimated amount (when finalized) will be paid to the Spouse Class Member on the first day of each month in which the Participant Class Member is not alive on the first day of the month but the Spouse Class Member is alive on the first day of the month beginning on the Payment Commencement Date.

C.      **Calculation of Final Benefits.**  The Final Benefits shall be set forth in the Payment Spreadsheet.  The Final Benefits are calculated in the same manner as the Estimated Benefits in **Section 4B**, above, except that the Settlement Benefits Fund amount shall be based on the actual amount of Class Counsel's Fees, the Class Representative's Service Award, and the Settlement Administration Costs awarded.  If the maximum amounts of such fees, service award, and costs are awarded, the Final Benefits shall be the estimated amounts determined in **Section 4B**.

**D.    Availability of Data**.    Notwithstanding any other provision of the Agreement, membership in the Class and the calculation of the Estimated Benefits and Final Benefits described in this Agreement are based on the data that is reasonably available to the Parties, as reflected in the calculations in the Estimate Spreadsheet and Payment Spreadsheet (the "Data").    The Parties agree that the Estimate Spreadsheet and Payment Spreadsheet will be deemed to be accurate and complete, and no Party will be considered to fail to comply with this Agreement merely because the Final Benefits paid by the Plan are determined based on the Data (and without regard to any other data).

5.    **CALCULATION OF CLASS MEMBERS' ESTIMATED BENEFITS**

**A.    Calculations by Enrolled Actuary**.    Based on the Data, the Enrolled Actuary has prepared the Estimate Spreadsheet, which lists each Class Member's Estimated Benefits as provided in **Section 4**, based on the assumption that the Court will award the maximum possible Class Counsel's Fees, Class Representative's Service Award and Settlement Administration Costs allowed by this Agreement.    All Parties have reviewed and approved the calculations contained on the Estimate Spreadsheet.    The Parties, through Class Counsel, will file a letter motion with the Court requesting that the Estimate Spreadsheet be filed under seal with the Court to protect the privacy of Class Members.    The Estimate Spreadsheet is the result of negotiations among the Parties, and the Parties agree that the calculations reflected on the Estimate Spreadsheet are the result of the application of a reasonable methodology to determine Estimated Benefits.    No changes may be made to the Estimate Spreadsheet except pursuant to **Section 12**.

6. **SUPPORT FOR APPROVAL OF SETTLEMENT**

**A.**    The Parties agree to seek approval of this Agreement by the Court.    Class Counsel and Class Representative agree to recommend approval of the Settlement to all

Class Members.  The Parties agree to undertake their best efforts, including all steps that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of this Agreement, to secure the Court's approval, and to oppose any objections to, appeals from, or challenges to the Preliminary Approval Order and Final Order and Judgment contemplated by this Agreement.

B.      As soon as reasonably practicable after the signing of this Agreement, but only after affording Defendants the opportunity for review, Class Representative shall submit this Agreement, including all attached Exhibits and Attachment A, to the Court along with a Motion and Memorandum in Support of Preliminary Approval of Proposed Settlement, and Approval and Direction of Notice Plan ("Motion for Preliminary Approval"), that would ask the Court to, for settlement purposes only:

1.      Preliminarily approve this Agreement under Federal Rule of Civil Procedure 23(e);

2.      Approve the proposed notice plan and forms of Notices for Class Members and the CAFA Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715; and

3.      Schedule a final Fairness Hearing.

C.      The Parties will seek to obtain a Preliminary Approval Order in the form attached as **Exhibit 1**.  If Defendants find one or more statements contained in or omitted from Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Approval objectionable or problematic, Defendants have the right to instruct Plaintiffs to state in the Motion for Preliminary Approval and in the Memorandum in Support of the Motion that although Defendants concur that the proposed Preliminary Approval Order should be entered and the proposed Mailed and Publication Notices should be approved,

29

Defendants do not join in the Memorandum. The letter motion to seal referenced in **Section 5.A** of this Agreement will be filed by the Parties, through Class Counsel, prior to or at the same time as the Motion for Preliminary Approval.

7.       **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

The Parties will recommend to the Court that Class Notice to Class Members of this Settlement be provided as follows, which the Parties agree is sufficient under applicable law, including the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution:

      A.      Within five (5) business days of entry of the Preliminary Approval Order, the Enrolled Actuary and/or Class Counsel will provide the Notice Administrator with a copy of the Estimate Spreadsheet in Excel format. Before mailing the Mailed Notice, the Notice Administrator will update the addresses of the Class Members by performing a search of the U.S. Postal Services National Change of Address database and conduct searches designed to identify all Potential Successors in the case of Participant Class Members and Spouse Class Members known or believed to be deceased. Both before and after mailing the Mailed Notice, to the extent practicable, the Notice Administrator will determine whether any Participant Class Member or Spouse Class Member is deceased and, if so, the identity and location of Successor(s) for purposes of notice. The Parties shall have the right to review this information and raise any questions that they may have with the Notice Administrator, and are entitled to rely on the information provided by the Notice Administrator and other persons for purposes of effectuating notice.

      B.      The Notice Administrator, in consultation with Defendants' Counsel and Class Counsel, will be responsible for providing a Court-approved Mailed Notice to each

Participant Class Member, Spouse Class Member and/or Successor (as the case may be) identified on the Estimate Spreadsheet in the form attached as **Exhibits 3A-3F**, as applicable.

       1.     Exhibit 3A shall be used for all Participant Class Members in the case in which, at the time of mailing, both the Participant Class Member and the Spouse Class Member are believed to be alive.

       2.     Exhibit 3B shall be used for all Spouse Class Members in the case in which, at the time of mailing, both the Participant Class Member and the Spouse Class Member are believed to be alive.

       3.     Exhibit 3C shall be used in the case in which, at the time of mailing, the Participant Class Member is believed to be alive, and either the Participant Class Member had no spouse as of the original payment date or the Spouse is deceased.

       4.     Exhibit 3D shall be used in the case in which, at the time of mailing, the Participant Class Member is deceased.

       5.     Exhibit 3E shall be used in the case in which, at the time of mailing, the Participant Class Member is deceased and the Spouse Class Member is believed to be alive.

       6.     Exhibit 3F shall be used in the case in which, at the time of mailing, both the Participant and Spouse Class Members are deceased.

     **C.**     Each Mailed Notice shall contain for each Participant Class Member, Spouse Class Member and/or Successor, as the case may be, the Estimated Benefit from the Estimate Spreadsheet, based on the assumption that the Court will award the maximum possible Class Counsel's Fees, Class Representative's Service Award and Settlement Administration Costs, and shall also contain, as applicable, the associated, estimated April 26, 2024 Judgment Value of Participant Back Payments (or estimated April 26, 2024 Judgment Value of Spouse Back Payments, as applicable), the estimated April 26, 2024 Judgment Participant Annuity Benefit or April 26, 2024 Judgment Spouse Annuity Benefit, and the estimated April 26, 2024 Judgment Value of Future Annuity Payments applicable to the Class Member.  All estimates set forth in each Mailed Notice

shall be for informational purposes only and shall be subject to change as provided for in this Agreement.

      **D.**      Each Mailed Notice will also include a Personal Information Form, which will collect updated address information, Qualified Domestic Relations Order ("QDRO") information, or Potential Successor Information, as necessary, and request that each Class Member or recipient of the Mailed Notice return to the Notice Administrator a copy of the completed Personal Information Form, as necessary.  In the case of Mailed Notices sent to Class Members believed to be alive at the time of mailing (Exhibits 3A-3C and 3E), to address a situation in which the Class Member is in fact deceased, the Personal Information Form will request that the recipient inform the Notice Administrator of that fact, whereupon the Notice Administrator shall attempt to identify and locate the Class Member's potential Successor(s) and issue such Potential Successor(s) a Successor Information Form.  In the case of Mailed Notices to be sent on behalf of Class Members believed to be deceased at the time of mailing (Exhibits 3D and 3F), the Notice Administrator shall first attempt to identify and locate all of the Class Member's Potential Successor(s) and issue all such potential Successor(s) a Successor Information Form along with the Mailed Notice.

      **E.**      The Parties acknowledge that no new benefit election shall be required or made by any Class Member or Successor.

      **F.**      The Notice Administrator shall provide copies of the returned Personal Information Forms and Successor Information Forms (and the associated database maintained by the Notice Administrator) to Defendants' Counsel and Class Counsel within one hundred and twenty (120) days after entry of the Preliminary Approval Order.

**G.**    The Notice Administrator will begin mailing the Mailed Notice no later than twenty-one (21) days after the entry of the Preliminary Approval Order, and the Notice Administrator will complete such mailing no later than thirty (30) days after the entry of the Preliminary Approval Order.  Any Mailed Notice returned to the Notice Administrator by the United States Postal Service ("USPS") as undeliverable with a forwarding address will be re-mailed by the Notice Administrator.  Any Mailed Notice returned to the Notice Administrator by the USPS as undeliverable without a forwarding address will be submitted to an address search firm utilized by the Notice Administrator.  If an updated address is received from the address search firm, the Notice Administrator will re-mail the Mailed Notice.  If an updated address is not available, the Plan agrees to reasonably cooperate with the Notice Administrator with respect to providing additional information that it has to be used to locate the Class Member, if allowed by law.  If the Notice Administrator becomes aware that a Class Member's information has changed, or might have changed, the Notice Administrator will, on a regular basis, provide that information to Class Counsel and Defendants' Counsel, including, but not limited to, updated name or address information and information that a Class Member or a Successor is deceased or cannot be located.

**H.**    The Notice Administrator will publish a Court-approved Publication Notice, in the form of **Exhibit 4**, on one occasion in *USA Today*, within twenty (20) days of the entry of the Preliminary Approval Order, or as soon thereafter as possible.

**I.**    Within five (5) business days after the Effective Date, the Notice Administrator will provide Class Counsel, Defendants' Counsel, and the Plan with any updated information about Class Members or Successors that it received in response to the Class Notices and any changes in Class Member information from the Estimate

Spreadsheet shall be clearly indicated.  Updated Class Member or Successor information received by the Notice Administrator in response to the Class Notices after the Effective Date shall be provided to Class Counsel, Defendants' Counsel and the Plan on a monthly basis or within five (5) days in response to a request for updated information made by Class Counsel, Defendants' Counsel, or the Plan.  The Plan may rely on the information provided to it by the Notice Administrator for purposes of fulfilling its obligations under this Agreement.

**8.     OBJECTIONS TO THE SETTLEMENT**

Any Class Member who desires to file an objection to final approval of the Settlement, or who wishes to be heard at the Fairness Hearing, must file a written notice of objection with the Court, and serve it on Class Counsel and Defendants' Counsel no later than thirty (30) days prior to the Fairness Hearing, and include with any objection:

   **A.**     the objector's full name and address and an appearance on behalf of any counsel representing the objector;

   **B.**     a notice of intention to appear in Court if the objector desires to appear and be heard;

   **C.**     a detailed statement of each objection asserted;

   **D.**     any documents and writings which such Class Member desires the Court to consider; and

   **E.**     a list of witnesses the person may call by live testimony.

The Parties may file written responses to any objection to the Settlement not later than seven (7) days before the scheduled Fairness Hearing.

**9.     FINAL COURT APPROVAL OF THE SETTLEMENT**

A.    No later than fourteen (14) days before the scheduled Fairness Hearing, Class Representative shall move for the Court's final approval of this Settlement and entry of a Final Order and Judgment dismissing the Litigation with prejudice and without leave to amend.  The Parties agree to use their best efforts to obtain such approval and Final Order and Judgment.  Defendants will not oppose Class Counsel and/or the Class Representative's request for any approvals or modifications concerning: (1) Class Counsel's Fees; (2) Class Representative's Service Award; and/or (3) Settlement Administration Costs, provided such requests do not exceed the maximums specified in **Sections 1.Q, 1.U. and 1.GGG.**, respectively, above and do not seek to impose any obligations on Defendants to pay any sum in excess of the Total Settlement Amount.

B.    The terms of this Agreement are subject to the Court's approval and entry of the Final Order and Judgment in the form attached as **Exhibit 2** and, in the event such approval is appealed, the approval of all applicable appellate courts.  If any person appeals the Final Order and Judgment approving the Settlement, the Parties will use their best efforts to oppose the appeal (without prejudice to Class Counsel's and/or the Class Representative's right to appeal any ruling reducing or modifying the amounts requested for: (1) Class Counsel's Fees; (2) Class Representative's Service Award; and/or (3) Settlement Administration Costs, which appeal Defendants will not oppose as long as the appeal does not request amounts that exceed the maximums specified in **Sections 1.Q, 1.U. and 1.GGG**, respectively, above and does not seek to impose any obligations on Defendants to pay any sum in excess of the Total Settlement Amount).

10.    **EFFECT OF FAILURE TO OBTAIN FINAL APPROVAL OF SETTLEMENT**

A.    Unless the Court enters the Preliminary Approval Order in the form attached as **Exhibit 1** or the Court enters an alternate form of an order preliminarily

approving the Settlement that the Parties have agreed in writing will constitute the Preliminary Approval Order, this Agreement shall become null and void *ab initio*.

   **B.** Unless the Court enters the Final Order and Judgment in the form attached as **Exhibit 2** or the Court enters an alternate form of a final order and judgment that the Parties have agreed in writing will constitute the Final Order and Judgment, this Agreement shall become null and void *ab initio*.

   **C.** If the Final Order and Judgment, or an alternate form of a final order and judgment has been entered that the Parties have agreed in writing will constitute the Final Order and Judgment, is reversed or vacated in any part on appeal, and the Parties have not agreed in writing to proceed with all or part of the Agreement as modified by an order of such appellate court, this Agreement shall become null and void *ab initio*.

   **D.** The Court's failure to approve any of Class Counsel's Fees, Class Representative's Service Award and/or Settlement Administration Costs shall not disturb the other terms of this Agreement, including the Total Settlement Amount.  In such event, Class Counsel and/or the Class Representative shall modify Class Counsel's Fees, Class Representative's Service Award and/or Settlement Administration Costs to the Court's satisfaction (without prejudice to Class Representative's right to appeal from any such denial of approval), provided such modifications do not impose any obligation on Defendants to pay any amount in excess of the Total Settlement Amount and such modifications do not exceed the maximums specified in **Sections1.Q.,1.U. and1.GGG**, respectively.

   **E.** If this Agreement becomes null and void, it shall have no force or effect and shall impose no obligations on the Parties, except that the Parties (i) will be prohibited from using this Settlement, or any data or information disclosed in the course

of discussing and negotiating this Settlement, including the Agreement and all Exhibits and Appendices hereto, as evidence in the Litigation or any other proceeding and (ii) agree to cooperate in asking the Court to set a reasonable schedule for the Litigation. The intent of the previous sentence is that, if this Agreement becomes null and void, the Parties will revert to their positions immediately before the discussion and negotiation of this Agreement, and the Litigation will resume without prejudice to any Party.

**11.    INITIAL PAYMENTS**

A.    Subject to the Court ordering a different, more delayed disbursement schedule, within ten (10) business days of the Effective Date, Defendants (in accordance with **Section2.A**) will (i) disburse to Class Counsel amounts to (1) reimburse Class Counsel for Settlement Administration Costs in the amount approved by the Court (up to the maximum identified in **Section 1.GGG.** above), and (2) pay Class Counsel's Fees in the amount approved by the Court (up to the maximum identified in **Section 1.Q.** above) and (ii) disburse to the Class Representative, by check, any Service Award approved by the Court up to the maximum identified in **Section 1.U.** above. The amounts due Class Counsel referenced in this **Section 11.A** will be paid pursuant to wire transfer instructions from Class Counsel. Class Counsel shall provide those instructions to Defendants' Counsel within two (2) business days after the Effective Date, and at the same time Class Counsel shall also provide to Defendants' Counsel fully completed Form W-9s for such payments. Class Counsel shall provide Defendants' Counsel with any information that Defendants' Counsel may reasonably request, on behalf of Defendants, in order to process each wire transfer.

**B.**      After the Approval Date, the Plan will disburse the Settlement Benefits Fund to Final Benefit Recipients on the Payment Spreadsheet as provided in, and in accordance with, the terms of this Agreement and (where necessary) the Plan.

**12.      CALCULATION OF FINAL BENEFITS**

**A.      Amount Owed**.  Subject to the limitations imposed by this Agreement, each Final Benefit Recipient on the Payment Spreadsheet will be paid, as a result of this Settlement, his or her Final Benefit on the Payment Spreadsheet, which shall be determined as described in **Section 12.C**. If the Final Benefit Recipient on the Payment Spreadsheet is deceased, his or her Successor, if any, will be paid the Final Benefit of the Final Benefit Recipient on the Payment Spreadsheet for whom he or she is a Successor subject to the procedures specified in **Section 12.D**.  No other amount shall be due from the Plan to a Class Member (or anyone claiming a benefit through the Class Member) other than the Final Benefit for the Class Member.

**B.      Final Calculation Process and Description of Final Calculations**. Within five (5) business days after the Effective Date, the Enrolled Actuary will provide to Defendants' Counsel and Class Counsel the Payment Spreadsheet containing a list of Final Benefits as enumerated in **Section 4C. and 4.B.4**.  No changes may be made to the formulae and methodologies used in the Estimate Spreadsheet described in **Section 5.A** when the Payment Spreadsheet is prepared but the Payment Spreadsheet shall be updated to satisfy the requirement that the value of the settlement benefits, as described in the Plan of Allocation, equals the final value of the Settlement Benefits Fund.  The Enrolled Actuary will identify any such changes between the Estimate Spreadsheet and Payment Spreadsheet.  The Enrolled Actuary will provide to Defendants information underlying the calculations of the Final Benefits, and respond to reasonable inquiries from

Defendants, such that Defendants may understand and confirm the calculations. Defendants will have ten (10) business days after Defendants' Counsel's receipt of the Payment Spreadsheet to question, approve, or request revisions to the Payment Spreadsheet. In the event the Parties cannot resolve any disputes regarding these calculations, **Section 13** will apply.

   **C.** **Approval of Final Calculations**. The Enrolled Actuary will make any changes that are required as a result of either the mutual agreement of Plaintiffs and Colgate pursuant to this **Section 12** or pursuant to **Section 13**. The date on which all disparities and disagreements among the Parties regarding the amounts of the Final Benefits have been resolved, either by mutual agreement or pursuant to **Section 13**, will be the "<u>Approval Date</u>" for the Payment Spreadsheet. After seeking leave via letter motion to do so under seal, the Parties will file the Payment Spreadsheet with the Court to replace the Estimate Spreadsheet filed pursuant to **Section 5.A**.

   **D.** **Deceased Participants And Beneficiaries Who Were Class Members**. If a Participant Class Member or Spouse Class Member is deceased as of the Payment Commencement Date, the Final Benefit that would have been paid to him or her shall be paid instead to his or her Successor, if any, upon submission of a Successor Information Form and determination by the Plan, in its sole discretion, that such person meets the definition of Successor in this Agreement.

   **E.** **Final Determinations**. All determinations that may be made under this Agreement concerning Class Members, Successors, Final Benefit Recipients, benefits, and the form of payment of settlement benefits including without limitation, Final Benefits, will be final, conclusive and not subject to challenge. No Class Member or

Successor will be entitled to a benefit under this Settlement other than the Final Benefit, if any, listed on the Payment Spreadsheet.

