

**Gottesdiener**
Law Firm, PLLC

New York | Washington, D.C.
www.gottesdienerlaw.com

**Eli Gottesdiener**
eli@gottesdienerlaw.com

498 7th Street
Brooklyn, NY 11215
Tel: 718.788.1500
Fax: 718.788.1650

August 29, 2025

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *McCutcheon, et al. v. Colgate-Palmolive Co., et al.*, 16-cv-4170 (LGS)
             Letter Motion to Seal Attachment A to the Class Action Settlement Agreement
             and to Exceed Word Limits

Dear Judge Schofield:

      In accordance with this Court's Individual Rules and Practices in Civil Cases, I write for two reasons relating to the proposed settlement in this matter and Plaintiffs' motion for preliminary approval, which is to be filed by today, Friday, August 29, 2025, *see* Dkt. 331: (1) to seek leave to file under seal a spreadsheet containing Class members' estimated settlement benefits and associated personal information; and (2) to seek leave to exceed word limits in Plaintiffs' memorandum of law in support of their motion for preliminary approval.

      **1.**    **Motion to Seal.**  The parties jointly request that they be permitted to file under seal Attachment A to their August 29, 2025 Class Action Settlement Agreement, when the Agreement is filed as an exhibit to Plaintiffs' forthcoming motion.  They respectfully submit that good cause exists to grant this motion.  Attachment A is the "Estimate Spreadsheet" to the Agreement and contains Class members' names, the names of their spouses, Class members' and their spouses' social security numbers and dates of birth, and last known mailing addresses.  In addition to this personally identifying information, Attachment A contains the results of the Enrolled Actuary's calculation of the estimated settlement benefit due to each Class member.  In other words, while it is an integral part of the Agreement (which will be filed on the public docket with the motion for preliminary approval), the Spreadsheet is comprised almost entirely of personal, private, or otherwise sensitive information regarding each of the 1,177 Class members and their spouses.

      Shielding this type of sensitive data from public disclosure is not inconsistent with the presumption in favor of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Unaffected members of the public have no legitimate interest in seeing such personalized information about Class members, especially given that the details of the agreed *method* for arriving at Class members' settlement benefit will be fully available on the public docket – via the text of the Settlement Agreement, its other

The Honorable Lorna G. Schofield    Page 2
August 29, 2025

exhibits (in particular, the class notices explaining the Agreement), as well as the forthcoming motion for preliminary approval, which will explain the Agreement's key provisions in detail.

      2.     **Motion to Exceed Word Limits.**  Plaintiffs respectfully request leave to exceed word limits, up to 11,450 words, in their memorandum of the law in support of the motion for preliminary approval and for approval of notice to the class.  The basis for this request is that the additional words are needed to adequately explain the proposed settlement, arrived after nine years of extraordinarily complex litigation that involved two separate appeals to the Court of Appeals, prior unsuccessful mediations and a history reaching back decades, and demonstrate, as is Plaintiffs' burden, why it is worthy of preliminary approval.  Permitting Plaintiffs to exceed word limits in this filing will significantly streamline Plaintiffs' motion for final approval, and Class Counsel's fee petition in this event the Court does grant preliminary approval.

We thank the Court for its consideration of these matters.

Respectfully submitted,

/s

Eli Gottesdiener
*Attorney for Plaintiffs and the Class*

cc:    All defense counsel

Application **GRANTED**.

A three-part inquiry determines whether to seal a document.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  For the reasons stated herein, the privacy interests of Class members in keeping confidential their personal, private, or otherwise sensitive information outweighs the public's interest in access.  The referenced Estimate Spreadsheet shall be filed under seal only as provided in Judge Schofield's Rule I.D.3.

Plaintiffs shall file any memorandum of law in support of the motion for preliminary approval and for approval of notice to the class, not to exceed 11,450 words.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 332.

Dated: September 2, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE