# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

REBECCA M. McCUTCHEON and
PAUL CAUFIELD

On behalf of themselves and all
others similarly situated,

                    **Plaintiffs,**
     **v.**

COLGATE-PALMOLIVE CO., et al.,

                    **Defendants.**

**No. 16-cv-4170 (LGS)**

## FINAL ORDER AND JUDGMENT

On October 8, 2025, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order") to be provided to the Class (Dkt. No. 342).

On January 12, 2026, the Court held a Fairness Hearing (the "Fairness Hearing"), for which the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, the Mailed Notice and the Publication Notice. Having considered the Parties' moving papers, the Settlement Agreement ("Agreement") and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.    **Jurisdiction:** The Court has jurisdiction over the subject matter of this Litigation, Plaintiff, the Class Members and Defendants pursuant to 29 U.S.C. § 1132(e).

2.      **Incorporation of Settlement Documents:**  The Agreement, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment, and to the extent not otherwise defined herein, all capitalized words, terms and phrases used in this Judgment shall have the same meaning as used in the Agreement.  The terms of the Agreement, including all exhibits to the Agreement, shall be forever binding on the Class Members.

3.      **Class Certification:**  Consistent with the Court's prior Class certification order (Dkt. No. 75), the Class definition in the Agreement is:

> a non-opt-out class consisting only of the individuals (both the Participant and the Spouse, if any) identified on Attachment A to this Agreement, which reflect the Parties' best efforts to identify everyone who, as of August 1, 2025, meets the following class definition previously certified by the Court (ECF No. 75): any person who, under any of Appendices B, C or D of the Plan, is entitled to a greater benefit than his or her Accrued Benefit as defined in Plan § 1.2, provided such person received a lump sum payment from the Plan, and the beneficiaries and estates of any such person.

4.      **Class Notice:**  The Court determines that the Mailed Notice and Publication Notice (collectively, the "Class Notices"), that were provided to the Class Members as required by the Preliminary Approval Order constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members.  The Class Notices complied with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process clause).  The Class Notices were calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the application for Class Counsel's attorneys' fees and expenses, Class Representative's Service Award and Settlement Administration Costs.

5.      **CAFA Notice:**  The form and manner of the CAFA Notice provided by the Plan pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") fully complied

with CAFA.  All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

6.      **Final Settlement Approval:**  In determining whether a proposed class action settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), the Court is required to consider the factors set forth in Rule 23(e)(2) as well as the *Grinnell (Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir. 1974))* factors.  Considering these factors, the Court finally approves the Agreement in all respects as fair, reasonable and adequate.

(a)      First, the record demonstrates that Plaintiff McCutcheon's interests in this case are aligned with those of the other Class members, and that she and Class Counsel have vigorously advocated for the Class's interests throughout the history of this case and have obtained exceptional results.  *See* Fed. R. Civ. P. 23(e)(2)(A).

(b)      Second, the record demonstrates that the proposed settlement is the result of extensive, arm's-length negotiations between counsel in June 2025, after multiple prior failed arm's-length mediations and negotiations.  Fed. R. Civ. P. 23(e)(2)(B).

(c)      Third, the relief provided under the Agreement -- nearly 100% of the residual annuities Plaintiffs claimed they were due (plus interest) -- is clearly adequate, taking into account (i) the costs, risks, and delay of trial and appeal, which here would be considerable; (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims, which in this case are well-designed and well-planned, and should prove in practice to be highly efficient and highly effective; and (iii) the

terms of the proposed award of attorney's fees, including timing of payment, which the Court finds reasonable.  Fed. R. Civ. P. 23(e)(2)(C).[1]

(d)      Fourth, the Agreement treats all Class members equitably relative to each other: each Class member's RA and missed RA payments to date will be calculated in the same manner, based upon the information specific to that Class member, such as their age, date of original payment and original payment amount.  Fed. R. Civ. P. 23(e)(2)(D).

(e)      The Court also finds that the *Grinnell* factors, most of which overlap with Rule 23(e)(2), are also met here.  Of particular note, the Court finds that the reaction of the Class to the settlement factor also favors final approval because in response to the Mail and Publication Notices, no Class Members submitted timely objections to the Settlement, and no objections were presented at the Fairness Hearing.