      **F.**     **Non-Duplication of Settlement Benefits.**  Notwithstanding any other provision of this Agreement, no payment will be made to a Class Member (or a Successor) pursuant to this Agreement that has the effect of duplicating any payment due (or paid) to any other Class Member (or Successor) under this Agreement.  Thus, for example, no payment will be made to a Class Member to the extent the payment otherwise due to the Class Member is required to be paid instead to another who is his or her Successor.  In addition, the Final Benefit replaces any right to any other benefit under the Plan, including any residual annuity, and no other benefit is due from the Plan.

      **G.**     **Adequate Consideration**.  The assumptions and adjustments, including without limitation the Adjustment Factor, used for purposes of calculating the Final Benefits are only a procedure designed by Class Counsel to apportion the Settlement Benefits Fund among Class Members pursuant to this Agreement.  Notwithstanding these references and apportionment procedures, it is hereby stipulated and agreed that the aggregate amounts paid pursuant to this Agreement constitute adequate consideration for the waivers, releases and commitments set forth in this Agreement.

**13.**    **DISPUTE RESOLUTION**

    The Parties will work in good faith to resolve any disputes or disagreements concerning who should be a Class Member or Final Benefit Recipient and/or the amount and form of payment of any Final Benefit.  The Plan and Defendants' Counsel will consult with the Enrolled Actuary and Class Counsel in good faith regarding any calculations and determinations required by this Agreement.  However, if agreement cannot be reached, the Plan's determination with respect to such disputes and disagreements will control and will be final and binding.

14.    **FINAL PAYMENTS TO CLASS MEMBERS AND SUCCESSORS**

A.    **Payment Date**.  The Plan shall use its reasonable best efforts to make payments under this Agreement within ninety (90) days of the Approval Date.

B.    **Payment Method.**  Each Final Benefit Recipient shall be paid in the form of a check drawn on a U.S. bank to, or on behalf of, the Final Benefit Recipient of his or her Final Benefit, less any applicable withholding, provided, however, in the case of Class Members currently receiving residual annuities via electronic means, payment shall, if reasonably feasible (as determined by the plan administrator for the Plan), be made in that current form, and, with respect to other Class Members, payment will be conditioned upon verification of the Class Member's identify based on the Plan's standard payment procedures.

C.    **Payment Delays**.  To the extent that payment of a Final Benefit cannot be paid within the timeframe established by this Agreement because the Final Benefit Recipient on the Payment Spreadsheet:  (1) cannot be located by the Plan after reasonable efforts (which shall include the search by the Notice Administrator); (2) is the subject of a dispute among Potential Successors or a dispute raised by a Class Member or purported Class Member, or creditor, financial institution, family member or regulatory authority; or (3) is, or may be,  subject to a lien, garnishment, or a qualified domestic relations order on his or her Final Benefit which cannot timely be resolved, the Plan is excused from complying with this Agreement's payment deadline in such an instance, and shall retain the portion of the Settlement Benefit Fund attributable to that Final Benefit Recipient's Final Benefit until such payment can be made to the applicable recipient(s), and if the cause is that the Final Benefit Recipient cannot be located, the applicable Recipient may be treated as a lost payee under the applicable terms of the Plan.  If, as of April 1, 2026

(or, if later, ninety (90) days after the Approval Date), the Plan has been unable to locate a Class Member, the Plan shall promptly inform Class Counsel so that Class Counsel may undertake further independent efforts to locate such Class Member to ensure such Class Member timely receives his or her Final Benefit.

**D.     Making a Payment**. Mailing a check to the address of a Final Benefit Recipient on the Payment Spreadsheet or to a Successor's address (as modified by any information provided to the Plan or Defendants' Counsel by the Notice Administrator or by a subsequent Successor Information Form), or payment by electronic means if reasonably feasible (as determined by the administrator for the Plan) in the case of Class Members who are currently receiving residual annuities by that means, shall constitute the making of the required payment in satisfaction of this Agreement.

**E.     Interest on Late Payments.**  To the extent that payment is not made by the later of the time indicated in **Section 14.A** or April 1, 2026 due to a reason other than as described in Section 14.C., or within thirty (30) days after the issue in 14.C. is resolved (if later), the Plan will pay each affected Final Benefit Recipient, in addition to his or her Final Benefit, interest from the later of the time indicated in **Section 14.A** or April 1, 2026 (or 30 days after the issue in Section 14.C. is resolved, if later).  Such interest shall be calculated at an annual rate of 5%, compounded monthly from the later of the time indicated in Section 14.A or April 1, 2026 (or 30 days after the issue in Section 14.C. is resolved, if later).  Payment delays for the reasons specified in **Section 14.C** shall not be considered payment delays caused by the Plan and no interest shall be due until 30 days after the issue in Section 14.C. is resolved, if that date is later than the otherwise applicable date.

**F.      Duty to Issue Replacement Benefit Checks.**  If, for any reason, a Final Benefit Recipient or his or her Successor fails to cash one or more of his or her Final Benefit checks in a timely manner and requests a replacement check, Defendants are obligated to issue such replacement check after confirming it would not result in duplicate payment.

**G.      Proof of Payment**. The Plan shall make its proofs of mailings and transfers available to Class Counsel upon reasonable demand within fifteen (15) business days of Class Counsel's written demand for same.

**H.      Qualified Domestic Relations Orders (QDROs)**. If a Class Member's benefit is subject to a valid QDRO on file with the Plan, any distribution of the Final Benefit to that Class Member will be made pursuant to the terms of the QDRO, as interpreted by the plan administrator for the Plan in its sole discretion, which determination shall be final and binding.

### 15.    TAX QUALIFICATION OF PAYMENTS

The Parties recognize that the payments made by the Plan pursuant to this Agreement will be made from a tax-qualified defined benefit pension plan to the extent allowed by the terms of the Plan, this Settlement, and the law.  This Agreement is not intended to, and does not, require any Party to perform an unlawful act or an act that would violate the tax-qualification requirements of the Code applicable to the Plan.  To the extent that the Agreement purports to require or allow such an act, the Parties agree to amend the Agreement so as to bring it into conformity with the law and/or tax-qualification requirements of the Code applicable to the Plan in the manner that best effectuates, to the extent possible under applicable law, the intent of the Agreement as expressed in its written terms.  Any amendment of the Agreement cannot result in any obligation on Defendants to pay any sum in excess of the Total Settlement Amount.

### 16.    NO ADMISSION OF LIABILITY

A.    The Settlement reached in this Agreement is made only to compromise and settle this Litigation among Class Representative, Class Members, and Defendants without further litigation and should in no way be construed as an admission of liability or wrongdoing of any kind by Colgate, the Plan, its fiduciaries, the Committee, Laura Flavin, Daniel Marsili or any of the Released Parties.

B.    None of Class Representative, Class Members, and Class Counsel, and no one in privity with any such person, may argue before any court, agency or other forum that this Agreement or any of its terms shows or evidences in any way that Colgate, the Plan, its fiduciaries, the Committee, Laura Flavin, Daniel Marsili or any of the Released Parties violated any law or legal obligation.  Neither this Agreement nor any of the negotiations or proceedings connected with this Settlement and the Litigation may be offered or received in evidence for any purpose other than with respect to proceedings to

approve the Settlement, to obtain dismissal of the Litigation, or otherwise to enforce this Agreement (including the release set forth in **Section 3**).

### 17.    PLAN AMENDMENT

Within ninety (90) days after the Approval Date, the Plan shall be amended, in substantially the form provided for in the attached **Exhibit 7**, to provide for payment of the amounts as specified in **Section 4C** based on the calculations in the Payment Spreadsheet and the terms of this Agreement (the "Plan Amendment").  The Plan Amendment will not create or provide any benefits other than those indicated on the Payment Spreadsheet.  Payment by the Plan in accordance with the Plan Amendment shall fully discharge the Defendants' obligation to pay any benefit to, or in respect of, Class Members and/or their Successors, if any, under this Agreement or the Plan.

### 18.    NO RESTRICTION ON THE PLAN SPONSOR'S BUSINESS OR PLAN ADMINISTRATION COMMUNICATIONS

Nothing in this Agreement precludes Defendants from making any reasonable disclosures that refer to, or might relate to, the Agreement that Defendants believe, in each of their sole discretion, are reasonable, appropriate, or necessary to conduct the business operations of the Plan or Colgate.  Such disclosures would include, but not be limited to, disclosures to auditors, regulators, shareholders, investors, attorneys, Plan participants and beneficiaries, Class Members, and employees.  Nor does this Agreement preclude Defendants from making any disclosures regarding the Agreement that any of them determines, in each of their sole discretion, may be required by law.  In addition, upon the mutual execution of this Agreement, Class Counsel consents to Defendants and their counsel having communications with Plan participants or Class Members, that the Defendants determine, in each of their sole discretion, to be necessary or appropriate to administer the Plan or this Agreement.

19.    **COSTS**

Apart from an award of Class Counsel's Fees, Class Representative's Service Award and Settlement Administration Costs that count toward the Total Settlement Amount as specified and delineated in **Section 2** of the Agreement, the Parties each agree to bear their own attorneys' fees, costs, and expenses incurred in connection with this Litigation and proceedings to approve the Settlement, including in the event that this Agreement shall become void.  In no event shall Class Counsel seek attorneys' fees, costs, expenses, or a Class Representative Service Award in connection with this Litigation in any other proceeding.

20.    **COMMUNICATIONS ABOUT THE LITIGATION AND AGREEMENT**

A.    Unless otherwise agreed to in writing by the Parties, none of the Parties, nor any of their counsel, shall do any of the following:

1.    Initiate any communications with the news media regarding this Litigation or this Agreement;

2.    Issue a press release or media statement regarding this Litigation or this Agreement;

3.    Respond to, or comment on, any inquiries from the news media regarding this Litigation or this Agreement;

4.    Make any public statements about the Litigation or this Agreement for marketing purposes.

Notwithstanding the foregoing, subject to Section 20.B, Class Counsel may communicate with any Class Member or Successor regarding this Litigation or the Agreement and may update his website's existing page concerning this Litigation, *see* https://gottesdienerlaw.com/erisa-class-actions/, with objective information about the Settlement as reflected in this Agreement and its associated publicly available court

filings, provided, however, that such website updates be provided to Defendants' Counsel for their review and approval.

**B.**     In no event shall any communications by a Party (or a Party's counsel) concerning the Litigation, the conduct of the Litigation, or this Agreement disparage, demean, or criticize the Settlement, any of the Parties, or any representative, attorney, or agent of the Parties.

**C.**     Nothing in this Section shall restrict communications between the Parties and their counsel, between Class Members (or Successors) and Class Counsel, or between Colgate (or the Plan administrator) and their Plan participants, beneficiaries, employees, retirees, insurers, advisors, auditors, or attorneys.  Moreover, nothing in this Section shall prevent the Parties from making any legally required statement, such as a filing with the Securities and Exchange Commission or Internal Revenue Service.

**21.     CONFIDENTIALITY**

**A.**     "Confidential Data" means the names, addresses, and other personal data concerning any of the Class Members, Potential Successors, Successors, or any current or former Plan participants, any nonpublic Plan terms, nonpublic information or data of any kind, information or data related to any other plan sponsored by Colgate, and any nonpublic information or data related to any current or former participant of the Plan or of any other plans sponsored by Colgate.  "Confidential Data" specifically includes the Settlement benefit calculations, and Class Member data/information contained in the Estimate Spreadsheet and Payment Spreadsheet.  "Confidential Data" also includes the spreadsheets of data filed under seal in Colgate I, including all versions of the spreadsheets of data used to calculate or administer settlement payments in Colgate I whether or not they were filed under seal.  The Enrolled Actuary, Class Counsel or

anyone acting on behalf of Class Counsel (including, but not limited to, the Notice Administrator and any other actuaries or experts retained by Class Counsel) shall keep strictly confidential any Confidential Data received from the Plan, Defendants' Counsel or anyone acting on behalf of the Plan (including, but not limited to, one or more service providers administering this Settlement) and promise to use it for no purpose other than the implementation of this Agreement.  The Confidential Data shall be used solely for the purposes of the administration and implementation of this Agreement, shall not be used for any other purpose, and shall not be disclosed to any third party.  If any Confidential Data is filed with the Court or any other court, it shall be filed under seal.  The Notice Administrator shall return to Defendants' Counsel all Confidential Data in the Notice Administrator's possession within thirty (30) days after completion of the first Settlement payments as described in **Section 14.A**.

**B.**    The Parties agree to keep confidential all information shared for purposes of settling the Litigation, including all positions, assertions, and offers made during settlement negotiations relating to the Litigation and the Agreement, except that the Parties may discuss information with the Court as required by law, and Defendants may discuss information shared as necessary with their insurers, tax, legal, regulatory advisors, and as required by law.

## 22.    WAIVERS

The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous to this Agreement.

## 23.    EXTENSIONS OF TIME

The Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement, subject to approval by the Court.

### 24.    DEADLINES FALLING ON WEEKENDS OR HOLIDAYS

To the extent any deadline set forth in this Agreement falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

### 25.    FORCE MAJEURE

The failure of any Party to perform any of its obligations hereunder shall not subject any Party to any liability or remedy for damages, or otherwise, where such failure is occasioned, in whole or in part, by acts of God, fires, accidents, other natural disasters, interruptions or delays in communication or transportation, labor disputes or temporary emergency shortages, governmental laws, acts or failures to act of any third parties, or any other circumstances or causes beyond the reasonable control of such Party.

### 26.    SEVERABILITY

The provisions of this Agreement are not severable.  In the event that any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision only if the Parties mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.  For the avoidance of doubt, nothing in this paragraph shall affect the provisions of **Section 10.D** relating to a failure to receive approval for any of Class Counsel's Fees, Class Representative's Service Awards and/or Settlement Administration Costs.

### 27.    NOTICES

Whenever this Agreement requires or contemplates that one Party shall give notice to another, notice shall be provided by email and by next-day express delivery as follows:

If to Class Representative and/or Class Members:

      Eli Gottesdiener
      Gottesdiener Law Firm, PLLC
      498 7th Street
      Brooklyn, NY 11215
      eli@gottesdienerlaw.com

If to Defendants:

      Robert S. Newman
      Nicholas O. Pastan
      Covington & Burling LLP
      One City Center
      Washington, D.C. 20001
      rnewman@cov.com
      npastan@cov.com

## 28.    TAX CONSEQUENCES

**A.**    The Plan and Colgate, if applicable, will be solely responsible for satisfying their own tax reporting obligations to pertinent government authorities with respect to all payments made pursuant to this Agreement.  Neither the Plan, nor Colgate, nor any of the other Released Parties will be liable for any tax that is assessed on any payment made pursuant to this Agreement and will, under no circumstances, be required to gross up any payment made pursuant to this Agreement based on any tax liability assessed or any withholdings made with respect thereto.

**B.**    No opinion concerning the tax consequences of the Settlement to Class Representative, Class Members, Successors or Class Counsel is being given or will be given by Defendants, Defendants' Counsel or Class Counsel, nor is any representation or warranty in this regard made by any of these parties by virtue of this Agreement. Class Representative's, Class Members', Successors', and Class Counsel's federal, state and/or local tax obligations, if any, and the determination thereof, are the sole responsibility of

Class Representative, Class Members, Successors, and Class Counsel, and it is understood that the tax consequences may vary depending upon the particular circumstances of each.

### 29.    ENTIRE AGREEMENT

This Agreement including all exhibits (along with any amendment to the Plan prepared under **Section 18** to implement this Agreement) is the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings; provided, however, that nothing in this Agreement reduces the scope or effect of the release in Colgate I.  To the extent there is any inconsistency between this Agreement and any summary or communication regarding this Agreement, this Agreement shall govern and operate to define the rights and obligations of the Parties.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of this Agreement has been made or relied on, except to the extent expressly set forth in this Agreement.

### 30.    NO THIRD-PARTY BENEFICIARIES

This Agreement will not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary to this Agreement, except as otherwise provided in **Section 3.I** above.

### 31.    BINDING EFFECT OF THE AGREEMENT

The terms and provisions of this Agreement shall be binding upon and inure to the benefit of each of the Parties and each of their respective predecessors, successors, heirs, and assigns.

**32.    MODIFICATIONS**

The Parties may jointly agree by written amendment to modify the provisions of this Agreement as they, in concert, deem necessary to effectuate the intent of this Agreement, subject to Court approval where necessary.

**33.    ENFORCEMENT OF AGREEMENT**

Only Class Counsel shall have standing to seek enforcement of this Agreement on behalf of Class Members.  Any individual concerned with Defendants' compliance with this Agreement may so notify Class Counsel and direct any requests for enforcement to him. Class Counsel shall have full and sole discretion to take whatever action or refrain from taking such action he deems appropriate in response to such request.

**34.    MULTIPLE ORIGINALS/COUNTERPARTS**

This Agreement, including its Exhibits and Attachment A, may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one instrument.

**35.    AUTHORITY OF PERSONS SIGNING AGREEMENT**

The individuals executing this Agreement for the Parties represent and warrant that they do so with full authority to bind each such Party to the terms and provisions in this Agreement.

**36.    SECTION TITLES**

The headings in this Agreement are inserted as a matter of convenience only, and do not define, limit, or describe the scope of this Agreement or the intent of the provisions.

**37.    NO PRESUMPTION AGAINST DRAFTER**

None of the Parties shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.  Each Party represents that, through their counsel, they were fully involved in the drafting of this Agreement.

### 38.    ARM'S LENGTH TRANSACTION

The Parties have negotiated all the terms and conditions of this Agreement at arm's length.

### 39.    ALL TERMS ARE MATERIAL IN THEIR EXACT FORM

All terms and conditions in this Agreement in their exact form are material to this Agreement and have been relied on by the Parties in entering into this Agreement.

### 40.    VOLUNTARY ENTRY INTO AGREEMENT

The Parties represent that they are voluntarily entering into this Agreement.  In executing this Agreement, the Parties rely on their own judgment, beliefs, and knowledge, and the advice and recommendations of their own independent counsel.  Each party to this Agreement represents that they have consulted with, and obtained the advice of, counsel prior to executing this Agreement and that this Agreement has been explained to that Party by his, her, or its counsel.

### 41.    CHOICE OF LAW

This Agreement, and any disputes arising out of this Agreement, are governed by ERISA and/or the federal common law of ERISA, except to the extent federal law does not govern.  In that event, the substantive law of the State of New York will apply, without reference to choice of law principles.  Any lawsuit or other proceeding to enforce this Agreement shall be filed in the United States District Court for the Southern District of New York.

### 42.    COURT'S CONTINUING JURISDICTION

Without affecting the finality of the Court's actions and orders hereunder, the Court shall retain exclusive jurisdiction over Class Representative, Defendants, Class Members and this Litigation with respect to matters arising out of, or connected with, this Agreement.

### 43.    CLASS ACTION FAIRNESS ACT

Notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, will be timely served on the appropriate officials in the form attached hereto as **Exhibit 5**.