(f)      Moreover, the "stage of proceedings" factor also favors approval since after more than 11 years, Class Counsel's knowledge of the merits and potential weaknesses of the claims alleged permitted them to weigh the strengths and weaknesses of their case and to engage in effective settlement discussions with Defendants.

(g)      The risk of maintaining the class action factor does not weigh in favor of settlement because although Defendants opposed certification, there is no appreciable risk that this case might not be maintained on a class-wide basis through to its final conclusion.

(h)      The ability of Defendants to withstand a greater judgment factor "drops out" here because it is only relevant when a settlement is less than what it might otherwise be but for the fact that the defendant's financial circumstances do not permit a greater settlement," *In re*

---

[1] The Rule also requires consideration of "any agreement required to be identified under Rule 23(e)(3)," *i.e.,* any side agreement made in connection with the proposed settlement.  Counsel represents that there are no such agreements.

*Namenda Direct Purchaser Antitrust Litigation*, 462 F. Supp. 3d 307, 314-15 (S.D.N.Y. 2020), which is not the case here.

7.      **Releases:**  The releases and covenants not to sue set forth in the Agreement, including but not limited to Section 3 of the Agreement, together with the definitions contained in the Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date.  Accordingly, the Court orders that, as of the Settlement Effective Date, Plaintiff, individually and in her capacity as Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents and attorneys), hereby fully, finally and forever settle, release, relinquish, waive and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

(a)      With respect to the Released Clams, Plaintiff, individually and in her capacity as Class Representative, and each Class Member hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which states: "A general release does not extend to claims that

the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." With respect to the Released Claims, the Plaintiff, individually and in her capacity as Class Representative, and each Class Member also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

(b)     Plaintiff, individually and in her capacity as Class Representative, and the Class Members are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

(c)     Plaintiff, individually and in her capacity as Class Representative, and the Class Members hereby release the Released Parties, Defense Counsel and Class Counsel for any claims, liabilities and attorneys' fees and expenses arising from the allocation of the Settlement Benefit Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

8.     **Dismissal of Claims:**  Plaintiff and Class Members shall receive no additional pension benefits, compensation, or other amounts in this Litigation except as otherwise provided in the Agreement and in this Final Order and Judgment, and the Court hereby dismisses the claims of Plaintiff and Class Members against the Plan with prejudice and without costs.

9.     **Attorneys' Fees, Settlement Administration Expenses, and Class Representative Service Award:**  A separate order will be entered regarding Class Counsel's motion for attorneys' fees and expenses, Settlement Administration Costs, and a Class

6

Representative Service Award. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

(a) The Court finds that the award of attorneys' fees and expenses and Settlement Administration Costs to Class Counsel and the Service Award to the Class Representative represents a reasonable administrative expense of the Plan. Pursuant to the terms of the Agreement, these Court-approved amounts shall be paid from the Plan, unless Defendant Colgate-Palmolive Co., in its sole discretion, elects to pay such amounts directly. The payment of these awards, from either source as provided in the Agreement, represents a reasonable expense of administering the Plan and is neither a settlor expense nor a distribution of benefits to Plan participants and their beneficiaries.

10. **Retention of Jurisdiction**: The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of this Final Order and Judgment, or the Agreement or the termination of the Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to Class Counsel's motion for attorneys' fees and expenses, Settlement Administration Costs and the Class Representative's Service Award, submitted pursuant to the Agreement.

(a) Any motion to enforce this Final Order and Judgment or the Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Agreement.

11. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

12.     **Termination of Settlement:** In the event that the Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

13.     **Binding Effect:** Upon entry of this Order, all Settling Parties, as well as their respective successors and assigns, shall be bound by the Agreement and this Final Order and Judgment.

14.     **No Admissions:** The Court recognizes that Defendants have denied and continue to deny Plaintiff's and Class Members' claims. Neither the Agreement, this Judgment, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Plan, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiff's lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and the orders of this Court approving the same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation.

8

The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

15. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action.

SO ORDERED.

The Clerk of the Court is respectfully directed to enter this final judgment in this Action and to close the motion at Dkt. No. 353.

Dated: January 14, 2026
      New York, New York

                                          **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**

9