**[*Signature Page Follows*]**

**CLASS REPRESENTATIVE:**

By: *Rebecca McCutcheon*                Dated: 8-27-2025
  Rebecca McCutcheon

**FOR CLASS REPRESENTATIVE AND CLASS MEMBERS:**

By: _____       Dated: _____
  Eli Gottesdiener
  Gottesdiener Law Firm, PLLC
  498 7th Street
  Brooklyn, NY 11215

**DEFENDANTS:**

**COLGATE-PALMOLIVE CO.; COLGATE-PALMOLIVE CO. EMPLOYEE'S RETIREMENT INCOME PLAN; EMPLOYEE RELATIONS COMMITTEE OF COLGATE-PALMOLIVE CO.**

By: _____       Dated: _____

  Name:
  Title:

By: _____       Dated: _____
  Daniel Marsili

By: _____       Dated: _____
  Laura Flavin

**APPROVED AS TO FORM FOR DEFENDANTS:**

By: _____       Dated: _____
  Robert S. Newman
  Covington & Burling LLP
  One City Center
  Washington, D.C. 20001

*CLASS REPRESENTATIVE:*

By: _____    Dated: _____
    Rebecca McCutcheon

*FOR CLASS REPRESENTATIVE AND CLASS MEMBERS:*

By: _____    Dated: 6/29/25
    Eli Gottesdiener
    Gottesdiener Law Firm, PLLC
    498 7th Street
    Brooklyn, NY 11215

*DEFENDANTS:*

*COLGATE-PALMOLIVE CO.; COLGATE-PALMOLIVE CO. EMPLOYEE'S RETIREMENT INCOME PLAN; EMPLOYEE RELATIONS COMMITTEE OF COLGATE-PALMOLIVE CO.*

By: _____    Dated: _____

    Name:

    Title:

By: _____    Dated: _____
    Daniel Marsili

By: _____    Dated: _____
    Laura Flavin

*APPROVED AS TO FORM FOR DEFENDANTS:*

By: _____    Dated: _____
    Robert S. Newman
    Covington & Burling LLP
    One City Center
    Washington, D.C. 20001

*CLASS REPRESENTATIVE:*

By: _____     Dated: _____

    Rebecca McCutcheon

*FOR CLASS REPRESENTATIVE AND CLASS MEMBERS:*

By: _____     Dated: _____

    Eli Gottesdiener
    Gottesdiener Law Firm, PLLC
    498 7th Street
    Brooklyn, NY 11215

*DEFENDANTS:*

*COLGATE-PALMOLIVE CO.; COLGATE-PALMOLIVE CO. EMPLOYEE'S RETIREMENT INCOME PLAN; EMPLOYEE RELATIONS COMMITTEE OF COLGATE-PALMOLIVE CO.*

By: _____     Dated: August 29, 2025

    Name:   Betsy Fishbone

    Title:   Executive Vice President, Deputy CLO

By: _____     Dated: 27-Aug-2025

    Daniel Marsili

By: _____     Dated: 28-Aug-2025

    Laura Flavin

*APPROVED AS TO FORM FOR DEFENDANTS:*

By: _____     Dated: August 29, 2025

    Robert S. Newman
    Covington & Burling LLP
    One City Center
    Washington, D.C. 20001

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# ATTACHMENT A to
# Class Action Settlement Agreement

## Estimate Spreadsheet

## TO BE FILED SEPARATELY
## UNDER SEAL

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 1 to
# Class Action Settlement Agreement

## Proposed Preliminary Approval Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **REBECCA M. McCUTCHEON and PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER GRANTING PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT AND APPROVING NOTICE TO THE CLASS

Pending before the Court is Plaintiff's Motion for Preliminary Approval of the Settlement and for Approval of Notice to the Class in the above-captioned matter (the "Litigation"). The Court, having read and considered the Parties' Settlement Agreement ("Agreement") and the Exhibits thereto, and the (i) Motion for Preliminary Approval and Supporting Memorandum of Law; (ii) Mailed Notice; (ii) Publication Notice; and (iv) Proposed Final Order and Judgment, and the matter having come before the Court at the _____ hearing, finds that substantial grounds exist for entering this Order for Preliminary Approval.

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Litigation, Plaintiff McCutcheon, Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. To the extent not otherwise defined herein, all capitalized words, terms and phrases shall have the same meaning as used in the Agreement.

3.      Consistent with the Court's prior Class certification order (ECF No. 75), the Class definition in the Settlement Agreement is:

> a non-opt-out class consisting only of the individuals (both the Participant and the Spouse, if any) identified on Attachment A to this Agreement, which reflect the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the following class definition previously certified by the Court (ECF No. 75): any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

4.      The proposed Settlement is hereby preliminarily approved.  The Court finds the proposed Settlement, supported by counsel previously certified as adequate Class Counsel and achieved through arm's-length negotiations, is sufficiently fair, reasonable and adequate to receive preliminary approval and to proceed to a Fairness Hearing.  Accordingly, notice thereof should be given to the Class Members.

5.      The Court shall consider whether to give final approval to the Settlement at a hearing on _____, 202_ at _____ (the "Fairness Hearing").  At the Fairness Hearing, the Court will consider (a) whether the proposed Settlement is fair, reasonable and adequate and should be given final approval; (b) the amount of the service award to be paid to Ms. McCutcheon if any; (c) the amount of attorneys' fees and expenses that should be awarded to Class Counsel pursuant to Rule 23(h) of the Federal Rules of Civil Procedure; (d) the amount of settlement administration costs; (e) any timely and proper objections to the Settlement or objections to Class Counsel's request for attorneys' fees and expenses, settlement administration costs, or a service award to Ms. McCutcheon; and (f) any other matters necessary or appropriate for the Court's consideration.

6.      The Court finds that the forms of Mailed Notice and Publication Notice (collectively, the "Notices"), which are attached to the Agreement as Exhibits 3A-3F and 4, and

the plan for dissemination and publication of the Notices, are the best practicable, comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with all requirements of due process, and are reasonably calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the request for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon.

7.      The Court appoints Continental DataLogix LLC as Notice Administrator.  The Notice Administrator is directed to provide the Notices of the Settlement to Class Members in accordance with the provisions of the Agreement and this Order.  To the extent the Parties or Notice Administrator determine that ministerial changes to the Notices are necessary or appropriate before disseminating the Notices to the Class, they may make such changes without further application to the Court

A.      Mailed Notices in the form of Exhibits 3A-3F to the Agreement, as applicable, shall be mailed within thirty (30) days of the entry of this Order to the last known addresses of all Participant Class Members, Spouse Class Members and/or Successors (as the case may be), which addresses shall be updated by the Notice Administrator as set forth in the Agreement.  The Notice Administrator shall engage in reasonable efforts as set forth in the Settlement Agreement to locate any Class Member whose Mailed Notice is returned and undeliverable and to make a second mailing to such Class Member.

B.      The Publication Notice in the form found in Exhibit 4 to the Agreement shall be published in *USA Today* once within twenty (20) days of the entry of this Order, or as soon thereafter as possible.

C.      The Notice Administrator shall file a declaration attesting to the satisfaction of the Notice requirements described in this Paragraph 7 of this Order no later than seven (7) days prior to the Fairness Hearing.

8.      The Defendants presented this Court with Exhibit 5 to the Settlement Agreement, a form of notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, which complies with CAFA.  The Defendants shall serve the CAFA Notice on the appropriate state and federal officials by mailing the CAFA Notice on or before ten (10) days of the entry of this Order.  The Court finds that the Defendants, upon mailing of the CAFA Notice, will have complied with the notice requirements of CAFA.

9.      By no later than forty-five (45) days prior to the Fairness Hearing, Class Counsel shall file a motion for Class Counsel's attorneys' fees and expenses, settlement administration costs and a service award for Plaintiff McCutcheon.  Any objections to Class Counsel's application for attorneys' fees and costs shall be filed no later than thirty (30) days prior to the Fairness Hearing.

10.     Class Counsel shall publish copies of the Agreement, the Mailed Notice, the Publication Notice, and, once filed, the motion for Class Counsel's attorneys' fees and expenses, settlement administration costs and a service award for Plaintiff McCutcheon, and the motion for final approval, on a website, www.ColgatePensionClassAction.com, to be established by Class Counsel.

11.     Any Class Member may appear at the Fairness Hearing, in person or through counsel, and be heard to the extent permitted by this Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the motion for fees and expenses, settlement administration costs and a service award for Plaintiff McCutcheon.  However, unless excused by

4

this Court, no Class Member shall be heard on any of these matters unless, on or before thirty (30) days prior to the Fairness Hearing such person files a written notice of objection, which shall include: (a) the objector's full name and address and an appearance on behalf of any counsel representing the objector; (b) a notice of intention to appear in Court if the objector desires to appear and be heard; (c) a detailed statement of each objection asserted; (d) any documents and writings which such Class Member desires the Court to consider; and (e) a list of witnesses the person may call by live testimony.  Copies of such notice, statement, and documentation, together with any copies of any other papers or briefs filed with the Court, must be simultaneously delivered to the Class Counsel and Defense Counsel, received no later than thirty (30) days prior to the Fairness Hearing.  Any Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement as described above.

12.    Class Counsel shall file memoranda in support of final approval of the Settlement no later than fourteen (14) days prior to the Fairness Hearing, and the Parties shall file responses to any objections, no later than seven (7) days prior to the Fairness Hearing.  Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement.

13.    If the Parties agree in writing to any modifications of the Agreement before Court approval of the Agreement, the Court may approve the Agreement with such modifications and without further notice to the Class other than by announcement in open court or by order on the Court's docket.  The Court may adjourn and/or reschedule the Fairness Hearing without further notice to the Class other than by announcement at the Fairness Hearing.

14.     If the Court grants final approval to the Settlement, Class Members shall be bound by all the provisions of the Agreement and all determinations and judgments made pursuant to the Agreement, including the Final Order and Judgment dismissing the Litigation with prejudice. No Class Member may request exclusion from the Settlement.

15.     Pending the final determination of whether the Settlement should be approved, Plaintiff and each Class Member shall be enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims described in the Agreement.  Such injunction shall remain in force until such time as the Agreement has become null and void or the Court enters a Final Order and Judgment.

16.     In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Litigation shall proceed, in those circumstances, as described in the Agreement.

17.     The Settlement Agreement, and these proceedings related to the approval of the Settlement Agreement, and this Order are not evidence of any liability, responsibility, fault, or wrongdoing on the part of any party to this action, including without limitation any Released Party.

18.     If the Settlement is finally approved by the Court, the Court shall retain exclusive jurisdiction over Plaintiff, Class Members, Defendants and the Litigation with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Agreement.

SO ORDERED this ___ day of _____, 2025.

_____
Hon. Lorna G. Schofield
United States District Court Judge

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 2 to
# Class Action Settlement Agreement

## Proposed Final Approval Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **REBECCA M. McCUTCHEON and** **PAUL CAUFIELD** **On behalf of themselves and all** **others similarly situated,** **Plaintiffs,** **v.** **COLGATE-PALMOLIVE CO., et al.,** **Defendants.** | : : : : : : : : : : : : : : No. 16-cv-4170 (LGS) |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

On _____, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order") to be provided to the Class.

On _____, 202_, the Court held a Fairness Hearing (the "Fairness Hearing"), for which the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, the Mailed Notice, and the Publication Notice. Having considered the Parties' moving papers, the Settlement Agreement ("Agreement"), and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.  **Jurisdiction:** The Court has jurisdiction over the subject matter of this Litigation, Plaintiff, the Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2.      **Incorporation of Settlement Documents:**  The Agreement, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment, and to the extent not otherwise defined herein, all capitalized words, terms and phrases used in this Judgment shall have the same meaning as used in the Agreement.  The terms of the Agreement, including all exhibits to the Agreement, shall be forever binding on the Class Members.

3.      **Class Certification:**  Consistent with the Court's prior Class certification order (ECF No. 75), the Class definition in the Agreement is:

> a non-opt-out class consisting only of the individuals (both the Participant and the Spouse, if any) identified on Attachment A to this Agreement, which reflect the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the following class definition previously certified by the Court (ECF No. 75): any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

4.      **Class Notice:**  The Court determines that the Mailed Notice and Publication Notice (collectively, the "Class Notices"), that were provided to the Class Members as required by the Preliminary Approval Order constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members.  The Class Notices complied with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process clause).  The Class Notices were calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the application for Class Counsel's attorneys' fees and expenses, Class Representative's Service Award, and Settlement Administration Costs.

5.      **CAFA Notice:**  The form and manner of the CAFA Notice provided by the Plan pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") fully complied

with CAFA.  All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have

been met.

      6.     **Final Settlement Approval:**  In determining whether a proposed class action

settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), the Court is required to

consider the factors set forth in Rule 23(e)(2) as well as the *Grinnell (Detroit v. Grinnell Corp.*,

495 F.2d 448 (2d Cir. 1974)) factors.  Considering these factors, the Court finally approves the

Agreement in all respects as fair, reasonable, and adequate.

      (a)     First, the record demonstrates that Plaintiff McCutcheon's interests in this

case are aligned with those of the other Class members, and that she and Class Counsel have

vigorously advocated for the Class's interests throughout the history of this case and have

obtained exceptional results.  *See* Fed. R. Civ. P. 23(e)(2)(A).

      (b)     Second, the record demonstrates that the proposed settlement is the result

of extensive, arm's-length negotiations between counsel in June 2025, after multiple prior failed

arm's-length mediations and negotiations.  *Id.* Rule 23(e)(2)(B).

      (c)     Third, the relief provided under the Agreement—nearly 100% of the

residual annuities Plaintiffs claimed they were due (plus interest)—is clearly adequate, taking

into account (i) the costs, risks, and delay of trial and appeal, which here would be considerable;

(ii) the effectiveness of the proposed method of distributing relief to the class, including the

method of processing class-member claims, which in this case are well-designed and well-

planned, and should prove in practice to be highly efficient and highly effective; and (iii) the

terms of the proposed award of attorney's fees, including timing of payment, which the Court

finds reasonable.  *Id.* Rule 23(e)(2)(C).[1]

        (d)      Fourth, the Agreement treats all Class members equitably relative to each

other:  each Class member's RA and missed RA payments to date will be calculated in exactly

the same manner, based upon the information specific to that Class member, such as their age,

date of original payment, and original payment amount.

        (e)      The Court also finds that the *Grinnell* factors, most of which overlap with

Rule 23(e)(e), are also met here.  Of particular note, the Court finds that the reaction of the Class

to the settlement factor also favors final approval because in response to the Mail and Publication

Notices, only \_\_\_ Class Members submitted timely objections to the Settlement and only \_\_\_\_

objection(s) was/were presented at the Fairness Hearing.  (The Court has duly considered any

objections to the Settlement that were filed and finds they are not well-taken).

        (f)      Moreover, the "stage of proceedings" factor also favors approval since

after more than 11 years, Class Counsel's intimate knowledge of the merits and potential

weaknesses of the claims alleged permitted them to intelligently weigh the strengths and

weaknesses of their case and to engage in effective settlement discussions with Defendants.

        (g)      The risk of maintaining the class action factor does not weigh in favor of

settlement because although Defendants opposed certification, there is no appreciable risk that

this case might not be maintained on a class-wide basis through to its final conclusion.

        (h)      The ability of Defendants to withstand a greater judgment factor "drops

out" here because it is only relevant when a settlement is less than what it might otherwise be but

---

[1] The Rule also requires consideration of "any agreement required to be identified under Rule 23(e)(3)," *i.e.,* any side agreement made in connection with the proposed settlement.  Counsel represents that there are no such agreements.

for the fact that the defendant's financial circumstances do not permit a greater settlement," *In re Namenda Direct Purchaser Antitrust Litigation*, 462 F.Supp.3d 307, 314 (S.D.N.Y. 2020), which is not the case here.

7.    **Releases**:  The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section 3 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, Plaintiff, individually and in her capacity as Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

(a)    With respect to the Released Clams, Plaintiff, individually and in her capacity as Class Representative, and each Class Member hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section

1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." With respect to the Released Claims, the Plaintiff, individually and in her capacity as Class Representative, and each Class Member also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

(b)    Plaintiff, individually and in her capacity as Class Representative, and the Class Members are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

(c)    Plaintiff, individually and in her capacity as Class Representative, and the Class Members hereby release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Benefit Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

8.    **Dismissal of Claims:**  Plaintiff and Class Members shall receive no additional pension benefits, compensation, or other amounts in this Litigation except as otherwise provided in the Agreement and in this Final Order and Judgment, and the Court hereby dismisses the claims of Plaintiff and Class Members against the Plan with prejudice and without costs.

9.    **Attorneys' Fees, Settlement Administration Expenses, and Class Representative Service Award:**  A separate order will be entered regarding Class Counsel's motion for attorneys' fees and expenses, Settlement Administration Costs, and a Class

Representative Service Award.  Such orders shall in no way affect or delay the finality of this

Judgment and shall not affect or delay the Effective Date of the Settlement.

       (a)      The Court finds that the award of attorneys' fees and expenses and

Settlement Administration Costs to Class Counsel and the Service Award to the Class

Representative represents a reasonable administrative expense of the Plan.  Pursuant to the terms

of the Agreement, these Court-approved amounts shall be paid from the Plan, unless Defendant

Colgate-Palmolive Co., in its sole discretion, elects to pay such amounts directly. The payment of

these awards, from either source as provided in the Agreement, represents a reasonable expense

of administering the Plan and is neither a settlor expense nor a distribution of benefits to Plan

participants and their beneficiaries.

       10.    **<u>Retention of Jurisdiction</u>:**  The Court shall retain exclusive jurisdiction to

resolve any disputes or challenges that may arise as to the performance of the Settlement

Agreement or any challenges as to the performance, validity, interpretation, administration,

enforcement, or enforceability of this Final Order and Judgment, or the Settlement Agreement or

the termination of the Settlement Agreement.  The Court shall also retain exclusive jurisdiction

and rule by separate Order with respect to Class Counsel's motion for attorneys' fees and

expenses, Settlement Administration Costs, and the Class Representative's Service Award,

submitted pursuant to the Settlement Agreement.

       (a)      Any motion to enforce this Final Order and Judgment or the Settlement

Agreement, including by way of injunction, may be filed in this Court, and the provisions of the

Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an

affirmative defense or counterclaim in response to any action that is asserted to violate the

Settlement Agreement.

11.     **Modification of the Agreement of Settlement:**  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

12.     **Termination of Settlement:**  In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

13.     **Binding Effect:**  Upon entry of this Order, all Settling Parties, as well as their respective successors and assigns, shall be bound by the Settlement Agreement and this Final Order and Judgment.

14.     **No Admissions:**  The Court recognizes that Defendants have denied and continue to deny Plaintiff's and Class Members' claims.  Neither the Agreement, this Judgment, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Plan, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiff's lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding.  Evidence of the Agreement and

8

the orders of this Court approving the same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation. The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

15.    **<u>Entry of Final Judgment</u>:**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action

SO ORDERED.

Dated: New York, New York
_____, 202_.

_____
LORNA G. SCHOFIELD
United States District Judge

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3A to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **REBECCA M. McCUTCHEON and PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**
**PLEASE READ THIS NOTICE CAREFULLY.**

**To:** **[Name]**

 **[Address ]**

 **Your Settlement ID Number:** **[ID]**

As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan"). You are receiving this Notice because you have been identified as a Plan participant and a member of the certified Class. The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court"). If, after providing notice to you and other members of the certified Class, the Court finally approves the settlement, you will be awarded monetary benefits.

**Your Estimated Settlement Amounts Are** (See Q&A 4 below.[1]):

 **(1)** $XX,XXX, which is a one-time payment for past alleged underpayments; **and**

 **(2)** $X,XXX / month, which is a monthly annuity payment[2] for the rest of your life; **and**

 **(3)** $X,XXX / month after your death for the rest of the life of **[Name]** (your spouse as of the time you were originally paid) if still living after your death.

This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement. If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount you would receive under the proposed settlement. That amount is not guaranteed and is provided solely for informational purposes.
[2] Additional future monthly payments will be made in the form of a single life annuity or joint and survivor annuity, depending on your marital status on the date as of which you previously received a lump sum distribution from the Plan.

Company ("Colgate") in exchange for the monetary benefits you will receive under the settlement. You are therefore entitled to receive notice of the settlement and an opportunity to object to or comment on its terms, including the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective 2005 Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment. Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments, provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments. Successors to deceased former Plan participant Class Members are not entitled to future annuity payments but, if the settlement is approved, are entitled to a one-time payment to make up for prior annuity payments that the deceased Plan participant Class Member should have received prior to his or her death.

**THE CLASS IS DEFINED AS**:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

To be a Class Member, you must also be listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition. If your name is listed at the top of this notice, you have been identified as a Class Member.

Note, however: if the Class Member whose name appears on the first page of this notice is deceased, the settlement benefit that the Class Member would have received under this Settlement will instead be paid to the Class Member's Successor(s), as discussed in Q&A 5 below.

**THE BASIC FACTS OF THE LITIGATION ARE:**

- This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York. Judge Lorna G. Schofield is presiding.

- The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan. Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs." The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants." Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that purpose ("Class Counsel"). Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

- On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you. The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. You may appear at the hearing, but you

are not required to do so.  If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____.  Instructions for making written objections are included at Q&A 10 in this notice.

•      See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

| 1. | **Why Did I Receive This Notice?** |
|---|---|

The Court ordered this notice to be sent to you because you have been identified as a member of the Class defined above.  As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval.  You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

| 2. | **What Is The Class Action About?** |
|---|---|

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989.  July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum.  Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity.  In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit.  The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

| 3. | **Why Is There A Settlement?** |
|---|---|

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016.  Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required.  The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025.  The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions.  However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan.  After extensive study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

| 4. | **What Does The Proposed Settlement Provide?** |
|---|---|

**A.  What is the Total Settlement Amount and Settlement Benefit Fund?**

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class. These expenses, each of which must be specifically approved by the Court, are: (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement administration costs; and (3) Class Counsel's attorneys' fees and expenses. If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses. Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon. Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million. In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000. The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally. The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for a service award, settlement administration costs, and Class Counsel's attorneys' fees and expenses.

## B.  What do Class Members Get in the Settlement?

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million. The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum. Your net settlement benefits, as well as those for each Class Member, will not be based on an average. Instead, if the settlement amounts are approved by the Court, the amount of each Class Member's (or their Successor's) one-time payment to make up for alleged missed prior annuity payments and future monthly annuity payments will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should be paying you and should have paid you as an annuity (retroactive to your original lump sum payment date, which includes an adjustment for any prior annuity payments you may have received, and any retroactive annuity payment you may have received around 2014), brought forward with interest, minus a *pro rata* discount in exchange for Defendants' agreement to settle. This avoids the risk that Class Members would have ended up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only. They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. Please note payments made under the settlement may also be subject to applicable tax withholding.

## C.  What Do Class Members Give Up in the Settlement?

In exchange for the referenced settlement benefits, Class Members and Successors release all claims they have against the Defendants relating to the Plan. More specifically, every Releasor (as defined below), including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and

related parties from any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation, or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits, the form, content, and delivery of notice, and the administration of the settlement. The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their respective successors, assigns, beneficiaries, alternate payees, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind. The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit), and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

This release also means that you will not be able to challenge the amount you receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

This is only a general summary of the release contained in Section 3 of the Settlement Agreement. See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court. See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

**5.    How Will I Receive My Share Of The Settlement?**

---

If the Court approves the settlement and it becomes final, the net settlement benefit will be paid to you in the form of (1) a one-time payment to make up for alleged missed prior annuity payments and (2) future monthly annuity payments (or an increase in your monthly annuity payments if you are already receiving an annuity). All payments will be made by check mailed to your address or via electronic payment if you are currently receiving annuity payments from the Plan in that form. Attached to your copy of this notice is a Payment Information Form providing for updated contact information, if you have moved or changed address. If the Payment Information Form is not completed, payment will be made to the same address as this notice was sent to, so if the current information is correct, no action will be required on your part to receive payment.

If the current information is not correct, the form should be completed and emailed or mailed to the Notice Administrator at the following address:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxx
E-mail:  xxxxxxxxxxxxxx

Note: If the Participant Class Member to whom this notice is addressed and whose name appears on the first page of this notice is deceased, please indicate that fact on the Payment Information Form, complete Part B of the Form ("If the Participant Class Member to Whom the Notice is Addressed is Deceased") and promptly return it to the Notice Administrator for appropriate action consistent with the settlement terms, including payment of settlement benefits to the Class Member's Successor(s).

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

## 6.   When Will I Receive My Share Of The Settlement?

The timing of the distribution of the Settlement Benefit Fund to Class Members will depend on when, if approved, the Court's approval of the settlement becomes final under the law.  Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final.  If the settlement is approved and becomes final, you should be paid your one-time payment to make up for the alleged missed prior annuity payments and begin receiving future monthly annuity payments within approximately 90 days after the settlement is final.

## 7.   Can I Be Excluded From The Settlement?

No.  If the Court approves the settlement, you will be bound by it.  By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

## 8.   Do I Have A Lawyer In The Case?

Yes.  The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel.  Contact information for Mr. Gottesdiener is included in Q&A 10 below.  If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

## 9.   How Will Class Counsel Be Paid?

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses.  You have a right to review Class Counsel's motion and object to the amounts requested.  You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

## 10.   How Do I Tell The Court If I Don't Like The Proposed Settlement?

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method to be used to determine the amount that will be allocated to you under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award.  To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony.  Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to the settlement, and all documentation that supports your objection.  **Your written objection must be received by the Court by** _____.  Your objection must be sent to the following address:

6

U.S. District Court for the Southern District of New York
Attn: *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
40 Foley Square
New York, NY 10007-1312

**You will not be able to challenge the amount you receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |
| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

| **11.   When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?** |
|---|

The Court will decide whether to give final approval to the settlement at what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them.  At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

| **12.   Do I Have To Attend The Fairness Hearing?** |
|---|

No, but you are invited to attend (at your own expense).

| **13.   May I Speak At The Fairness Hearing?** |
|---|

Yes, but only if you file a written objection as described in Q&A 10 above.

| **14.   What Happens If I Do Nothing At All Now?** |
|---|

If you do nothing at all now and the settlement is finally approved, you will receive your share of the Settlement Benefit Fund shortly after the approval becomes final, as described in Q&A 6 above.

| **15.   How Do I Get More Information?** |
|---|

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be

obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

Dated: _____, 2025.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

If your name or address listed on the left is
incorrect, please make changes here:

Claim # *XXXX*
*Firstname Lastname*                          _____
*Address1*                                          _____
*Address2*                                          _____
*City, State Zip*

## **PERSONAL INFORMATION**

This form applies to you if (a) you need your settlement payment sent to an address that is different than the one listed above; (b) you are divorced and your former spouse is entitled to a portion of your Plan benefit; or (c) the Class Member listed on this notice is deceased.

If you are a <u>Class Member</u> entitled to a settlement benefit as described in the attached notice *and reside at a different address than the one listed above*, you must make address changes where indicated above, sign where indicated below, and return this page before _____ [110 days after entry of the Preliminary Approval Order] to the Notice Administrator via email or regular mail.  Failure to timely do so will result in the check being mailed to the address above.

If you are a Class Member entitled to a settlement benefit as described above and your Plan benefit is subject to a court-order due to a divorce, please comply with **<u>Section A</u>** below and return it to the Notice Administrator by email or regular mail for appropriate follow-up.

If the person to whom this notice is addressed and named on page 1 is deceased, please provide the information requested in **<u>Section B</u>** below and return the completed form to the Notice Administrator by email or mail for appropriate follow-up.

If the form needs to be returned, please email it to _____, or mail to:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xx
xxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxx


## **A.      QDRO and Divorce**

If you are divorced and your Plan benefit is subject to a court order (or you are unsure if subject to a court order) that entitles your former spouse to a portion of your Plan benefit (typically referred to as a Qualified Domestic Relations Order or "QDRO"), please answer the following questions, submit the paperwork noted below, sign where indicated below, and return this page before _____ **[110 days after entry of the Preliminary Approval Order]**:  (If this portion is not completed, it will be assumed that you are representing that your benefit is not subject to a court order.)

Is a portion of your Plan benefit subject to a court-order or QDRO?   Yes____   No _____ Unsure_____

Please email or mail a copy of the QDRO or any other court order that might apply to your pension benefit when you return this form to the Notice Administrator.

_____                    _____
Contact Phone Number                        9        Signature

                                                     _____
                                                     Print Name

**B.      If the Participant Class Member to Whom the Notice is Addressed is Deceased**

If you are aware that the person to whom the notice is addressed and listed on page 1 is deceased, please complete (1) through (5), and, if you have information regarding the estate, complete (6), or, if you do not have information on the estate, complete (7):

**(1)** The date of death:  _____

**(2)** Your name:  _____

**(3)** Your relation to the decedent: _____

**(4)** Your telephone number: _____

**(5)** Your email address:  _____

**(6)** If the decedent has an open estate, the following contact information for the estate:

      a.  Estate administrator's name: _____

      b.  Estate administrator's address: _____

                                          _____

                                          _____

      c.  Estate administrator's email: _____

      d.  Estate administrator's telephone: _____

**(7)** If the decedent does not have an open estate, please list the name(s), relationship to the decedent, and contact information (if available to you) of the person(s) who is, who are, or who you think may be potential successors or who otherwise is handling the affairs of the decedent (including you, if applicable):

| | Contact 1 | Contact 2 | Contact 3 |
|---|---|---|---|
| Name: | _____ | _____ | _____ |
| Address: | _____ | _____ | _____ |
| | _____ | _____ | _____ |
| Email: | _____ | _____ | _____ |
| Telephone: | _____ | _____ | _____ |

Please email or mail this page to the Notice Administrator as soon as possible.

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3B to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| REBECCA M. McCUTCHEON and PAUL CAUFIELD | : | |
| | : | |
| On behalf of themselves and all others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | No. 16-cv-4170 (LGS) |
| v. | : | |
| | : | |
| COLGATE-PALMOLIVE CO., et al., | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**PLEASE READ THIS NOTICE CAREFULLY.**

To:     [Spouse Name]

        [Address ]

        **Your Settlement ID Number:**     [ID] [Add "S" to end of Participant Class Member ID]

        As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan").  You are receiving this Notice because, as the spouse of  [Participant Name] as of the date that [Participant Name] received a distribution from the Plan, you have been identified as a Spouse member of the certified class.  As such, you are entitled to receive the survivor benefit (*i.e.*, payable for your life after the death of the primary recipient) on an annuity that [Participant Name] will receive if the proposed settlement (detailed below) of the below-described litigation is finally approved and [Participant Name] pre-deceases you.  The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court").  If, after providing notice to you and other members of the certified class, the Court finally approves the settlement, your estimated settlement benefit will be a monthly annuity payment of $X,XXX / month for the rest of your life after the death of [Participant Name].  (See Q&A 4 below.[1])

        This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement.  If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive Company ("Colgate") in exchange for the settlement benefits you will be eligible to receive.  You are therefore entitled to receive notice of the settlement and an opportunity to object to or comment on its terms, including

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount you would receive under the settlement if [Participant Name] predeceases you.  That amount is not a guaranteed amount and is provided solely for informational purposes.

the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment. This annuity includes a survivor benefit to the spouse, as of the date the lump sum was originally paid, of the Plan participant who received the lump sum ("Spouse," who may or may not be still married today to the Plan participant). Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments, provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments. Spouses are entitled to receive future annuity payments, provided the Spouse is alive when the Plan participant dies. If the settlement is finally approved, such Spouses will be entitled, after the death of the Plan participant, to a survivor annuity for the rest of the Spouse's life. For Class Members who are deceased, the Class Member's spouse at the time of the original payment is entitled, after the death of the former Plan participant, to (1) future survivor annuity payments for the rest of the spouse's life (effective August 1, 2025); and (2) a one-time payment to make up for alleged missed prior annuity payments that the spouse should have received after the death of the former Plan participant (but not the value of the alleged missed payments to the former Plan participant, because that is paid to the former Plan participant's estate). Successors to deceased former Plan participant Class Members are not entitled to future annuity payments but, if the settlement is approved, are entitled to a one-time payment to make up for prior annuity payments that the deceased Plan participant Class Member should have received prior to his or her death.

**THE CLASS IS DEFINED AS**:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

Class Members are listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition. If your name is listed at the top of this notice, you have been identified as a Spouse of a Class Member.

Note, however: if the Spouse to whom this notice is addressed and whose name appears on the first page of this notice is deceased, the settlement benefit that person would have received under this settlement might instead be paid to the individual's Successor(s), as discussed in Q&A 5 below.

**THE BASIC FACTS OF THE LITIGATION ARE:**

• This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York. Judge Lorna G. Schofield is presiding.

• The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan. Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs." The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants." Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that

purpose ("Class Counsel").  Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

• On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you.  The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon.  You may appear at the hearing, but you are not required to do so.  If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____.  Instructions for making written objections are included at Q&A 10 in this notice.

• See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

| **1.   Why Did I Receive This Notice?** |
| --- |

The Court ordered this notice to be sent to you because you have been identified as the Spouse of a Plan participant member of the Class defined above.  As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval.  You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

| **2.   What Is The Class Action About?** |
| --- |

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989.  July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum.  Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity.  In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit.  The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

| **3.   Why Is There A Settlement?** |
| --- |

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016.  Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required.  The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025.  The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions.  However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan.  After extensive

study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

---

**4.     What Does The Proposed Settlement Provide?**

---

### A.  What is the Total Settlement Amount and Settlement Benefit Fund?

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class.  These expenses, each of which must be specifically approved by the Court, are:  (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement administration costs; and (3) Class Counsel's attorneys' fees and expenses.  If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses. Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon.  Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million.  In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000.  The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally.  The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses.

### B.  What do Class Members Get in the Settlement?

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million.  The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum.  Your net settlement benefits, as well as those for each Class Member, will not be based on an average.  Instead, if the settlement amounts are approved by the Court, the amount of each Spouse Class Member's future monthly annuity payments, provided the Plan participant Class Member pre-deceases the Spouse at the time of the original payment, will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should pay you as an annuity, minus a *pro rata* discount in exchange for Defendants' agreement to settle.  This avoids the risk that the Class Members would have ended up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only.  They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.  Please note payments made under the settlement may also be subject to applicable tax withholding.

**C.  What Do Class Members Give Up in the Settlement?**

        In exchange for the referenced settlement benefits, Class Members, Spouses, and Successors release all claims they have against the Defendants relating to the Plan.  More specifically, every Releasor, including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and related parties from any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits, the form, content, and delivery of notice, and the administration of the settlement.  The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their respective successors, assigns, beneficiaries, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind.  The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit), and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

        This release also means that you will not be able to challenge the amount you will be eligible to receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

        This is only a general summary of the release contained in Section 3 of the Settlement Agreement.  See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court.  See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

**5.      How Will I Receive My Share Of The Settlement?**

---

        If the Court approves the settlement and it becomes final, and if the Plan participant Class Member referenced above pre-deceases you, you will receive a monthly survivor annuity after the Plan participant's death for the rest of your life, paid by check mailed to your address (or via electronic payment, if applicable).  Attached to your copy of this notice is a Payment Information Form providing for updated contact information, if you have moved or changed address.  If the Payment Information Form is not completed, payment will be made to the same address as this notice was sent to, so if the current information is correct, no action will be required on your part to receive payment.

        If the current information is not correct, the form should be completed and emailed or mailed to the Notice Administrator at the following address:

        McCutcheon v. Colgate Settlement Notice Administrator
        P.O. Box xxxx
        xxxxxxxxxxxxxxxxxxxxxxxx
        xxxxxxxxxxxxxxxxxxxxxxxx
        E-mail:  xxxxxxxxxxxxxxx

        Note: If the Spouse named on the first page of this notice is deceased, please indicate that fact on the Personal Information Form, complete Part A of the Form ("If the Spouse to Whom the Notice is Addressed is

Deceased") and promptly return it to the Notice Administrator for appropriate action consistent with the settlement terms.

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

---

**6.     When Will I Receive My Share Of The Settlement?**

The timing of the distribution of the Settlement Benefit Fund to Class Members will depend on when, if approved, the Court's approval of the settlement becomes final under the law.  Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final.  If the settlement is approved and becomes final, your right to a survivor annuity depends on the former Plan participant Class member pre-deceasing you.  In that event, your monthly annuity payments should begin effective the month following the former Plan participant Class member's death (or, if later, within approximately 90 days after the settlement becomes final).

---

**7.     Can I Be Excluded From The Settlement?**

No.  If the Court approves the settlement, you will be bound by it.  By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

---

**8.     Do I Have A Lawyer In The Case?**

Yes.  The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel.  Contact information for Mr. Gottesdiener is included in Q&A 10 below.  If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

---

**9.     How Will Class Counsel Be Paid?**

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses.  You have a right to review Class Counsel's motion and object to the amounts requested.  You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

---

**10.     How Do I Tell The Court If I Don't Like The Proposed Settlement?**

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method to be used to determine the amount that will be allocated to you under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award.  To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony.  Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to

the settlement, and all documentation that supports your objection. **Your written objection must be received by the Court by _____.** Your objection must be sent to the following address:

> U.S. District Court for the Southern District of New York
> Attn: *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
> 40 Foley Square
> New York, NY 10007-1312

**You will not be able to challenge the amount you receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |
| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

---

**11.  When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?**

The Court will decide whether to give final approval to the settlement at a what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them. At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

---

**12.  Do I Have To Attend The Fairness Hearing?**

No, but you are invited to attend (at your own expense).

---

**13.  May I Speak At The Fairness Hearing?**

Yes, but only if you file a written objection as described in Q&A 10 above.

---

**14.  What Happens If I Do Nothing At All Now?**

If you do nothing at all now and the settlement is finally approved, you will be eligible to receive your share of the Settlement Benefit Fund after the approval becomes final, as described in Q&A 6 above.

---

**15.  How Do I Get More Information?**

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be

obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

Dated: _____, 2025.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

If your name or address listed on the left is
incorrect, please make changes here:

Claim # *XXXX*
*Firstname Lastname*                    _____
*Address1*                              _____
*Address2*                              _____
*City, State Zip*

## PERSONAL INFORMATION

This form applies to you if (a) you reside at an address that is different than the one listed above, or (b) the Spouse listed on this notice is deceased.

If you are a Spouse of a Class Member entitled to a settlement benefit as described in the attached notice *and reside at a different address than the one listed above*, you must make address changes where indicated above, sign where indicated below, and return this page before _____ [110 days after entry of the Preliminary Approval Order] to the Notice Administrator via email or regular mail.  Failure to timely do so will result in the check being mailed to the address above.

If the person to whom this notice is addressed and named on page 1 is deceased, please provide the information requested in **Section A** below and return the completed form to the Notice Administrator by email or mail for appropriate follow-up.

If the form needs to be returned, please email it to _____, or mail to:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xx
xxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxx

## A.      If the Spouse to Whom the Notice is Addressed is Deceased

If you are aware that the person to whom the notice is addressed and listed on page 1 is deceased, please complete (1) through (5), and, if you have information regarding the estate, complete (6), or, if you do not have information on the estate, complete (7):

**(1)** The date of death: _____
**(2)** Your name: _____
**(3)** Your relation to the decedent: _____
**(4)** Your telephone number: _____
**(5)** Your email address: _____
**(6)** If the decedent has an open estate, the following contact information for the estate:
    a.  Estate administrator's name: _____
    b.  Estate administrator's address: _____
        _____
        _____
    c.  Estate administrator's email: _____
    d.  Estate administrator's telephone: _____

**(7)** If the decedent does not have an open estate, please list the name(s), relationship to the decedent, and contact information (if available to you) of the person(s) who is, who are, or who you think may be

potential successors or who otherwise is handling the affairs of the decedent (including you, if applicable):

Contact 1                        Contact 2                        Contact 3

Name: _____     _____     _____
Address: _____     _____     _____
            _____     _____     _____
            _____     _____     _____
Email: _____     _____     _____
Telephone: _____     _____     _____


Please email or mail this page to the Notice Administrator as soon as possible.

10

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3C to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **REBECCA M. McCUTCHEON and PAUL CAUFIELD** | : | |
| | : | |
| | : | |
| **On behalf of themselves and all others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**</u>

<u>PLEASE READ THIS NOTICE CAREFULLY.</u>

**To:**   [Name]

   [Address ]

   **Settlement ID Number:**    [ID]

As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan"). You are receiving this Notice because you have been identified as a Plan participant and a member of the certified Class. The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court"). If, after providing notice to you and other members of the certified Class, the Court finally approves the settlement, you will be awarded monetary benefits.

**Your Estimated Settlement Amounts Are** (See Q&A 4 below.[1]):

**(1)** $XX,XXX, which is a one-time payment for past alleged underpayments; **and**

**(2)** $X,XXX / month, which is a monthly annuity payment for the rest of your life.

This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement. If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive Company ("Colgate") in exchange for the monetary benefits you will receive under the settlement. You are therefore entitled to receive notice of the settlement and an opportunity to object to or comment on its terms,

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount you would receive under the proposed settlement. That amount is not guaranteed and is provided solely for informational purposes.

including the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective 2005 Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment. Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments, provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments. Successors to deceased former Plan participant Class Members are not entitled to future annuity payments but, if the settlement is approved, are entitled to a one-time payment to make up for prior annuity payments that the deceased Plan participant Class Member should have received prior to his or her death.

**THE CLASS IS DEFINED AS**:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

To be a Class Member, you must also be listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition. If your name is listed at the top of this notice, you have been identified as a Class Member.

Note, however: if the Class Member whose name appears on the first page of this notice is deceased, the settlement benefit that the Class Member would have received under this Settlement will instead be paid to the Class Member's Successor(s), as discussed in Q&A 5 below.

**THE BASIC FACTS OF THE LITIGATION ARE:**

• This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York. Judge Lorna G. Schofield is presiding.

• The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan. Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs." The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants." Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that purpose ("Class Counsel"). Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

• On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you. The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. You may appear at the hearing, but you are not required to do so. If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____. Instructions for making written objections are included at Q&A 10 in this notice.

- See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

### 1.    Why Did I Receive This Notice?

The Court ordered this notice to be sent to you because you have been identified as a member of the Class defined above.  As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval.  You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

### 2.    What Is The Class Action About?

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989.  July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum.  Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity.  In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit.  The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

### 3.    Why Is There A Settlement?

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016.  Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required.  The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025.  The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions.  However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan.  After extensive study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

### 4.    What Does The Proposed Settlement Provide?

#### A.  What is the Total Settlement Amount and Settlement Benefit Fund?

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class.  These expenses, each of which must be specifically approved by the Court, are:  (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement

3

administration costs; and (3) Class Counsel's attorneys' fees and expenses.  If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses. Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon.  Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million.  In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000.  The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally.  The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses.

**B.  What do Class Members Get in the Settlement?**

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million.  The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum.  Your net settlement benefits, as well as those for each Class Member, will not be based on an average.  Instead, if the settlement amounts are approved by the Court, the amount of each Class Member's (or their Successor's) one-time payment to make up for alleged missed prior annuity payments and future monthly annuity payments will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should be paying you and should have paid you as an annuity (retroactive to your original lump sum payment date, which includes an adjustment for any prior annuity payments you may have received, and any retroactive annuity payment you may have received around 2014), brought forward with interest, minus a *pro rata* discount in exchange for Defendants' agreement to settle.  This avoids the risk that Class Members would have ended up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only.  They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon. Please note payments made under the settlement may also be subject to applicable tax withholding.

**C.  What Do Class Members Give Up in the Settlement?**

In exchange for the referenced settlement benefits, Class Members and Successors release all claims they have against the Defendants relating to the Plan.  More specifically, every Releasor, including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and related parties from any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits, the form, content, and delivery of notice, and the administration of the settlement. The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their

4

respective successors, assigns, beneficiaries, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind.  The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit),, and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

This release also means that you will not be able to challenge the amount you receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

This is only a general summary of the release contained in Section 3 of the Settlement Agreement.  See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court.  See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

**5.    How Will I Receive My Share Of The Settlement?**

---

If the Court approves the settlement and it becomes final, the net settlement benefit will be paid to you in the form of (1) a one-time payment to make up for alleged missed prior annuity payments and (2) future monthly annuity payments (or an increase in your monthly annuity payments if you are already receiving an annuity).  All payments will be made by check mailed to your address or via electronic payment if you are currently receiving annuity payments from the Plan in that form.  Attached to your copy of this notice is a Payment Information Form providing for updated contact information, if you have moved or changed address. If the Payment Information Form is not completed, payment will be made to the same address as this notice was sent to, so if the current information is correct, no action will be required on your part to receive payment.

If the current information is not correct, the form should be completed and emailed or mailed to the Notice Administrator at the following address:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxx
E-mail:  xxxxxxxxxxxxxxx

Note: If the Participant Class Member to whom this notice is addressed and whose name appears on the first page of this notice is deceased, please indicate that fact on the Payment Information Form, complete Part A of the Form ("If the Participant Class Member to Whom the Notice is Addressed is Deceased") and promptly return it to the Notice Administrator for appropriate action consistent with the settlement terms, *i.e.* that payment of the prior alleged missed payments can be made to the Class Member's Successor(s).

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

| 6. | When Will I Receive My Share Of The Settlement? |
|---|---|

The timing of the distribution of the Settlement Benefit Fund to Class Members will depend on when, if approved, the Court's approval of the settlement becomes final under the law. Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final. If the settlement is approved and becomes final, you should be paid your one-time payment to make up for the alleged missed prior annuity payments and begin receiving future monthly annuity payments within approximately 90 days after the settlement is final.

| 7. | Can I Be Excluded From The Settlement? |
|---|---|

No. If the Court approves the settlement, you will be bound by it. By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

| 8. | Do I Have A Lawyer In The Case? |
|---|---|

Yes. The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel. Contact information for Mr. Gottesdiener is included in Q&A 10 below. If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

| 9. | How Will Class Counsel Be Paid? |
|---|---|

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses. You have a right to review Class Counsel's motion and object to the amounts requested. You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

| 10. | How Do I Tell The Court If I Don't Like The Proposed Settlement? |
|---|---|

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method to be used to determine the amount that will be allocated to you under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award. To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony. Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to the settlement, and all documentation that supports your objection. **Your written objection must be received by the Court by _____.** Your objection must be sent to the following address:

U.S. District Court for the Southern District of New York
Attn: *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
40 Foley Square
New York, NY 10007-1312

**You will not be able to challenge the amount you receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |
| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

### 11.  When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?

The Court will decide whether to give final approval to the settlement at what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them.  At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

### 12.  Do I Have To Attend The Fairness Hearing?

No, but you are invited to attend (at your own expense).

### 13.  May I Speak At The Fairness Hearing?

Yes, but only if you file a written objection as described in Q&A 10 above.

### 14.  What Happens If I Do Nothing At All Now?

If you do nothing at all now and the settlement is finally approved, you will receive your share of the Settlement Benefit Fund shortly after the approval becomes final, as described in Q&A 6 above.

### 15.  How Do I Get More Information?

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

Dated:  ____, 2025.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

If your name or address listed on the left is
incorrect, please make changes here:

Claim # *XXXX*
*Firstname Lastname*
*Address1*                                   _____
*Address2*                                   _____
*City, State Zip*                            _____

## **PERSONAL INFORMATION**

This form applies to you if (a) you need your settlement payment sent to an address that is different than the one listed above, or (b) the Class Member listed on this notice is deceased.

If you are a <u>Class Member</u> entitled to a settlement benefit as described in the attached notice *and reside at a different address than the one listed above*, you must make address changes where indicated above, sign where indicated below, and return this page before _____ [110 days after entry of the Preliminary Approval Order] to the Notice Administrator via email or regular mail.  Failure to timely do so will result in the check being mailed to the address above.

If the person to whom this notice is addressed and named on page 1 is deceased, please provide the information requested in <u>**Section A**</u> below and return the completed form to the Notice Administrator by email or mail for appropriate follow-up.

If the form needs to be returned, please email it to _____, or mail to:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xx
xxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxx

## **A.     If the Participant Class Member to Whom the Notice is Addressed is Deceased**

If you are aware that the person to whom the notice is addressed and listed on page 1 is deceased, please complete (1) through (5), and, if you have information regarding the estate, complete (6), or, if you do not have information on the estate, complete (7):

**(1)** The date of death:  _____
**(2)** Your name:  _____
**(3)** Your relation to the decedent: _____
**(4)** Your telephone number: _____
**(5)** Your email address:  _____
**(6)** If the decedent has an open estate, the following contact information for the estate:
      a.  Estate administrator's name: _____
      b.  Estate administrator's address: _____
                             _____
                             _____
      c.  Estate administrator's email: _____
      d.  Estate administrator's telephone: _____

**(7)** If the decedent does not have an open estate, please list the name(s), relationship to the decedent, and contact information (if available to you) of the person(s) who is, who are, or who you think may be

potential successors or who otherwise is handling the affairs of the decedent (including you, if applicable):

Contact 1                          Contact 2                          Contact 3

Name: _____     _____     _____
Address: _____     _____     _____
         _____     _____     _____
         _____     _____     _____
Email: _____     _____     _____
Telephone: _____     _____     _____

Please email or mail this page to the Notice Administrator as soon as possible.

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3D to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| **REBECCA M. McCUTCHEON and** | : | |
| **PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all** | : | |
| **others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### PLEASE READ THIS NOTICE CAREFULLY.

**To:**    [Name]

   [Address ]

   **Settlement ID Number:**    [ID] [Add "E" (for Estate) to Participant Class Member's ID]

As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan"). The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court"). You are receiving this Notice because you have been identified as the person who might be responsible for [Name's] estate (a "Successor"), which will be entitled to a settlement benefit if the Court finally approves the settlement. ("You" as used in this notice means you as the person responsible for, and on behalf of, the deceased Plan participant's estate, receiving the money described below on behalf of the decedent's estate). In order for [Name's] estate to receive the money described below, you must prepare and submit the attached Successor Information Form, and provide the requested documentation. See Q&A 5 below. If you are not the person responsible for the estate, please complete and submit the Successor Information Form to the best of your ability so that we may identify and contact the person in charge of the estate.

If, after providing notice to members of the certified Class, the Court finally approves the settlement, [Name's] estate will be awarded monetary benefits, which are estimated as follows:

Estimated one-time settlement payment as of August 1, 2025: **$XXX,XXX.** (See Q&A 4 below.[1])

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount the Class Member's estate would receive under the proposed plan of allocation. That amount is not a guaranteed amount and is provided solely for informational purposes.

This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement. If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive Company ("Colgate") in exchange for the settlement benefits the Class Member's estate will receive. You are therefore entitled to receive notice of the settlement and an opportunity to object to or comment on its terms, including the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment. Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments, provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments. Successors to deceased former Plan participant Class Members are not entitled to future annuity payments but, if the settlement is approved, are entitled to a one-time payment to make up for prior annuity payments that the deceased Plan participant Class Member should have received prior to his or her death.

**THE CLASS IS DEFINED AS**:

 any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

To be a Class Member, you must be listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition. The deceased former Plan participant identified in this letter has been identified as a Class Member. The settlement benefit that the Class Member would have received under this Settlement will instead be paid to the Class Member's Successor(s), as discussed in Q&A 5 below.

**THE BASIC FACTS OF THE LITIGATION ARE:**

- This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York. Judge Lorna G. Schofield is presiding.

- The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan. Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs." The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants." Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that purpose ("Class Counsel"). Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

- On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you. The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. You may appear at the hearing, but you

are not required to do so.  If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____.  Instructions for making written objections are included at Q&A 10 in this notice.

•    See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

| 1.   Why Did I Receive This Notice? |
|---|

The Court ordered this notice to be sent to you because you have been identified as the potential Successor of a member of the Class defined above.  As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval.  You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

| 2.   What Is The Class Action About? |
|---|

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989.  July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum.  Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity.  In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit.  The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

| 3.   Why Is There A Settlement? |
|---|

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016.  Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required.  The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025.  The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions.  However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan.  After extensive study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

| 4.   What Does The Proposed Settlement Provide? |
|---|

### A.  What is the Total Settlement Amount and Settlement Benefit Fund?

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class.  These expenses, each of which must be specifically approved by the Court, are:  (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement administration costs; and (3) Class Counsel's attorneys' fees and expenses.  If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Plaintiffs' service awards, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses.  Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon.  Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million.  In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000.  The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally.  The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for Plaintiffs' service awards, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses.

### B.  What do Class Members Get in the Settlement?

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million.  The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum.  Your net settlement benefits, as well as those for each Class Member, will not be based on an average.  Instead, if the settlement amounts are approved by the Court, the amount of each Class Member's (or their Successor's) one-time payment to make up for alleged missed prior annuity payments will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should have paid to the former Plan participant Class member prior to his or her death as an annuity, brought forward with interest, minus a *pro rata* discount in exchange for Defendants' agreement to settle.  This avoids the risk that the Class will end up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only.  They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.  Please note payments made under the settlement may also be subject to applicable tax withholding.

### C.  What Do Class Members Give Up in the Settlement?

In exchange for the referenced settlement benefits, Class Members and Successors release all claims they have against the Defendants relating to the Plan.  More specifically, every Releasor, including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and related parties from any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits,

4

the form, content, and delivery of notice, and the administration of the settlement. The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their respective successors, assigns, beneficiaries, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind. The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit), and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

This release also means that you will not be able to challenge the amount you receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

This is only a general summary of the release contained in Section 3 of the Settlement Agreement. See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court. See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

**5.    How Will I Receive My Share Of The Settlement?**

---

If the Court approves the settlement and it becomes final, the net settlement benefit will be paid by check to the estate in the form of a one-time payment to make up for alleged missed prior annuity payments. Enclosed with this notice is a <u>Successor Information Form</u> that you must complete and send to the Notice Administrator in order for the Plan to determine who is responsible for the Class Member's estate.

Even if you are not the person responsible for the estate, please complete and submit the <u>Successor Information Form</u> to the best of your ability so that we may identify and contact the person in charge of the estate.

The form should be completed and emailed or mailed to the Notice Administrator at the following address:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxx
E-mail:  xxxxxxxxxxxxxxx

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

---

**6.    When Will The Estate Receive Its Share Of The Settlement?**

---

The timing of the distribution of the Settlement Benefit Fund to Class Members or their estates will depend on when, if approved, the Court's approval of the settlement becomes final under the law. Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final. If the settlement

is approved and becomes final, the estate should be paid its one-time payment to make up for alleged missed prior annuity payments within approximately 90 days after the settlement is final.

---

**7.    Can I Be Excluded From The Settlement?**

---

No.  If the Court approves the settlement, you will be bound by it.  By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

---

**8.    Do I Have A Lawyer In The Case?**

---

Yes.  The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel.  Contact information for Mr. Gottesdiener is included in Q&A 10 below.  If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

---

**9.    How Will Class Counsel Be Paid?**

---

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses.  You have a right to review Class Counsel's motion and object to the amounts requested.  You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

---

**10.    How Do I Tell The Court If I Don't Like The Proposed Settlement?**

---

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method that will be used to determine the amount that will be allocated to the Class Member's estate under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award.  To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony.  Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to the settlement, and all documentation that supports your objection.  **Your written objection must be received by the Court by _____.**  Your objection must be sent to the following address:

U.S. District Court for the Southern District of New York
Attn:  *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
40 Foley Square
New York, NY 10007-1312

**You will not be able to challenge the amount the Class Member's estate will receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |

| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

### 11.    When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?

The Court will decide whether to give final approval to the settlement at what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them.  At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

### 12.    Do I Have To Attend The Fairness Hearing?

No, but you are invited to attend (at your own expense).

### 13.    May I Speak At The Fairness Hearing?

Yes, but only if you file a written objection as described in Q&A 10 above.

### 14.    What Happens If I Do Nothing At All Now?

If you do nothing at all now and the settlement is finally approved, the Class Member's estate will receive its share of the Settlement Benefit Fund shortly after the approval becomes final, as described in Q&A 6 above.

### 15.    How Do I Get More Information?

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

Dated:  _____, 2025.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

As explained in the accompanying Notice of Class Action Settlement and Fairness Hearing, if the proposed settlement is finally approved by the Court, the estate of deceased Class Member [Name] (the "Decedent") is entitled to a monetary payment from the Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan").[1]  In order for the estate to receive that payment, the executor of the estate or personal responsible for the affairs of the Decedent (the "Successor(s)") must be correctly identified.  That is the purpose of this Successor Information Form.

| INSTRUCTIONS |
|---|

Please complete the appropriate sections below depending on whether you are:
- The executor of the estate
- A person with knowledge of the Decedent but not the executor of the estate

Complete as follows:
- **If you are the executor of the Decedent's estate**, complete Part 1 and Part 2, and provide the information requested in Part 2.  Sign the Successor Attestation on the last page of this Form.

- **If you are not the executor, but you have information about Potential Successors,** please complete Part 1 and Part 3, and provide the information requested in Part 3. Sign the Successor Attestation on the last page of this Form.

Return all pages of this Successor Information Form and the requested documents as applicable to the Notice Administrator:

By mail:  [insert mailing address]
By email: [email address]

For questions about or assistance with this Form, you can contact the Notice Administrator at [phone] or via email at [email address].

---

[1] If the Decedent does not have open estate, an estate for the Decedent will need to be opened (or reopened) in order to receive the settlement benefit payment.

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| | |
|---|---|
| **PART 1** | • To be completed by **all respondents**<br>• Please provide the following information about yourself<br>• Please PRINT CLEARLY |
| **DATE OF DECEDENT'S DEATH** | |
| **YOUR NAME** | |
| Mailing address (Street address, City, State, Zip Code) | |
| **YOUR PHONE NUMBER** | |
| **YOUR EMAIL ADDRESS** | |
| **YOUR RELATIONSHIP TO THE DECEDENT** | ❑  Executor of Decedent's estate<br>❑  Decedent's Spouse<br>❑  Decedent's Child<br>❑       ❑     Decedent's Sibling<br>❑       ❑     Decedent's Parent<br>❑  Other – please explain: |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| PART 2 | • To be completed if you are **the executor of the Decedent's estate**<br>• Attach and return the requested information and mark it as 'Part 2' | |
|---|---|---|
| | **Item to be attached/itemized** | **Check to indicate that the item is enclosed** |
| a. | Documentation showing that you are the executor, along with the Tax Identification Number of the estate | ❑ |
| b. | A copy of the Decedent's death certificate | ❑ |
| c. | Legal proof of estate administration (such as Letters Testamentary or Letters of Administration) | ❑ |

| PART 3 | • To be completed if you are **not the executor of the Decedent's estate but you have information about Potential Successor(s)**.<br>• Attach and return the requested information as applicable, and mark it as 'Part 3'<br>• Please PRINT CLEARLY | |
|---|---|---|
| | **Item** | **Information** |
| a. | Estate executor: Provide the name and contact information (if known) of the person who is or may be the estate executor | |
| b. | **If there is no executor, then please provide the following:** | i.   State in which the Decedent was living at the time of death: _____<br><br>ii.   Attach proof of legal authorization to direct Decedent's affairs (will, trust, court order or any other documentation) and mark it as Part 3 **or check here if not available**: _____<br><br>iii.   The name and contact information (if available to you) of any other Potential Successor(s), including family members and/or other potential beneficiaries of the Decedent's Estate |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| Potential Successor 1 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

| Potential Successor 2 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

*McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

| **Potential Successor 3** | |
| --- | --- |
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

If you need more space to identify Potential Successors, please attach a separate page with their information (including name, address, and contact information), label it <u>Part 3</u>, and include it when you return this Successor Information Form.


**ALL RESPONDENTS MUST COMPLETE**
**THE SUCCESSOR ATTESTATION ON THE NEXT PAGE**

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

**Successor Attestation**

I declare under penalty of perjury under the laws of the United States of America, *see* 28 U.S.C. § 1746, that the information provided by me on this Successor Information Form and the accompanying documents being provided to the Plan are true and correct.

**Dated: _____ ____, 202__.**

_____
**Signature**

_____
**Print Name**

6

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3E to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **REBECCA M. McCUTCHEON and** | : | |
| **PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all** | : | |
| **others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**</u>

<u>PLEASE READ THIS NOTICE CAREFULLY.</u>

**To:**   [Name]

   [Address ]

   **Settlement ID Number:**   [ID] [Add "S" (Spouse) to deceased Plan Participant's ID]

As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan"). You are receiving this Notice because, as the spouse of [Name] at the time [Name] originally received a lump sum payment from the Plan ("Spouse"), you have been identified as a Spouse member of the certified Class. The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court"). If, after providing notice to you and other members of the certified Class, the Court finally approves the settlement, you will be awarded monetary benefits.

**Your Estimated Settlement Amounts Are** (See Q&A 4 below.[1]):

**(1)** $XX,XXX, which is a one-time payment for past alleged underpayments; **and**

**(2)** $X,XXX / month, which is a monthly annuity payment for the rest of your life.

This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement. If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive Company ("Colgate") in exchange for the settlement benefits you will receive. You are therefore entitled to

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount you would receive under the proposed settlement. That amount is not guaranteed and is provided solely for informational purposes.

receive notice of the settlement and an opportunity to object to or comment on its terms, including the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment. Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments, provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments. Class Members who were spouses of Plan participants at the time of the original payment are entitled, after the death of the former Plan participant, to (1) future survivor annuity payments for the rest of the spouse's life (effective August 1, 2025); and (2) a one-time payment to make up for alleged missed prior annuity payments that the spouse should have received after the death of the former Plan participant (but not the value of the missed payments to the former Plan participant, because that is paid to the former Plan participant's estate). Successors to deceased former Plan participant Class Members are not entitled to future annuity payments but, if the settlement is approved, are entitled to a one-time payment to make up for alleged prior annuity payments that the deceased Plan participant Class Member should have received prior to his or her death.

**THE CLASS IS DEFINED AS**:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

To be a Class Member, you must also be listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition. If your spouse's name is listed on Attachment A, they have been identified as a Class Member.

Note, however: if the Spouse Class Member to whom this notice is addressed whose name appears on the first page of this notice is deceased, the settlement benefit that the Spouse Class Member would have received under this Settlement will instead be paid to the Spouse Class Member's Successor(s), as discussed in Q&A 5 below.

**THE BASIC FACTS OF THE LITIGATION ARE:**

• This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York. Judge Lorna G. Schofield is presiding.

• The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan. Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs." The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants." Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that purpose ("Class Counsel"). Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

• On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you. The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of

the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. You may appear at the hearing, but you are not required to do so. If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____. Instructions for making written objections are included at Q&A 10 in this notice.

• See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

| 1. Why Did I Receive This Notice? |
|---|

The Court ordered this notice to be sent to you because you have been identified as a member of the Class defined above. As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval. You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

| 2. What Is The Class Action About? |
|---|

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989. July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum. Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity. In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit. The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

| 3. Why Is There A Settlement? |
|---|

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016. Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required. The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025. The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions. However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan. After extensive study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

| 4. What Does The Proposed Settlement Provide? |
|---|

**A. What is the Total Settlement Amount and Settlement Benefit Fund?**

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class. These expenses, each of which must be specifically approved by the Court, are: (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement administration costs; and (3) Class Counsel's attorneys' fees and expenses. If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses. Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon. Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million. In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000. The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally. The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for a service award, settlement administration costs, and Class Counsel's attorneys' fees and expenses.

## B.  What do Class Members Get in the Settlement?

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million. The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum. Your net settlement benefits, as well as those for each Class Member, will not be based on an average. Instead, if the settlement amounts are approved by the Court, the amount of each Class Member's (or their Successor's) one-time payment to make up for alleged missed prior annuity payments and future monthly annuity payments will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should be paying you and should have paid you as an annuity (retroactive to the date of death of the Participant Class Member, which includes an adjustment for any prior annuity payments you may have received, and any retroactive annuity payment you may have received around 2014), brought forward with interest, minus a *pro rata* discount in exchange for Defendants' agreement to settle. This avoids the risk that the Class will end up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only. They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon. Please note payments made under the settlement may also be subject to applicable tax withholding.

## C.  What Do Class Members Give Up in the Settlement?

In exchange for the referenced settlement benefits, Class Members, Spouses, and Successors release all claims they have against the Defendants relating to the Plan. More specifically, every Releasor, including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and related parties from

any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits, the form, content, and delivery of notice, and the administration of the settlement.. The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their respective successors, assigns, beneficiaries, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind.  The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit), and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

This release also means that you will not be able to challenge the amount you receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

This is only a general summary of the release contained in Section 3 of the Settlement Agreement.  See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court.  See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

| 5. | How Will I Receive My Share Of The Settlement? |
|---|---|

If the Court approves the settlement and it becomes final, the net settlement benefit will be paid to you in the form of (1) a one-time payment to make up for alleged missed prior annuity payments and (2) future monthly annuity payments (or an increase in your monthly annuity payments if you are already receiving an annuity).  All payments will be made by check mailed to your address or via electronic payment if you are currently receiving annuity payments from the Plan in that form.  Attached to your copy of this notice is a Payment Information Form providing for updated contact information, if you have moved or changed address. If the Payment Information Form is not completed, payment will be made to the same address as this notice was sent to, so if the current information is correct, no action will be required on your part to receive payment.

If the current information is not correct, he form should be completed and emailed or mailed to the Notice Administrator at the following address:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxx
E-mail:  xxxxxxxxxxxxxx

Note: If the Spouse Class Member to whom this notice is addressed and whose name appears on the first page of this notice is deceased, please indicate that fact on the Personal Information Form, complete Part A of the Form ("If the Spouse Class Member to Whom the Notice is Addressed is Deceased") and promptly return it to the Notice Administrator for appropriate action consistent with the settlement terms, *i.e.* that payment of the prior missed payments can be made to the Spouse Class Member's Successor(s).

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

---

**6.    When Will I Receive My Share Of The Settlement?**

---

The timing of the distribution of the Settlement Benefit Fund to Class Members will depend on when, if approved, the Court's approval of the settlement becomes final under the law.  Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final.  If the settlement is approved and becomes final, you should be paid your one-time payment to make up for the alleged missed prior annuity payments and begin receiving future monthly annuity payments within approximately 90 days after the settlement is final.

---

**7.    Can I Be Excluded From The Settlement?**

---

No.  If the Court approves the settlement, you will be bound by it.  By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

---

**8.    Do I Have A Lawyer In The Case?**

---

Yes.  The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel.  Contact information for Mr. Gottesdiener is included in Q&A 10 below.  If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

---

**9.    How Will Class Counsel Be Paid?**

---

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses.  You have a right to review Class Counsel's motion and object to the amounts requested.  You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

---

**10.    How Do I Tell The Court If I Don't Like The Proposed Settlement?**

---

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method to be used to determine the amount that will be allocated to you under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award.  To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony.  Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to the settlement, and all documentation that supports your objection.  **Your written objection must be received by the Court by** _____.  Your objection must be sent to the following address:

U.S. District Court for the Southern District of New York
Attn:  *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
40 Foley Square
New York, NY 10007-1312

**You will not be able to challenge the amount you receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |
| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

## 11.   When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?

The Court will decide whether to give final approval to the settlement at what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them.  At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

## 12.   Do I Have To Attend The Fairness Hearing?

No, but you are invited to attend (at your own expense).

## 13.   May I Speak At The Fairness Hearing?

Yes, but only if you file a written objection as described in Q&A above.

## 14.   What Happens If I Do Nothing At All Now?

If you do nothing at all now and the settlement is finally approved, you will receive your share of the Settlement Benefit Fund shortly after the approval becomes final, as described in Q&A 6 above.

## 15.   How Do I Get More Information?

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be

obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

Dated: _____, 2025.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

If your name or address listed on the left is
incorrect, please make changes here:

Claim # *XXXX*
*Firstname Lastname*                    _____
*Address1*                              _____
*Address2*                              _____
*City, State Zip*                       _____

## **PERSONAL INFORMATION**

This form applies to you if (a) you need your settlement payment sent to an address that is different than the one listed above, or (b) the Spouse Class Member listed on this notice is deceased.

If you are a Spouse <u>Class Member</u> entitled to a settlement benefit as described in the attached notice *and reside at a different address than the one listed above*, you must make address changes where indicated above, sign where indicated below, and return this page before _____ [110 days after entry of the Preliminary Approval Order] to the Notice Administrator via email or regular mail.  Failure to timely do so will result in the check being mailed to the address above.

If the person to whom this notice is addressed and named on page 1 is deceased, please provide the information requested in **Section A** below and return the completed form to the Notice Administrator by email or mail for appropriate follow-up.

If the form needs to be returned, please email it to _____, or mail to:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xx
xxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxx

## A.      **If the Spouse Class Member to Whom the Notice is Addressed is Deceased**

If you are aware that the person to whom the notice is addressed and listed on page 1 is deceased, please complete (1) through (5), and, if you have information regarding the estate, complete (6), or, if you do not have information on the estate, complete (7):

**(1)** The date of death: _____
**(2)** Your name: _____
**(3)** Your relation to the decedent: _____
**(4)** Your telephone number: _____
**(5)** Your email address: _____
**(6)** If the decedent has an open estate, the following contact information for the estate:
      a.  Estate administrator's name: _____
      b.  Estate administrator's address: _____
                          _____
                          _____
      c.  Estate administrator's email: _____
      d.  Estate administrator's telephone: _____

**(7)** If the decedent does not have an open estate, please list the name(s), relationship to the decedent, and contact information (if available to you) of the person(s) who is, who are, or who you think may be

9

potential successors or who otherwise is handling the affairs of the decedent (including you, if applicable):

Contact 1                          Contact 2                          Contact 3

Name: _____    _____    _____
Address: _____    _____    _____
         _____    _____    _____
         _____    _____    _____
Email: _____    _____    _____
Telephone: _____    _____    _____


Please email or mail this page to the Notice Administrator as soon as possible.

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 3F to
# Class Action Settlement Agreement

## Proposed Mailed Notice

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **REBECCA M. McCUTCHEON and PAUL CAUFIELD** | : | |
| | : | |
| **On behalf of themselves and all others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **No. 16-cv-4170 (LGS)** |
| **v.** | : | |
| **COLGATE-PALMOLIVE CO., et al.,** | : | |
| **Defendants.** | : | |

<u>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**</u>

<u>PLEASE READ THIS NOTICE CAREFULLY.</u>

**To:**   [Name]

[Address ]

**Settlement ID Number:**   [ID] [Add "S-E" (Spouse-Estate) to Participant Class Member's ID]

As detailed below, a settlement has been reached by parties to this federal pension benefit class action lawsuit involving the Colgate-Palmolive Company Employees' Retirement Income Plan ("Plan" or "Colgate Plan"). The settlement has been preliminarily approved by the United States District Court for the Southern District of New York (the "Court"). You are receiving this Notice because you have been identified as the person who might be responsible for [Name's] estate (a "Successor"), which will be entitled to a settlement benefit if the Court finally approves the settlement. ("You" as used in this notice means you as the person responsible for, and on behalf of, the deceased Spouse's estate, receiving the money described below on behalf of the deceased Spouse's estate). In order for [Name's] estate to receive the money described below, you must prepare and submit the attached Successor Information Form, and provide the requested documentation. See Q&A 5 below. If you are not the person responsible for the estate, please complete and submit the Successor Information Form to the best of your ability so that we may identify and contact the person in charge of the estate.

If, after providing notice to you and other members of the certified Class, the Court finally approves the settlement, [Name's] estate will be awarded monetary benefits:

Estimated one-time settlement payment: **$XX,XXX.** (See Q&A 4 below.[1])

---

[1] As explained in Q&A 4, this amount is an estimate only, based on currently available data, of the amount [Name's] estate would receive under the proposed plan of allocation. That amount is not a guaranteed amount and is provided solely for informational purposes.

This Court-approved notice explains the lawsuit, the proposed settlement, and your rights—including your right to object to this settlement.  If the settlement is given final approval, you will be bound by its terms and will be deemed to have released all pension-related claims against the Plan and the Colgate-Palmolive Company ("Colgate") in exchange for the settlement benefits [Name's] estate will receive.  You are therefore entitled to receive notice of the settlement and an opportunity to object to or comment on its terms, including the benefits you would receive under the settlement and class counsel's request for attorneys' fees and expenses.

The Court certified a mandatory, non-opt-out class (the "Class") of certain persons ("Class Members") who received lump sum pension payments from the Plan and have the right under a retroactively effective Plan amendment to receive an additional payment in the form of an annuity that was to have commenced on the same day as the lump sum payment.  Under the proposed settlement, Class Members who were participants in the Plan would receive (1) future annuity payments (effective August 1, 2025), provided the Class Member (or the Class Member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) a one-time payment to make up for alleged missed prior annuity payments.  Successors to deceased spouses who should have received survivor annuity payments after the death of former Plan participant Class Member ("Spouses") are not entitled to future annuity payments but, if the settlement is approved, the estates of such Spouses are entitled to a one-time payment to make up for alleged missed annuity payments that, prior to the Spouse's death, the now-deceased Spouse should have received but did not receive following the death of the Plan participant Class Member.

**THE CLASS IS DEFINED AS**:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

To be a Class Member, you must also be listed on Attachment A to the Settlement Agreement, which reflects the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the above Class Definition.  The person listed at the top of this Notice has been identified as a Spouse of a former Plan participant who has been identified as a Class Member.

Note, however:  if a Class Member is deceased, the settlement benefit that the Class Member would have received under this Settlement will instead be paid to the Class Member's Successor(s), as discussed in Q&A 5 below.  Similarly, if a Spouse is deceased, the settlement benefit that the Spouse would have been entitled to will be paid to the Spouse's Successor(s).

**THE BASIC FACTS OF THE LITIGATION ARE:**

•    This is a class action lawsuit called *McCutcheon v. Colgate-Palmolive Co. et al.*, Case No. 16-CV-4170, filed in 2016 in the U.S. District Court for the Southern District of New York.  Judge Lorna G. Schofield is presiding.

•    The persons who brought this class action lawsuit are Rebecca McCutcheon and Paul Caufield, who are former employees of Colgate who were also participants in the Plan.  Ms. McCutcheon was appointed by the Court to be the Class representative in 2017. Ms. McCutcheon and members of the Class are referred to in this notice as "Plaintiffs."  The Plan, Colgate, the Employee Relations Committee of Colgate-Palmolive Co. (the "Committee"), and two former Committee members are the "Defendants."  Plaintiffs' attorney, Eli Gottesdiener, is the lawyer for the Class and was appointed by the Court for that purpose ("Class Counsel").  Further information regarding contacting Class Counsel appears in Q&A 8 and 10 below.

- On ____, 2025, the Court granted preliminary approval of the proposed settlement between Plaintiffs and Defendants and authorized issuing this notice to you. The Court also scheduled a hearing for _____, 202_ at ____ _.m. in courtroom 1106, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, on the parties' request for final approval of the settlement, as well as on Class Counsel's motion for attorneys' fees and expenses, settlement administration costs, and a service award for Ms. McCutcheon. You may appear at the hearing, but you are not required to do so. If you object to the settlement or class counsel's fee petition or related requests, you must do so in writing no later than _____. Instructions for making written objections are included at Q&A 10 in this notice.

- See Q&A 15 to learn how to obtain further information regarding the settlement, including a copy of the complete Settlement Agreement, Class Counsel's motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon, the parties' filings in the case, and all orders of the Court regarding the lawsuit and the settlement.

---

### 1.    Why Did I Receive This Notice?

The Court ordered this notice to be sent to you because you have been identified as a potential Successor of a Class Member's Spouse. As a result, you have a right to know about the proposed settlement, know about your rights and obligations under it (if it is approved) and know about your right to object to it or aspects of it before it is submitted to the Court for its final approval. You are also entitled to know, if the Court gives final approval to the settlement, information about the settlement benefit you would receive.

---

### 2.    What Is The Class Action About?

This case concerns the proper scope and interpretation of a 2005 amendment to the Plan that was retroactively effective as of July 1989. July 1989 is when Colgate converted the Plan to a cash-balance pension plan and for the first time allowed participants to receive their benefits in the form of a lump sum. Before that time, participants in the Plan could only receive their benefits in the form of a monthly annuity. In 2005, Colgate adopted the Residual Annuity Amendment ("RAA"), which conferred, on a retroactively effective basis, an additional benefit, in the form of an annuity, for certain Plan participants who had elected a lump sum after July 1, 1989 but had not received the full value of their Plan benefit. The lawsuit concerned how broad the RAA was, whom it covered and how it should be implemented.

---

### 3.    Why Is There A Settlement?

Plaintiffs filed suit in the United States District Court for the Southern District of New York in 2016. Defendants have denied that they incorrectly calculated RAA benefits and disputed that any miscalculations occurred or that any additional payments were required. The case was actively litigated in the Court, as well as in the applicable court of appeals, known as the United States Court of Appeals for the Second Circuit, from 2016 through 2025. The Class was certified by the Court in 2017.

Both sides continue to believe in the merits of their respective positions. However, they want to avoid the risk and expense of continued litigation and get the benefits contemplated by this settlement, including a final resolution of all claims, known and unknown, that have been or might be asserted in this lawsuit or any other claims by the Class Members and related parties concerning or arising out of the Plan. After extensive study and a period of intensive negotiations, which included mediation, the parties concluded that settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate and in their best interests.

| 4. | What Does The Proposed Settlement Provide? |
|---|---|

### A.  What is the Total Settlement Amount and Settlement Benefit Fund?

The proposed settlement would create a total settlement fund of $332,000,000 ($332 million), also known as the Total Settlement Amount.

If the Court approves the settlement, certain expenses connected to the lawsuit and settlement will be deducted from the Total Settlement Amount, leaving the Settlement Benefit Fund, which is the amount that will be available for distribution to the Class.  These expenses, each of which must be specifically approved by the Court, are:  (1) a service award to Ms. McCutcheon for her role in this litigation; (2) certain settlement administration costs; and (3) Class Counsel's attorneys' fees and expenses.  If the maximum amount requested by Plaintiffs and Class Counsel for these expenses are approved by the Court, the Settlement Benefit Fund is estimated to be approximately $232.7 million.

Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of a service award, settlement administration costs, and Class Counsel's attorneys' fees, costs and expenses.  Plaintiffs have agreed to seek a service award not in excess of $10,000 for Ms. McCutcheon.  Class Counsel has agreed to seek an award of attorneys' fees not in excess of 29% of the Total Settlement Amount and to seek reimbursement of out-of-pocket litigation costs and expenses incurred through the end of the lawsuit, not to exceed $2.9 million.  In addition, Plaintiffs and Class Counsel have agreed to seek settlement administration costs not to exceed $150,000.  The Court will not award more than these amounts and, if the Court awards less, the Settlement Benefit Fund available for distribution to Class Members will be increased proportionally.  The effect of any such potential increase in the Settlement Benefit Fund on each Class Member will vary depending on the Class Member's particular circumstances.

As described in Q&A 10, the Court will consider all objections from Class Members and Successors before awarding any amounts for a service award, settlement administration costs, and Class Counsel's attorneys' fees and expenses.

### B.  What do Class Members Get in the Settlement?

As indicated above, it is currently estimated that the Settlement Benefit Fund will be approximately $232.7 million.  The Class includes 1,177 members who are or were participants in the Plan, plus their spouses if a Class Member was married at the time they originally received their lump sum.  Your net settlement benefits, as well as those for each Class Member, will not be based on an average.  Instead, if the settlement amounts are approved by the Court, the amount of each Spouse Class Member's (or the Spouse's Successor's) one-time payment to make up for alleged missed prior annuity payments will be based on a calculation of what Ms. McCutcheon and Class Counsel argued the Plan should have paid to the Spouse prior to his or her death as a survivor annuity (retroactive to the death of the former Plan participant Class member, which includes an adjustment for any prior annuity payments the Spouse may have received, and any retroactive annuity payment the Spouse may have received around 2014), brought forward with interest, minus a *pro rata* discount in exchange for Defendants' agreement to settle.  This avoids the risk that the Class will end up with nothing or less than the amount of the settlement and the risk of further, perhaps multi-year delay.

Remember that settlement payment amounts on the first page are *estimates* only.  They are provided for informational purposes only and shall be subject to change to reflect, without limitation, (a) correction of any errors; and (b) the amount actually approved by the Court for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.  Please note payments made under the settlement may also be subject to applicable tax withholding.

### C.  What Do Class Members Give Up in the Settlement?

In exchange for the referenced settlement benefits, Class Members and Successors release all claims they have against the Defendants relating to the Plan.  More specifically, every Releasor, including you, will release, acquit, hold harmless, and forever discharge the Plan, its sponsor Colgate and related parties from any and all past, present and future claims, causes of action, demands, liability, obligations and rights whatsoever that were asserted or could have been asserted in the Litigation, whether actual or potential, known or unknown, and that, directly or indirectly, arise out of, or relate to, or concern in any way, the Plan, including but not limited to, its terms, administration, implementation or amendment, and any claims related to the settlement of this lawsuit, including, but not limited to, determination of Class Members, calculation of settlement benefits, the form, content, and delivery of notice, and the administration of the settlement.  The "Releasors," as defined in the Settlement Agreement, include Plaintiffs, Class Members, Class Members' Successors, and their respective successors, assigns, beneficiaries, dependents, heirs, administrators, executors, estates, personal trustees, personal agents, advisors and representatives of any kind.  The persons and entities released in the Settlement Agreement (the "Released Parties") include the Plan, Colgate, the Plan Sponsor, any committee of the Plan, including the Employee Relations Committee of Colgate-Palmolive Co. and its members (including the individual defendants in this lawsuit), and their respective affiliates, parents, subsidiaries, predecessors, successors, assigns, and each of their respective current and former fiduciaries, trustees, partners, principals, employees, members, directors, officers, agents, advisors, consultants, attorneys, actuaries, recordkeepers, insurers, representatives of any kind or any persons acting or purporting to act on their behalf.

This release also means that you will not be able to challenge the amount you receive in the settlement, other than by objecting in writing as described in Q&A 10 below.

This is only a general summary of the release contained in Section 3 of the Settlement Agreement.  See Q&A 15 to learn how to obtain a copy of the entire Settlement Agreement (which includes the release) and other related filings with the Court.  See Q&A 8 and 10 for information on how to contact Class Counsel to find out more information or have your questions about the settlement answered.

---

**5.    How Will I Receive My Share Of The Settlement?**

---

If the Court approves the settlement and it becomes final, the net settlement benefit will be paid by check in the form of a one-time payment to make up for the Spouse's alleged missed prior annuity payments. Enclosed with this notice is a <u>Successor Information Form</u> that you must complete and send to the Notice Administrator in order for the Plan to determine who is responsible for the Spouse's estate.

Even if you are not the person responsible for the estate, please complete and submit the <u>Successor Information Form</u> to the best of your ability so that we may identify and contact the person in charge of the estate.

The form should be completed and emailed or mailed to the Notice Administrator at the following address:

McCutcheon v. Colgate Settlement Notice Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxx
E-mail:  xxxxxxxxxxxxxx

If you have any questions about the benefit payment procedure, you can contact the Notice Administrator at:

E-mail:  xxxxxxxxxxxxxxx
Telephone:  xxxxxxxxxxxxxx

---

**6.    When Will The Estate Receive Its Share Of The Settlement?**

The timing of the distribution of the Settlement Benefit Fund to Class Members or their estates will depend on when, if approved, the Court's approval of the settlement becomes final under the law.  Should someone file an appeal challenging some aspect about the settlement, a distribution of the settlement proceeds would not occur unless and until such an appeal was resolved and the settlement became final.  If the settlement is approved and becomes final, the Spouse's estate should be paid its one-time payment to make up for the alleged missed prior annuity payments within approximately 90 days after the settlement is final.

---

**7.    Can I Be Excluded From The Settlement?**

No.  If the Court approves the settlement, you will be bound by it.  By the same token, you do not need to do anything now to share in the benefits of an approved settlement.

---

**8.    Do I Have A Lawyer In The Case?**

Yes.  The Court has appointed Plaintiffs' counsel Eli Gottesdiener of the Gottesdiener Law Firm, PLLC as Class Counsel.  Contact information for Mr. Gottesdiener is included in Q&A 10 below.  If you want to be represented by your own lawyer at this time, you are free to obtain separate counsel at your own expense.

---

**9.    How Will Class Counsel Be Paid?**

As explained in Q&A 4A above, Class Counsel will, no later than 45 days prior to the final approval hearing, file a motion for approval of Class Counsel's attorneys' fees and expenses.  You have a right to review Class Counsel's motion and object to the amounts requested.  You can obtain a copy of that motion and supporting documentation either by contacting Class Counsel directly or by following the instructions for obtaining more information in Q&A 15 below.

---

**10.    How Do I Tell The Court If I Don't Like The Proposed Settlement?**

You can tell the Court you object to the settlement if you do not agree with the proposed settlement, including the method to be used to determine the amount that will be allocated to the Spouse's estate under the settlement, the amounts requested for attorneys' fees and expenses, settlement administration costs and Ms. McCutcheon's service award.  To object, you must send the Court a notice of your objection, along with a written statement that indicates all bases for your objection, all documentation in support of your objection, legal authority, if any, supporting your objection, as well as a notice of intention to be heard if you intend to appear at the hearing described in Q&A 11 and, if you intend to appear, a list of witnesses you may call for live testimony.  Be sure to include your name, address, telephone number, and signature, as well as a full explanation of why you object to the settlement, and all documentation that supports your objection.  **Your written objection must be received by the Court by _____.**  Your objection must be sent to the following address:

U.S. District Court for the Southern District of New York
Attn:  *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170
40 Foley Square
New York, NY 10007-1312

6

**You will not be able to challenge the amount the Spouse's estate will receive under the settlement with anyone, including the Plan administrator, except by objecting with the Court as described in this notice.**

**Your written objection must also be simultaneously mailed to these lawyers listed below.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Eli Gottesdiener | Robert Newman |
| Gottesdiener Law Firm, PLLC | Nicholas Pastan |
| 498 7th Street | Covington & Burling LLP |
| Brooklyn, NY 11215 | 850 Tenth St, NW |
| eli@gottesdienerlaw.com | Washington, DC 20001 |
| | rnewman@cov.com |
| | npastan@cov.com |

---

**11.   When And Where Will The Court Decide Whether To Give Final Approval Of The Settlement?**

The Court will decide whether to give final approval to the settlement at what is known as a "fairness hearing" to be held at ___ _.m. on _____, 202_ at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in courtroom 1106.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the judge will consider all of them. At or after the hearing, the Court will decide whether to approve the settlement and decide the motion for attorneys' fees and expenses, settlement administration costs and a service award for Ms. McCutcheon.

---

**12.   Do I Have To Attend The Fairness Hearing?**

No, but you are invited to attend (at your own expense).

---

**13.   May I Speak At The Fairness Hearing?**

Yes, but only if you file a written objection as described in Q&A 10 above.

---

**14.   What Happens If I Do Nothing At All Now?**

If you do nothing at all now and the settlement is finally approved, the Spouse's estate will receive its share of the Settlement Benefit Fund shortly after the approval becomes final, as described in Q&A 6 above.

---

**15.   How Do I Get More Information?**

More detailed information about the lawsuit and proposed settlement, including the key pleadings and filings of the parties, the orders and rulings entered by the Court, and the Settlement Agreement, may be obtained (1) at the following website, www.ColgatePensionClassAction.com; (2) by requesting them directly from Class Counsel (see Q&A 8 and 10 above); (3) at the Office of the Clerk, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, during regular business hours; or (4) by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov, which permits inspection of the papers filed in the case online.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS
COUNSEL, NOT THE COURT.**


Dated: ____, 2025.

                                              **UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

As explained in the accompanying Notice of Class Action Settlement and Fairness Hearing, if the proposed settlement is finally approved by the Court, the estate of deceased Class Member [Name] (the "Decedent") is entitled to a monetary payment from the Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan").[1]  In order for the estate to receive that payment, the executor of the estate or personal responsible for the affairs of the Decedent (the "Successor(s)") must be correctly identified.   That is the purpose of this Successor Information Form.

| INSTRUCTIONS |
| --- |

Please complete the appropriate sections below depending on whether you are:
- The executor of the estate
- A person with knowledge of the Decedent but not the executor of the estate

Complete as follows:
- **If you are the executor of the Decedent's estate**, complete Part 1 and Part 2, and provide the information requested in Part 2.  Sign the Successor Attestation on the last page of this Form.

- **If you are not the executor, but you have information about Potential Successors,** please complete Part 1 and Part 3, and provide the information requested in Part 3. Sign the Successor Attestation on the last page of this Form.

Return all pages of this Successor Information Form and the requested documents as applicable to the Notice Administrator:

By mail:  [insert mailing address]
By email: [email address]

For questions about or assistance with this Form, you can contact the Notice Administrator at [phone] or via email at [email address].

---

[1] If the Decedent does not have open estate, an estate for the Decedent will need to be opened (or reopened) in order to receive the settlement benefit payment.

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

| | |
|---|---|
| **PART 1** | • To be completed by **all respondents**<br>• Please provide the following information about yourself<br>• Please PRINT CLEARLY |
| **DATE OF DECEDENT'S DEATH** | |
| **YOUR NAME** | |
| Mailing address (Street address, City, State, Zip Code) | |
| **YOUR PHONE NUMBER** | |
| **YOUR EMAIL ADDRESS** | |
| **YOUR RELATIONSHIP TO THE DECEDENT** | ❑  Executor of Decedent's estate<br>❑  Decedent's Spouse<br>❑  Decedent's Child<br>❑       ❑       Decedent's Sibling<br>❑       ❑       Decedent's Parent<br>❑  Other – please explain: |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| PART 2 | • To be completed if you are **the executor of the Decedent's estate**<br>• Attach and return the requested information and mark it as 'Part 2' | |
|---|---|---|
| | **Item to be attached/itemized** | **Check to indicate that the item is enclosed** |
| a. | Documentation showing that you are the executor, along with the Tax Identification Number of the estate | ❑ |
| b. | A copy of the Decedent's death certificate | ❑ |
| c. | Legal proof of estate administration (such as Letters Testamentary or Letters of Administration) | ❑ |

| PART 3 | • To be completed if you are **not the executor of the Decedent's estate but you have information about Potential Successor(s)**.<br>• Attach and return the requested information as applicable, and mark it as 'Part 3'<br>• Please PRINT CLEARLY | |
|---|---|---|
| | **Item** | **Information** |
| a. | Estate executor:  Provide the name and contact information (if known) of the person who is or may be the estate executor | |
| b. | **If there is no executor, then please provide the following**: | i.    State in which the Decedent was living at the time of death: _____<br><br>ii.   Attach proof of legal authorization to direct Decedent's affairs (will, trust, court order or any other documentation) and mark it as Part 3 **or check here if not available**: _____<br><br>iii.  The name and contact information (if available to you) of any other Potential Successor(s), including family members and/or other potential beneficiaries of the Decedent's Estate |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| Potential Successor 1 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

| Potential Successor 2 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| Potential Successor 3 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

If you need more space to identify Potential Successors, please attach a separate page with their information (including name, address, and contact information), label it Part 3, and include it when you return this Successor Information Form.

**ALL RESPONDENTS MUST COMPLETE
THE SUCCESSOR ATTESTATION ON THE NEXT PAGE**

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

**Successor Attestation**

I declare under penalty of perjury under the laws of the United States of America, *see* 28 U.S.C. § 1746, that the information provided by me on this Successor Information Form and the accompanying documents being provided to the Plan are true and correct.

**Dated: _____ _____, 202__.**

_____
**Signature**

_____
**Print Name**

6

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 4 to
# Class Action Settlement Agreement

## Proposed Publication Notice

**<u>Notice of Proposed Class Action Settlement</u>**
**This Legal Notice May Affect Your Rights**
**Please Read It Carefully**

A settlement has been proposed in a class action lawsuit regarding the Colgate-Palmolive Co. Employees' Retirement Income Plan (the "Plan") sponsored by Colgate-Palmolive Co. ("Colgate") that is now pending in the United States District Court of the Southern District of New York (the "Court"). The settlement has been preliminarily approved by the Court.

**Who is Included in the Class?**

The Class is a mandatory non-opt-out class of Plan participants who received lump sum pension payments from the Plan and may have a right under a Plan amendment to receive an additional payment in the form of an annuity. The Class is defined as:

> any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

In addition, to be a member of the Class, you must be identified on the spreadsheet maintained by the parties and included as part of the settlement agreement for purposes of administering the settlement.

**What is the Case About?**

This is a federal pension benefit class action seeking annuity benefits under the Residual Annuity Amendment (the Plan amendment referenced above). It alleges that the Plan failed to calculate benefits in accordance with the terms of the Amendment and federal pension law, resulting in underpayments to Plan participants. Defendants deny that any miscalculations occurred or that any additional payments are required. However, after more than 9 years of litigation, the parties have decided to settle the case to avoid the risk and expense of continued litigation.

**What Does the Proposed Settlement Provide?**

The settlement, which must be approved by the Court, creates a total settlement fund of $332 million, which will be used to pay benefits to class members, attorney's fees and expenses, a service award for the Class Representative (if any), and settlement administration costs. If the settlement receives final approval, class members would receive (1) future annuity payments (or an increase in future annuity payments that the Plan is already paying), provided the Class member (or the Class member's spouse at the time of the original payment) is alive as of August 1, 2025; and (2) an immediate lump sum to make up for missed prior annuity payments. Heirs of deceased participant- or spouse-Class members would only receive the lump sum for prior missed annuity payments.

**What Do You Need To Do?**

You need do nothing if you received a Notice of Class Action Settlement and Fairness Hearing in the mail.  If you did not receive such a Notice and believe you are included in the Class, you should inform Class Counsel and Defense Counsel who are listed below.  Class Members may not opt out of the settlement.  If the Court approves the settlement, Class Members (or heirs) will receive payment directly via check.

**Objections to the Proposed Settlement**

A hearing will be held before the Honorable Lorna Gail Schofield at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007-1312, in Courtroom 1106, on _____ __, 202_ at ____ __.m.  This hearing is known as the "Fairness Hearing."  Class Members may appear at the Fairness Hearing, in person or by counsel of his or her own choice at his or her own expense, and oppose the fairness, reasonableness, and adequacy of the settlement, the application for an award of attorney's fees and expenses, settlement administration costs or a service award for the Class Representative.  To oppose, the Class Member must, on or before _____ __, 202_, file with the Clerk of the Court a notice of intention to appear and a written statement that indicates all bases for objection, all documentation in support of the objection, and legal authority, if any, supporting the objection, and a list of witnesses in support of the objection.  The Class Member must provide copies to Class Counsel and Defense Counsel, received no later than _____ __, 202_, who are:

Eli Gottesdiener (Class Counsel)
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY  11215
(718) 788-1500
eli@gottesdienerlaw.com

Robert Newman (Defense Counsel)
Nicholas Pastan  (Defense Counsel)
Covington & Burling LLP
850 Tenth St, NW
Washington, DC 20001
(202) 662-5125
rnewman@cov.com
npastan@cov.com

**How Do You Obtain More Information?**

More information may be obtained by inspecting the papers concerning this lawsuit at the Office of the Clerk, United States District Court for the Southern District of New York, during regular business hours; or by registering and paying a modest fee to the PACER service, www.pacer.psc.uscourts.gov; or by contacting Class Counsel, noted above, or by visiting ColgatePensionClassAction.com.

**ALL INQUIRIES CONCERNING THIS NOTICE SHALL BE DIRECTED TO CLASS COUNSEL, NOT THE COURT.**

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 5 to
# Class Action Settlement Agreement

## CAFA Notice

[DATE]

**VIA FEDERAL EXPRESS**

[Name]
[Department]
[Address]

Re:    *McCutcheon, et al. v. Colgate-Palmolive Co., et al.*,
       Case No. 16-cv-4170-LGS (S.D.N.Y.)
       <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear [Sir/Madam]:

Defendants Colgate-Palmolive Co., Colgate-Palmolive Co. Employees' Ret. Income Plan, Employee Relations Committee of Colgate-Palmolive Co., Laura Flavin, and Daniel Marsili (collectively, "Defendants") hereby provide this Notice of a Proposed Class Action Settlement in the above-referenced matter pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with its obligations under CAFA, Defendants enclose the following:

**(1)    The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiff's Complaint as filed in *McCutcheon, et al. v. Colgate-Palmolive Co., et al.*, 16-cv-4170-LGS (S.D.N.Y.), can be found on the enclosed USB as Exhibit 1.

**(2)    Notice of any scheduled judicial hearing in the class action.**

Plaintiff's Motion for Preliminary Approval, provided on the enclosed USB as Exhibit 2, was filed with the Court on August 29, 2025. The Court has not yet scheduled a hearing to consider preliminary approval of the settlement or a final fairness hearing regarding the settlement.  If and when the Court schedules any such hearings, the dates of those hearings and other relevant information can be found via PACER as follows: (1) enter PACER through https://ecf.nysd.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 16-cv-4170-LGS, (4) click on "Run Query," and (5) click on the link "Docket Report." Information regarding any such hearings will be found on the docket.

**(3)    Any proposed or final notification to class members.**

The proposed Mailed Notices and proposed Publication Notice to the settlement class are provided on the enclosed USB as Exhibits 3A–3F (Proposed Mailed Notices) and Exhibit 4 (Proposed Publication Notice).  As the notices explain, there is no right to opt out of the settlement.

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties (including Exhibits 1-7) and as submitted to the Court can be found on the enclosed USB as Exhibit 5. There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)    A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online through the process described in section (2) above.

**(6)    Number of class members who reside in each state.**

To the best of Defendants' current knowledge and belief there are approximately 1,177 Class Members.  A list of the names of all Class Members currently known to Defendants is provided on the enclosed USB as Exhibit 6.  Defendants do not currently have access to information sufficient to identify the Class members who reside in each state, or to make a reasonable estimate of the number of class members residing in each state.  *See* 28 U.S.C. § 1715(b)(7)(A)-(B).  Given the age of this case, Defendants are unable to determine where class members currently reside with accuracy.  This information may become available to the Notice Administrator if the Court approves the settlement.

**(7)    Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered an order granting preliminary approval to the settlement and has not issued any other decisions relating to the materials described in this correspondence.

Upon entry, a copy of any such order or decision can be accessed via PACER using the process described in section (2) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be accessed via PACER using the process described in section (2) above.

If you have questions about this notice, the lawsuit, or the enclosed materials, please do not hesitate to contact me.

Sincerely,


Nicholas Pastan, Esq.


Enclosures
- USB

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 6 to
# Class Action Settlement Agreement

## Successor Information Form

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

As explained in the accompanying Notice of Class Action Settlement and Fairness Hearing, if the proposed settlement is finally approved by the Court, the estate of deceased Class Member [Name] (the "Decedent") is entitled to a monetary payment from the Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan").[1]  In order for the estate to receive that payment, the executor of the estate or personal responsible for the affairs of the Decedent (the "Successor(s)") must be correctly identified.   That is the purpose of this Successor Information Form.

---

**INSTRUCTIONS**

---

Please complete the appropriate sections below depending on whether you are:
- The executor of the estate
- A person with knowledge of the Decedent but not the executor of the estate

Complete as follows:
- **If you are the executor of the Decedent's estate**, complete Part 1 and Part 2, and provide the information requested in Part 2.  Sign the Successor Attestation on the last page of this Form.

- **If you are not the executor, but you have information about Potential Successors,** please complete Part 1 and Part 3, and provide the information requested in Part 3. Sign the Successor Attestation on the last page of this Form.

Return all pages of this Successor Information Form and the requested documents as applicable to the Notice Administrator:

By mail:  [insert mailing address]
By email: [email address]

For questions about or assistance with this Form, you can contact the Notice Administrator at [phone] or via email at [email address].

---

[1] If the Decedent does not have open estate, an estate for the Decedent will need to be opened (or reopened) in order to receive the settlement benefit payment.

*McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

| | |
|---|---|
| **PART 1** | • To be completed by **all respondents** <br> • Please provide the following information about yourself <br> • Please PRINT CLEARLY |
| **DATE OF DECEDENT'S DEATH** | |
| **YOUR NAME** | |
| Mailing address (Street address, City, State, Zip Code) | |
| **YOUR PHONE NUMBER** | |
| **YOUR EMAIL ADDRESS** | |
| **YOUR RELATIONSHIP TO THE DECEDENT** | ❑  Executor of Decedent's estate <br> ❑  Decedent's Spouse <br> ❑  Decedent's Child <br> ❑      ❑      Decedent's Sibling <br> ❑      ❑      Decedent's Parent <br> ❑  Other – please explain: |

2

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| PART 2 | • To be completed if you are **the executor of the Decedent's estate**<br>• Attach and return the requested information and mark it as 'Part 2' | |
|---|---|---|
| | **Item to be attached/itemized** | **Check to indicate that the item is enclosed** |
| a. | Documentation showing that you are the executor, along with the Tax Identification Number of the estate | ❑ |
| b. | A copy of the Decedent's death certificate | ❑ |
| c. | Legal proof of estate administration (such as Letters Testamentary or Letters of Administration) | ❑ |

| PART 3 | • To be completed if you are **not the executor of the Decedent's estate but you have information about Potential Successor(s)**.<br>• Attach and return the requested information as applicable, and mark it as 'Part 3'<br>• Please PRINT CLEARLY | |
|---|---|---|
| | **Item** | **Information** |
| a. | Estate executor:  Provide the name and contact information (if known) of the person who is or may be the estate executor | |
| b. | **If there is no executor, then please provide the following**: | i.    State in which the Decedent was living at the time of death: _____<br><br>ii.    Attach proof of legal authorization to direct Decedent's affairs (will, trust, court order or any other documentation) and mark it as Part 3 **or check here if not available**: _____<br><br>iii.    The name and contact information (if available to you) of any other Potential Successor(s), including family members and/or other potential beneficiaries of the Decedent's Estate |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| Potential Successor 1 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

| Potential Successor 2 | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

*McCutcheon v. Colgate-Palmolive Co., et al.*
Successor Information Form

| **Potential Successor 3** | |
|---|---|
| Name | |
| Relationship to Decedent | |
| Street address 1 | |
| Street address 2 | |
| City, State, Zip | |
| Phone Number | |
| Email | |

If you need more space to identify Potential Successors, please attach a separate page with their information (including name, address, and contact information), label it Part 3, and include it when you return this Successor Information Form.

**ALL RESPONDENTS MUST COMPLETE
THE SUCCESSOR ATTESTATION ON THE NEXT PAGE**

## *McCutcheon v. Colgate-Palmolive Co., et al.*
## Successor Information Form

**Successor Attestation**

I declare under penalty of perjury under the laws of the United States of America, *see* 28 U.S.C. § 1746, that the information provided by me on this Successor Information Form and the accompanying documents being provided to the Plan are true and correct.

**Dated: _____ _____, 202___.**

_____
**Signature**

_____
**Print Name**

*McCutcheon, et al. v. Colgate-Palmolive Co., et al.,*
16-cv-4170 (LGS) (S.D.N.Y.)

# EXHIBIT 7 to
# Class Action Settlement Agreement

## Proposed Plan Amendment

PROPOSED

## AMENDMENT [3Q2025-I]

## COLGATE-PALMOLIVE COMPANY
## EMPLOYEES' RETIREMENT INCOME PLAN

WHEREAS, Colgate-Palmolive Company (the "Company") maintains the Colgate-Palmolive Company Employees' Retirement Income Plan (the "Plan") for the benefit of eligible employees of the Company and certain designated affiliated companies;

WHEREAS on December 10, 2015, the Board of Directors of the Company resolved that subject to certain restrictions, the Employee Relations Committee (the "Committee") is authorized to take certain actions, including adopting plan amendments to certain plans or arrangements sponsored by the Company; and

WHEREAS, the Committee desires to amend the Plan to reflect benefits payable under the Plan pursuant to the Settlement Agreement that was filed with the District Court for the Southern District of New York in *McCutcheon v. Colgate-Palmolive Co.*, No. 16-cv-4170 (LGS) on August 29, 2025.

NOW THEREFORE, the Plan is hereby amended, effective [DATE]:

1. The first sentence of the second paragraph under Section 6.4(b)(i) of the Plan is amended in its entirety to read as follows:

   "A Member **(other than a Member who is subject to Appendix L)** who, under any of Appendices B, C or D, is entitled to a greater benefit than his Account and who elects to receive an amount equal to his Account under this Lump Sum Payment Option, shall receive in addition to such lump sum payment an additional benefit, commencing at the same time and payable in the standard form applicable to such Member under Sections 6.2 or 6.3."

2. Effective [DATE], a new Appendix L shall be added to the Plan to read in its entirety as follows:

## "APPENDIX L
## SETTLEMENT BENEFITS

This Appendix L sets forth the benefits provided under the Plan on and after August 1, 2025, pursuant to the Settlement Agreement (defined below), to certain Members who received a lump sum payment from the Plan prior to August 1, 2025, and their Spouses (determined as of the applicable Member's Benefit Commencement Date). Benefit payments to a Member under the Settlement Agreement and this Appendix L generally represent a residual annuity payable to the Member (in addition to the prior lump sum distribution), as of the Benefit Commencement Date for the Member's lump sum distribution, in the standard form

applicable to such Member under Section 6.2 or Section 6.3, based on the Member's marital status on the Benefit Commencement Date. For avoidance of doubt, except to the extent required by this Appendix L, the benefits provided under this Appendix L shall be subject to the generally applicable provisions of the Plan, including Articles 7, 8, 9, 10, 11, 12, and 13. This introductory paragraph is for informational purposes only, and the determination of the actual benefits payable under this Appendix L are as described in the remainder of this Appendix L.

1. **Definitions**

The definitions in Article 1 of the Plan shall apply to this Appendix L, except as specified otherwise in this Appendix. Solely for purposes of this Appendix L, the following words and phrases shall have the following meanings unless a different meaning is plainly required by the context:

(a) **Actual Payment Date**

Actual Payment Date for an Appendix L Individual means, with respect to the Single Sum Settlement Benefit, the date on which the Single Sum Settlement Benefit is paid, and, with respect to the Annuity Settlement Benefit, the date on which the Annuity Settlement Benefit begins to be paid. For the avoidance of doubt, the Actual Payment Date is different from the Benefit Commencement Date with respect to which benefits are paid under this Appendix L.

(b) **Annuity Member Settlement Benefit**

Annuity Member Settlement Benefit means, with respect to an Appendix L Individual designated as a Member, the annuity benefit, if any, listed in Column [V] of the Settlement Spreadsheet, payable to such individual (subject to the payment terms herein) on the first day of each month, as long as such individual is alive on each such payment date, beginning as of August 1, 2025 and ending on the first day of the month coincident with or preceding the date of death, for the life of such Appendix L Individual.

(c) **Annuity Settlement Benefit**

Annuity Settlement Benefit means, with respect to an Appendix L Individual who is designated as a Member, the Annuity Member Settlement Benefit, and, with respect to an Appendix L Individual who is designated as a Spouse, the Annuity Spouse Settlement Benefit.

(d) **<u>Annuity Spouse Settlement Benefit</u>**

Annuity Spouse Settlement Benefit means, with respect to an Appendix L Individual designated as a Member's Spouse, the annuity benefit, if any, listed in Column [W] or [X] (as applicable) of the Settlement Spreadsheet, payable to such individual (subject to the payment terms herein) on the first of day of each month, as long as such individual is alive on each such payment date, beginning as of the later of (i) August 1, 2025 or (ii) the first day of the month following the month of the Member's death and ending on the first day of the month coincident with or preceding the date of death for the life of such Spouse Appendix L Individual.

(e) **<u>Appendix L Individual</u>**

Appendix L Individual means an individual identified as a class member in the Settlement Spreadsheet. For clarity, Appendix L Individuals include Members (and alternate payees of Members) listed in Columns C and D of the Settlement Spreadsheet and Spouses listed in Column H of the Settlement Spreadsheet.

(f) **<u>Benefit Commencement Date</u>**

Benefit Commencement Date means, with respect to the benefits described in this Appendix L, the Benefit Commencement Date for the original lump sum paid under the Plan other than this Appendix L to the Member who is, or who is the Spouse of, the Appendix L Individual (as applicable).

(g) **<u>Interest Date</u>**

Interest Date means the latest of (i) the date that is 90 days after the "Approval Date," as defined in the Settlement Agreement, (ii) April 1, 2026, and (iii) solely with respect to a monthly Annuity Settlement Benefit payment for a month that occurs after the dates in (i) and (ii), the first day of the month following the month such payment is payable.

(h) **<u>Settlement Agreement</u>**

Settlement Agreement means the settlement agreement that was filed with the District Court for the Southern District of New York in *McCutcheon v. Colgate-Palmolive Co.*, No. 16-cv-4170 (LGS) on August 29, 2025.

(i) **<u>Settlement Spreadsheet</u>**

Settlement Spreadsheet means the "Payment Spreadsheet" as defined in the Settlement Agreement.

(j) **Single Sum Settlement Benefit**

Single Sum Settlement Benefit means, with respect to an Appendix L Individual, the single sum benefit payable to such individual as listed in column [AA] (with respect to a Member Appendix L Individual) and in column [AC] (with respect to a Spouse Appendix L Individual) of the Settlement Spreadsheet, which represents a make-up payment for missed annuity payments (inclusive of interest) from the Benefit Commencement Date through July 31, 2025.

(k) **Spouse**

Spouse means the Appendix L Individual, if any, who is designated on the Settlement Spreadsheet as a Member's Spouse on the Member's Benefit Commencement Date. No other spouse is entitled to benefits under the Plan as an Appendix L Individual.

(l) **Successor**

Successor has the meaning provided in Section 2(d).

2. **Settlement Benefits**

(a) **Benefits Payable on Actual Payment Date.**  On the Actual Payment Date, an Appendix L Individual (or their Successor) shall receive the following payments:

(i) **Make-Up Payment for Past Periods.**  The Single Sum Settlement Benefit for such Appendix L Individual.

(ii) **Payment for Interim Annuity Amounts.**  If the Appendix L Individual is alive on August 1, 2025, an amount equal to the sum of the Annuity Settlement Benefits payable each month from August 1, 2025, until the month before the Actual Payment Date or, if earlier, the month that includes the Appendix L Individual's date of death (to the extent not previously paid), except as provided in the next sentence.  In the case of a Spouse, if the associated Member dies after August 1, 2025, but before the Actual Payment Date, such Spouse shall receive an amount equal to the sum of the Annuity Spouse Settlement Benefit payable beginning on the first day of the month following the month of the Member's death until the month before the Actual Payment Date (to the extent not previously paid).

(b) **Ongoing Annuity Payments.**  An Appendix L Individual shall receive each month the Annuity Settlement Benefit for such Appendix L Individual as follows:

(i) For a Member, payment will begin on the Actual Payment Date and will be made for each month the Appendix L Individual is alive.

(ii) For a Spouse, payment will begin on the later of (x) the Actual Payment Date and (y) the first day of the month after the death of the associated Member who is an Appendix L Individual, and will be made for each month the Spouse is alive.

For the avoidance of doubt, where a Member's Spouse dies before the Member, the Annuity Member Settlement Benefit shall cease upon the Member's death and no Annuity Spouse Settlement Benefit shall be payable.

(c) **Payment Deadline and Interest.**  The deadline for payment to begin to an Appendix L Individual (or a Successor) shall be the later of (1) the date that is 90 days after the "Approval Date," as defined in the Settlement Agreement, and (2) April 1, 2026 (the "Initial Payment Deadline"); provided, however, that actual payment may occur before the Initial Payment Deadline (but after the Approval Date) if reasonably practicable or later than the Initial Payment Deadline if not reasonably practicable to pay by the Initial Payment Deadline.  For purposes of the preceding sentence, payment is not practicable until the identity of the payee has been verified by the Employee Relations Committee (or delegate thereof) (the "Plan Administrator"), in its sole discretion, and the Plan Administrator has received tax withholding information as reasonably required.

To the extent payment of all or a portion of the Single Sum Settlement Benefit or the sum of the interim Annuity Settlement Benefits described in Section 2(a)(ii) is made after the Interest Date for such payment due to a delay that is caused by the Plan, as determined by the Plan Administrator (which, for the avoidance of doubt, shall not include any delay described in Section 14.C of the Settlement Agreement or where the Appendix L individual (or his or her Successor) has not provided identification, payment, tax and other information reasonably required by the Plan Administrator), the payment will include interest on such payment (or portion of such payment) at an annual rate of 5% from the Interest Date to the Actual Payment Date, compounded annually (and, in the event of any delay for which interest is not due, such interest will become due for any delay beyond 30 days after the resolution of the cause for such delay).

(d) <u>**Deceased Appendix L Individual Successor**</u>

In the event that the Appendix L Individual dies before receiving payment of any amounts due under Section 2(a) of this Appendix L, then such remaining payment due to the deceased Appendix L Individual will be paid to such Appendix L Individual's estate or, if such estate is not open and the value of all remaining payments owed to such Appendix L Individual under this Appendix L is less than $25,000, the Plan Administrator may, in its discretion, direct payment to any individual that the Plan Administrator determines, in its sole discretion, is responsible for the affairs of the deceased Appendix L Individual.  Any payment to a successor (as determined in this

paragraph, a "Successor") of an Appendix L Individual shall discharge the Plan's obligations with respect to such payment.

3. **Exclusivity; Non-Duplication**

No payment is due to any Appendix L Individual from the Plan, except as provided in this Appendix L.  No payment under this Appendix L shall duplicate any other payment under the Plan.  This Appendix L does not create or provide any benefits other than those described under the Settlement Agreement, and no payment will be made to any person under this Appendix L that exceeds the amount due under the Settlement Agreement and, for the avoidance of doubt, the monthly amounts payable as the Annuity Member Settlement Benefit shall cease upon the death of the Member and the monthly amounts payable as the Annuity Spouse Settlement Benefit shall cease upon the death of the Member's Spouse.

**4. Miscellaneous**

(a) Payment of the benefits described in this Appendix L made to an Appendix L Individual (or a Successor) may be combined into a single check or electronic payment or paid in separate checks or electronic payments, as determined by the Plan Administrator.

(b) Payment is subject to applicable tax withholding.

(c) Payment is conditioned upon the Plan Administrator's receipt of satisfactory evidence verifying the identity of the Appendix L Individual (or Successor), as applicable, as determined by the Plan Administrator.

**IN WITNESS WHEREOF** a duly authorized officer of the Company has executed this Amendment [3Q2025-I] this ___ day of _____, 202_ to be effective as of the date indicated herein.

COLGATE-PALMOLIVE COMPANY

By: _____